E-FILED
Tuesday, 17 May, 2005  03:41:31 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
DANVILLE/URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff,<br><br>v.<br><br>MARSHALL L. BLANCHARD<br><br>    Defendant | No.: 05-20015 |

**MOTION TO CONTINUE PRETRIAL CONFERENCE AND TRIAL
AND FOR AN EXTENSION OF TIME TO FILE PRETRIAL MOTIONS**

NOW COMES the Defendant, MARSHALL L. BLANCHARD and Richard H. Parsons, Chief Federal Public Defender for the Central District of Illinois, by and through TIFFANI D. JOHNSON, Assistant Federal Public Defender, and pursuant to Title 18 U.S.C. Section 3161(h)(8) moves this Court for the entry of an Order continuing the pretrial motion date from April 27, 2005, pretrial conference, presently scheduled for June 10, 2005, and the trial, presently scheduled for June 20, 2005, to a date no sooner than thirty (30) days from their respective dates; and

1.  The Office of the Federal Public Defender was appointed to represent by United States Magistrate Judge Bernthal on or about April 12, 2005 and arraignment was held on April 12, 2005. In the order setting the pretrial conference and the trial dates, the Magistrate Judge implemented Local Rule 16.1, providing for discovery obligations.

2.  Local Rule 16.1 provides that the prosecutor provide defense counsel with Rule 16 discovery within five business days of the arraignment, April 12, 2005. Defense counsel has not yet received Rule 16 discovery in this case.

1

3.  Moreover, according to Local Rule 12.1, defense counsel is required to file all motions within 20 days of the arraignment. However, until discovery has been received and reviewed with the client, defense counsel cannot determine what motions, if any, should be filed.

4.  This cause is scheduled for a pretrial conference on June 10, 2005 and jury trial on June 20, 2005 in Urbana, Illinois, Judge Michael P. McCuskey, United States District Court Judge, presiding. These dates will give counsel less than three weeks to receive discovery, review said discovery with the defendant, conduct an independent investigation, prepare for trial and/or enter into negotiations with the United States Attorney's Office and or its agents.

5.  The Government has been investigating this case for a much longer period of time than the undersigned counsel.

6.  The trial date set in this case was set in order to comply with Local Rules and to comply with the Speedy Trial Act. It is an arbitrary date that should not take precedence over the defendant's Sixth Amendment guarantee to the effective assistance of counsel. "The Speedy Trial Act assures that defendants will be brought to trial quickly, but without undermining the Constitution's guarantee of effective assistance of counsel." United States v. Rojas-Contreras, 474 U.S. 231, 241 (1985) (Blackmun, J. concurring). "Both delay and haste in the processing of criminal cases must be avoided; neither of these tactics inures to the benefit of the defendant, the Government, the courts nor society. The word speedy does not ... denote assembly-line justice, but efficiency in the processing of cases which is commensurate with due process." Jarrell, 147 F.3d at 318-319, quoting H.R. Rep. No. 93-1508, at 15, reprinted in 1974 U.S.C.C.A.N. at 7408.

7.  The Defendant's right to effective assistance of counsel, due process, and a fair trial is more important than strict compliance with the Speedy Trial Act. This motion to continue is made to

protect the defendant's rights and is in the interests of justice. Mr. Blanchard will be advised that the delay that said continuance will be attributable to him in calculating his right to a speedy trial.

8. This motion to continue is made in order to be able to investigate the case once defense counsel has received discovery and been able to review it with the defendant. "Even in the absence of novel or complex questions ... a continuance under § 3161(h)(8)(A) is proper if 'necessary for effective preparation, taking into account the exercise of due diligence.'" United States v Jarrell, 147 F.3d 315, 318 (4th Cir. 1998) (quoting 18 U.S.C. § 3161(h)(8)(A)(iv)). Moreover, defense counsel will need more time to evaluate the case, to further discuss the case with the prosecution and case agents, and to otherwise evaluate the manner in which to proceed in this case. Additional time for negotiations between the government and Mr. Blanchard could result in this case being resolved short of trial.

9. "To proceed to trial on the date currently set without the ability to adequately consult with the client and prepare a defense would 'render the right to defend with counsel an empty formality.'" United States v. Depositor, 116 F.3d 292, 294 (7th Cir. 1997).

10. This is Mr. Blanchard's **FIRST** request for a continuance of the pretrial conference and trial and is made pursuant to Local Rule 12.1, requiring the filing of motions within 20 days of arraignment.

11. In order to protect Fifth and Sixth Amendment's rights to effective assistance of counsel, due process of law, and a fair trial, the ends of justice will be best served by continuing the pretrial conference and the jury trial to future dates.

WHEREFORE, to protect the defendant's Sixth Amendment Right to effective assistance of counsel and in the interests of justice, defense counsel respectfully requests the entry of an Order

continuing the pretrial conference and the jury trial to a date no sooner than thirty days from their respective dates, and extending the deadline for filing pretrial motions.

        Respectfully Submitted,

        MARSHALL L. BLANCHARD, Defendant

        RICHARD H. PARSONS
        Federal Public Defender

        s/Tiffani D. Johnson
BY:_____
        TIFFANI D. JOHNSON, Bar No. 6278909
        Assistant Federal Defender
        300 West Main Street
        Urbana, Illinois 61801
        Phone: (217) 373-0666
        Fax: (217) 373-0667
        Email: tiffani_johnson@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Assistant United States Attorney Timothy A. Bass.

        s/Tiffani D. Johnson
        _____
        TIFFANI D. JOHNSON, Bar No. 6278909
        Assistant Federal Defender
        300 West Main Street
        Urbana, Illinois 61801
        Phone: (217) 373-0666
        Fax: (217) 373-0667
        Email: tiffani_johnson@fd.org

I:\Johnson\CLIENTS\blanchard\firstmotcont.wpd