**E-FILED**
Monday, 13 June, 2005  09:05:48 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
DANVILLE/URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| Plaintiff, | |
| v. | No.: 05-20015 |
| MARSHALL L. BLANCHARD | |
| Defendant | |

### <u>NOTICE - RULE 16</u>

NOW COMES  the Defendant, MARSHALL L. BLANCHARD and Richard H. Parsons, Chief Federal Public Defender for the Central District of Illinois, by and through TIFFANI D. JOHNSON, Assistant Federal Public Defender, and, in response to Assistant United States Attorney Bass' allegation that defense counsel misrepresented the parties' Rule 16 posture, hereby presents the following supporting information and documents:

1.     The Office of the Federal Public Defender was appointed to represent Mr. Blanchard by United States Magistrate Judge Bernthal on or about April 12, 2005 and his arraignment was held on **April 12, 2005.**  In the order setting the pretrial conference and the trial dates, the Magistrate Judge implemented Local Rule 16.1, providing for discovery obligations. *See Docket entry 4/12/05.*

2.     Local Rule 16.1 provides that the prosecutor provide defense counsel with Rule 16 discovery within five business days of the arraignment, which was April 12, 2005 in the case at hand, or provide defense counsel with notice in writing that he does not intent to comply with Rule 16.

3.     Thus Rule 16 discovery was due on **April 19, 2005**.

4.      On **May 4, 2005**, a staff member from the Federal Defenders office left a telephone message for United States Attorney Bass as a friendly reminder that he had not provided Rule 16 discovery. This telephone message was followed-up with an email on **May 5, 2005**. *See Defendant's Exhibit A.*

5.      After Mr. Bass failed for provide Rule 16 discovery for another *two weeks* after the friendly reminder, defense counsel filed on **May 17, 2005** a motion to continue the pretrial conference and trial, citing as the basis the failure of AUSA Bass to provide Rule 16 discovery. *See Docket # 10.*

6.      In her motion, defense counsel noted that the Government and its agents had been investigating this case for a much longer period of time than defense counsel, (since at least **December 30, 2004**, the date of the alleged violation) in contrast to defense counsel's April 12, 2005 appointment, and that once defense counsel received discovery, she would need time to fully investigate the matter and confer with her client prior to advising her client how to proceed.

7.      Rule 16 discovery was finally mailed on **May 17, 2005**, the date that the Government received notice of the filing of the motion to continue, approximately **thirty days late**. *See Defense Exhibit B.*

8.      Between May 17 and May 20, defense counsel had two 7th Circuit briefs to file, as well as various matters due for several other clients, and was unable to review discovery with Mr. Blanchard or to begin investigating the case prior to leaving for a Judicial Conference scheduled for May 23 through May 24, and annual leave from May 26 through June 3, 2005.

9.      Additional Rule 16 discovery was provided on **June 1, 2005**, while defense counsel was on annual leave. In his cover letter dated June 1, 2005, Mr. Bass wrote, "This cause is currently scheduled for a final pretrial conference on **June 10, 2005**. Notwithstanding whether such hearing

may be continued, please advise the government prior to that date whether the defendant intends to plead guilty to the  charged offenses or proceed to trial. If the defendant does not provide notice of an intention to enter  a guilty plea by that date, any plea thereafter will be considered untimely." *See Defense Exhibit C.*

10.     Thus, on June 1, 2005, while defense counsel was on annual leave, Mr. Bass gave defense counsel 6-working days notice that Mr. Blanchard must informed him of his intentions regarding a guilty plea by June 10, or Mr. Blanchard would be punished by not receiving a third point for acceptance of responsibility resulting in a sentencing range of one year higher than it otherwise would be. Mr. Bass gave this ultimatum despite that he was aware that June 10 was the first scheduled pretrial conference, and that the conference was likely to be continued due to Mr. Bass' own delay in providing Rule 16 materials.

11.     Even if defense counsel had not had unusual scheduling conflicts preventing her from immediately reviewing the tardy discovery with Mr. Blanchard, the Federal Defenders office represents a large number of clients, and a thirty day Rule 16 delay creates a per se inability to fully investigate all but the simplest cases, and would prevent defense counsel from fulfilling their duty to fully investigate each case prior to advising clients how to proceed.

12.     In the case at hand, authorities had been investigating the case since **December 2004**, and obtained three search warrants. The case involves a mixture of methamphetamine, and multiple civilian witnesses. There are no video/audio tapes, and there is no alleged confession as often occurs in the more simple "controlled buy" case.

13.     Essentially, Mr. Bass is penalizing Mr. Blanchard due to a delay caused by Mr. Bass' own actions, and this action is simply unprofessional.

3

14.    Mr. Bass' position is even more problematic in light of the fact that it is completely contradictory to local customs, including those customs previously practiced by Mr. Bass.

15.    There is absolutely no reason that Mr. Bass can present for why Mr. Blanchard should be penalized for Mr. Bass' own thirty day Rule 16 delay.

16.    The Seventh Circuit *Standards for Professional Conduct* states that counsel should: (1) treat other counsel in a civil and courteous manner including in written communications; (2) abstain form disparaging personal remarks or acrimony toward other counsel; (3) adhere to all express promises and to agreements with other counsel, whether oral or in writing, and adhere in good faith to agreements implied by the circumstances or local customs; (4) not use any form of discovery or discovery scheduling as a means of harassment.

17.    ABA Rule 8.4(a)(5) prohibits prosecutors from engaging in conduct that is prejudicial to the administration of justice.

WHEREFORE, while this counsel has not in the past given this Court written notification as to: (1) false allegations by AUSA Bass that this counsel made misrepresentations to this Court; (2) past uncivil written communications by Mr. Bass; and (3) Mr. Bass' inexplicable deviance from local discovery customs that have the appearance of vindictiveness, Mr. Bass's unprofessional Rule 16 behavior in this particular case simply goes too far to pass without notice.

Respectfully Submitted,

MARSHALL L. BLANCHARD, Defendant

RICHARD H. PARSONS
Federal Public Defender

s/Tiffani D. Johnson
BY:_____
TIFFANI D. JOHNSON, Bar No. 6278909

4

Assistant Federal Defender
300 West Main Street
Urbana, Illinois 61801
Phone: (217) 373-0666
Fax: (217) 373-0667
Email: tiffani_johnson@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2005, I electronically filed the foregoing with the Clerk of the Court

using the CM/ECF system which will send notification of such filing to Assistant United States

Attorney Timothy A. Bass.

s/Tiffani D. Johnson

_____
TIFFANI D. JOHNSON, Bar No. 6278909
Assistant Federal Defender
300 West Main Street
Urbana, Illinois 61801
Phone: (217) 373-0666
Fax: (217) 373-0667
Email: tiffani_johnson@fd.org

I:\Johnson\CLIENTS\blanchard\notice.wpd