UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 05-20015 |
| MARSHALL BLANCHARD, | ) |
| Defendant. | ) |

### MOTION FOR LEAVE TO FILE PRE-TRIAL MOTIONS WITHIN (7) DAYS HEREOF, OR SUCH LESSER TIME AS FIXED BY THE COURT

NOW COMES the Defendant, MARSHALL BLANCHARD, by and through his attorneys, ROBERT G. KIRCHNER LAW OFFICE and SCOTT A. LERNER, and hereby moves this honorable Court for leave to file pre-trial motions within (7) days hereof, or such lesser time as fixed by the Court and in support thereof states and shows unto the Court as follows:

1. That the Defendant, MARSHALL BLANCHARD, was indicted on April 8th, 2005 in an indictment consisting of (2) Counts which allege as follows: Count I- On or about December 30, 2004, in the Central District of Illinois, the defendant, MARSHALL L. BLANCHARD, knowingly and intentionally manufactured a mixture or substance containing methamphetamine, a Schedule II controlled substance. All in violation of Title 21, United States Code, Sections 841 (a)(1) and 841 (b)(1)(C). Count II- On or about December 30, 2004, in the Central District of Illinois, the defendant, MARSHALL L. BLANCHARD, after

previously being convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly and unlawfully possess a firearm, which had previously been shipped or transported in interstate commerce. All in violation of Title 18, United States Code, Section 922 (g)(1).

2. That the indictment of the Defendant in this cause followed the filing of charges, essentially identical, to those alleged in Count I herein, in Ford County Illinois cause number 04-CF-120.

3. That a preliminary hearing was held, before the Honorable Judge Stephen Pacey, on March10th, 2005, in Ford County, Illinois, cause number 04-CF-120.

4. That at the conclusion of said preliminary hearing, the Circuit Court dismissed all Counts alleged against the Defendant relating to the manufacturing of methamphetamine on or about December 30th, 2004.

5. That following the findings and ruling of the Circuit Court of Ford County Illinois- the Honorable Stephen Pacey presiding- an indictment was returned herein.

6. That the Federal Defender was originally appointed to represent the Defendant in this cause, and a Scheduling Order was entered by this Court requiring that pre-trial motions be filed by June 29th, 2005.

7. That Defendant's current counsel entered their appearance in this cause on June 30th, 2005.

8. That no pre-trial motions were filed on behalf of the Defendant on or before June 29th, 2005 by the Federal Defender's office.

9. That no further Scheduling Order was entered by the Court with respect to establishing a deadline for the filing of pre-trial motions following the Entry of Appearance of the undersigned as counsel for the Defendant on June 30th, 2005.

10. That the pleadings previously filed herein, on behalf of the Defendant, indicate that Rule 16 Discovery was mailed to predecessor counsel, on or about May 17th, 2005 and thereafter supplemented on or about June 1st, 2005 with a representation that additional discovery would be forthcoming with respect to experts and lab results.

11. That the disclosure provided on or about May 17th, 2005, indicated that it was limited to materials required under Rule 16 of the Federal Rules of Criminal Procedure.

12. That Defendants current counsel received information from predecessor counsel on or about July 8th, 2005 concerning the charged filed herein.

13. That the "discovery" received and provided to Defendant's current counsel, consists, essentially, of information gathered by State law enforcement officers and agencies in Ford County, Illinois, excepting only that Defendant's counsel was provided with documents reflecting statements attributed to the Defendant by Assistant United States Attorney Tim Bass, on September 7th, 2005- information which Defendant's counsel was previously unaware of and which was not included in the material received from the Federal Defender's office.

14. That the Indictment in this cause, Count I thereof, alleges that on or about December 30, 2004, the Defendant knowingly and intentionally manufactured a

mixture or substance containing methamphetamine.

15. That the "discovery" provided to Defendants counsel indicates that (2) Search Warrants were issued and executed on or about December 30, 2004- the first being a warrant directed to premises located at 215 N. Main St, Roberts, IL- and the second being a warrant directed to the premises located at 218 E. Orleans, Paxton, IL, along with additional property in Gibson City, Illinois.

16. That the search warrant relating to 215 N. Main St., Roberts, Illinois, was based upon a complaint dated December 29, 2004 and was issued December 29, 2004 by the Honorable Judge Stephen Pacey.

17. That a true and exact copy of said Complaint for Warrant, and as issued by the Court, is attached hereto as Exhibits A and B.

18. That as reflected in said warrant, law enforcement officers were authorized to search and take possession of evidence relating to the possession/ manufacture of controlled substances, including methamphetamine precursors.

19. That the search warrant was obtained based upon an affidavit which reflected alleged statements made by the Defendant's ex-wife, who attributed information to the Defendant's son.

20. That the inventory of items seized during said search, included firearms, all as more fully reflected in the inventory attached hereto as Exhibit C.

21. That the seizure of firearms, pursuant to the warrant issued December 29, 2004, for premises at 215 N. Main St., Roberts, Illinois, exceeded the scope of the authority granted and the Defendant has a meritorious pre-trial motion seeking the

suppression of said firearms, for, *inter alia*, that reason.

22. That following the conference with Assistant United States Attorney Tim Bass, on September 7th, 2005, Defendant's counsel engaged an investigator to attempt to contact and interview the Defendant's son with respect to statements which had been attributed to the Defendant's son, and based upon information and belief obtained, Defendant's counsel believes, that the substantive information attributed to the Defendant's son, is inaccurate and contrary to the anticipated testimony of his son.

23. That the Indictment returned in this cause, Count II, alleges as follows: On or about December 30, 2004, in the Central District of Illinois, the defendant, MARSHALL L. BLANCHARD, after previously being convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly and unlawfully possess a firearm, which had previously been shipped or transported in interstate commerce.

24. That as reflected in said Indictment Count II, no identification has been made of the "firearm" which the Defendant is charged with possessing and *a Bill of Particulars* is an appropriate vehicle for obtaining and assessing that information pursuant to Fed. R. Crim. P. 7(f).

25. That on or about December 30, 2004 a second warrant was obtained for premises at 215 E. Orleans, Paxton, IL, and other properties and a true and exact copy of the Complaint for Warrant and Search Warrant, as issued by the Honorable Judge Stephen Pacey December 30, 2004, is attached hereto as Exhibits D and E.

26. That said Complaint for Warrant and Warrant authorized the seizure of items

relating to methamphetamine.

27. That Count I of the Indictment returned herein, fails to allege, with any specificity, the place, location, or other information, which would provide the Defendant with adequate notice of the government's allegation and the opportunity to properly defend, particularly given the fact that there were separate search warrants issued for separate physical locations, with separate items of property allegedly seized therefrom, and the Defendant is entitled to a *Bill of Particulars* in order to permit him to adequately defend Count I of the Indictment herein.

28. That in accordance with discovery provided, materials allegedly seized, have been submitted for fingerprint analysis, including (13) empty blister packs and (10) empty medication boxes, as well as plastic bag pieces, and the reports indicate that no prints suitable for identification, have been attributed to the Defendant herein.

29. That according to the "discovery" provided by Assistant United States Attorney Tim Bass, on September 7th, 2005, at the time of the Defendant's arrest on April 11th, 2005, the Defendant was not provided with Miranda Warnings as result of having interrupted the giving of those warnings to him, and of a result of the Defendant having advised law enforcement officers that he had retained counsel to represent him in the State proceedings (the Ford County proceedings previously referenced).

30. That not withstanding the Defendant's assertion of his right to, and desire to, consult with counsel, said information indicates that S/A Fritzche told the Defendant that he wanted to speak with him.

31. That attached hereto as Exhibit F is a true and exact copy of the report received

from Assistant United States Attorney Tim Bass on September 7th, 2005.

32. That effective representation, of the Defendant in this cause, requires that a *Motion for Severance Pursuant to Fed. R. Crim. P. 8(a) and Fed. R. Crim. P. 14*, be filed on behalf of the Defendant.

33. That the Defendant's counsel is informed, and believes, that the Defendant's son provided testimony before the grand jury, but Defendant's counsel has been unable to secure a copy said Grand Jury Testimony to determine whether a motion should be filed attacking the Indictment, filed herein, on the basis of that, that testimony, or the proceedings held therein, are defective and the Indictment is subject to dismissal.

34. That this Court has discretion pursuant to Fed.R.Crim.P. 6(e)(3)(e)(i)and 6(e)(3)(e)(ii) to require the production of that Grand Jury Testimony.

35. That Fed.R.Crim.P 7(f) provides that the Court may permit, in it's discretion, the filing of a *Motion for a Bill of Particulars*, beyond the (10) days referenced therein.

36. That a true an exact copy of the Transcript of the Preliminary Hearing held before, the Honorable Judge Stephen Pacey, following which Judge Pacey determined that no probable cause existed to charge the Defendant, MARSHALL L. BLANCHARD, with manufacture of methamphetamine is attached hereto as Exhibit G.

37. That the grand jury proceedings, which resulted in the Indictment herein, are material and essential to the Defendant's defense, and in the interest of justice-particularly in light of the prior ruling in Ford County, Illinois- disclosure should be permitted.

38. That Fed.R.Crim.P 12(b)(3) including sub-parts (a),(b),(c),(d), and (e) require that certain motions be made before trial, including: Motions to Severe, to Suppress, Attacks upon the Indictment, and for discovery.

39. That the additional information that the government indicated would be provided in a supplementary fashion, subsequent to it's disclosure of June 1st, 2005, has yet to be received by Defendant's counsel.

40. That a material witness, Craig Shedd, was charged in Ford County, Illinois, with charges relating to unlawful manufacture of methamphetamine in conjunction with charges filed against the Defendant herein, in cause number 05-CF-4, and, as with the Defendant herein, the Circuit Court- the Honorable Judge Stephen Pacey, found that no probable cause existed.

41. That in addition to the foregoing, the Defendant is, or may be entitled, to the following information: *Brady* material; a list of witnesses; discretionary discovery.

42. That the "conviction" upon which Count II of the Indictment herein appears to be premised on a burglary, (see Exhibit H) but said "conviction" is insufficient as a matter of law to support Count II of the Indictment.

43. That effective representation of counsel requires that a Motion to Dismiss be filed as to Count II, together with a supporting memorandum of law.

44. That effective representation of the Defendant requires that a motion be filed seeking the suppression of any statements attributed to the Defendant, at the time of his arrest, pursuant to *Miranda* and discretionary disclosures, as well as, a motion seeking the suppression of the firearms, which presumably are the subject

of Count II hereof.

45. That this motion is brought by the earliest available date, following the receipt of information from the Federal Defender; the review of that information; independent analysis by Defendant's counsel; the engagement of an investigator to contact the Defendant's son; a conference regarding this matter and discovery obtained from the United States Attorney's office on September 7th, 2005.

46. That Defendant's counsel is informed, and believes, the only witness who is claimed by the Prosecution in Ford County, Illinois, to have direct knowledge of the Defendant's involvement with methamphetamine- Cynthia Blanding- is not a witness that the government intends to call in this cause and the absence of witnesses and evidence has made Defendant's counsel's evaluation of the case more difficult.

WHEREFORE, the Defendant seeks leave to file with this Court pre-trial motions, as reflected herein above, on or before September 22, 2005 (7 days here from), together with memorandums of law in support thereof, or within a lesser time as permitted by the Court, and in the interest of justice, with no prejudice being suffered by the government, Defendant prays that said motion be granted.

MARSHALL BLANCHARD, Defendant,

By: s/ Robert G. Kirchner

ROBERT G. KIRCHNER LAW OFFICE

By: s/ Scott A. Lerner

SCOTT A. LERNER, one of his attorneys.

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of September, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Timothy A. Bass        tim.bass@usdoj.gov; staci.klayer@usdoj.gov

Tiffani D. Johnson     TDJECF@aol.com; Mary_Kedzior@fd.org; Diana_L_King@fd.org; Dianaking300@aol.com


                                s/ Robert Kirchner
                                Robert Kirchner Bar Number: 6182070
                                Attorney for Plaintiff
                                100 Trade Centre Drive, Suite 402
                                Champaign, IL 61820
                                Phone: 217-355-5660
                                Fax: 217-355-5675
                                E-mail: rgk-kirchnerlaw@sbcglobal.net