**E-FILED**
Thursday, 22 September, 2005  05:16:14 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-20015 |
| ) | |
| MARSHALL BLANCHARD, ) | |
| ) | |
| Defendant. ) | |

## MOTION FOR THE PRODUCTION OF NAMES AND ADDRESSES OF POTENTIAL WITNESSES

NOW COMES the Defendant, MARSHALL BLANCHARD, by and through his attorneys, ROBERT G. KIRCHNER LAW OFFICE and LERNER LAW OFFICE, and hereby moves this Honorable Court for the entry of an Order directing the United States Attorney to produce the names and addresses of potential witnesses and in support thereof states and shows onto the Court as follows:

1. That the *Indictment* returned on April 8, 2005, alleged two Counts.

2. That Count I of the *Indictment* alleges that the Defendant knowingly and intentionally manufactured a mixture containing methamphetamine.

3. That Count II of the *Indictment* alleges that the Defendant knowingly and unlawfully possessed a firearm.

4. That Defendant's counsel is informed, and believes, the only witness who was claimed to have direct knowledge of the Defendant's alleged involvement with

1

      methamphetamine is Cynthia Blanding.

5.     That the Defendant has been advised that the Government does not intend to call Cynthia Blanding as a witness.

6.     That the Defendant to date has not been provided a list of the potential witnesses who have direct knowledge of the Defendant's alleged involvement with methamphetamine.

7.     That the Defendant to date has not been provided a list of the potential witnesses who have direct knowledge of the Defendant's alleged possession of firearms, but the Defendant's witnesses, including the owner of said weapons - his son - will testify that he was not in possession of the same.

8.     That Defendant's lack of knowledge of any witness who has even alleged knowledge of the allegations contained in Counts I and II has rendered him unable to undertake an investigation and to properly prepare his defense.

WHEREFORE the Defendant prays that this Court order a prompt disclosure of the Court's intended witnesses and discovery pertaining hereto.

            MARSHALL BLANCHARD, Defendant,

            By: **s/ Robert G. Kirchner**
                ROBERT G. KIRCHNER LAW OFFICE

            By: **s/ Scott A. Lerner**
                SCOTT A. LERNER, one of his attorneys

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 22nd day of September, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Timothy A. Bass**    tim.bass@usdoj.gov; staci.klayer@usdoj.gov

               **s/ Robert Kirchner**
               Robert Kirchner Bar Number: 6182070
               Attorney for Plaintiff
               100 Trade Centre Drive, Suite 402
               Champaign, IL 61820
               Phone: 217-355-5660
               Fax: 217-355-5675
               E-mail: rgk-kirchnerlaw@sbcglobal.net

**MEMORANDUM OF LAW**

  On December 30, 2004, Randy Kinzinger - an agent of the Roberts Police Department, filed with the Circuit Court for the Eleventh Judicial Circuit, Ford County, Illinois, a Complaint for a Search Warrant. The Complaint was supported by an affidavit purporting to setforth Cynthia Blanding's direct knowledge of the Defendant's involvement with methamphetamine. At a preliminary Hearing on the State of Illinois' charge that the Defendant herein was involved in the

manufacturing of methamphetamine, the Honorable Judge Stephan Pacey ruled that no probable cause existed to charge the Defendant and dismissed the State's case. In the case presently pending before this Court, the only discovery that the Government has provided to the Defendant is the documentation that the State Court had available to it when it determined that the evidence before it failed to establish probable cause to charge the Defendant. However, the Government contends that testimony was provided to the Grand Jury that supports the Indictment now pending before this Court. The Government has failed to provide any additional discovery materials apart from what was produced at the State Court level, further, the Government has advised Defendant that it does not intend to call as a witness Cynthia Blanding - the only witness to purport to have direct knowledge of the Defendant's involvement with methamphetamine. To date, the Government has not provided the identity of any witness who has direct knowledge of the Defendant's involvement with methamphetamine or of his possession of firearms. (*United States v. Climatemp, Inc.*, 482 F. Supp. 376 (7th Cir. 1979), the Federal Court clearly has the authority to require the Government to make a pre-trial disclosure of anticipated witnesses; *United States v. Jackson*, 508 F. 2d 1001 (7th Cir. 1975), this Court has the authority to require the Government to produce a list of prospective witnesses)