E-FILED
Thursday, 22 September, 2005  05:38:33 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-20015 |
| ) | |
| MARSHALL BLANCHARD, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S PRE-TRIAL MOTIONS**

NOW COMES the Defendant, MARSHALL L. BLANCHARD, by and through his attorneys, ROBERT G. KIRCHNER LAW OFFICE, and LERNER LAW OFFICE, and hereby files his memorandum of law in support of the pre-trial motions filed herein as follows:

*Motion for Bill of Particulars*

As reflected in the Motion for a Bill of Particulars, the Indictment returned herein, fails to provide any specificity as to the time, place/ location, and firearm at issue. Discovery, which is an appropriate consideration, with respect to the Court's exercise of discretion, has not reflected the "open file" policy discussed in precedent, which has affirmed the denial of a demand for the Bill of Particulars under different circumstances. In *USA v. Wolfe 1993 WL 169271(N.D.IL 1993)* the Court recited the well known principles with respect to a Defendant's request for a Bill of Particulars, and noted that the Indictment, although customarily a recitation of the language of the statute under which the Defendant is charged, may be insufficient under the circumstances of a particular case and that the degree of discovery afforded to a Defendant is relevant in the

exercise of the Court's discretion. (See also *USA v. Davenport 1990 WL 60782 (N.D. IL. 1990)*). In *USA v. Davenport 1990 WL 60782 (N.D. IL. 1990)* a *Bill of Particulars* was sough tas to the location of the alleged offense, which involved cocaine, and that motion was granted. In *USA v. Ghilarducci 2004 WL 2331831 (N.D. IL 2004)* citing *USA v. Roya 574 F.2d. 386, 391 (7th Circuit 1978)* the Court again reflected upon the clarity of the Indictment, the complexity of the case, and that discovery which had afforded. Recently, the 7th Circuit Court of Appeals in *USA v. Fassnacht 332 F.3d. 440 (7th Circuit 2003)* noted that an Indictment must do more, in certain circumstances, than simply recite the statutory elements. Doing so, under some circumstances, fails to provide a sufficient opportunity to identify the specific conduct at issue and to enable the Defendant to prepare a defense and meet the government's evidence at trial. The test for the sufficiency of an Indictment is outlined in *United States v. Roya*, 574 F. 2d 386 (7th Cir. 1978) - each of the elements of the offense charged; the time and place of the accused's conduct which constituted a violation; and a citation to the Statute violated. The *Fassnacht* Court stated that if the *Roya* criteria are met, the Indictment shall be deemed sufficient in enabling the Defendant to prepare a defense. The *Indictment* at issue fails to set forth the time and place of the Defendant's alleged conduct which constituted a violation.

Further, in *United States v. Fassnacht*, the Court stated that a Bill of Particulars is not needed if the Defendant can obtain the information from some other satisfactory source. In *Fassnacht*, the Government had provided to the Defendant extensive pre-trial Discovery giving to the Defendant full access to all the documentary evidence in the Government's possession. However, the Government herein has not provided extensive pre-trial discovery to the Defendant, but has merely provided to him reports obtained as a result of a State charge which

was subsequently dismissed for lack of probable cause to have charged the Defendant in State Court.

The Defendant is in possession of a *Search Warrant* which denotes a street address in Ford County as being the subject of the Warrant and an inventory list which merely identifies seven firearms. As to Count I - the manufacturing charge, the Defendant has been provided with no information as to the location or on what dates he has been alleged to have committed this violation. As to Count II - the unlawful possession of a firearms charge, the Defendant has not been provided with any information which would identify that the firearms indeed traveled through interstate commerce nor has he been provided with information relating to whether the firearms are operable or the means or location by which he possessed the firearms. This information cannot be obtained through Discovery which has been provided by the Government to date.

In summary, Defendant's demand for a *Bill of Particulars* with respect to an identification of a firearm at issue, the place/ location, and time of the alleged offenses, is necessary for the Defendant to properly prepare this cause for trial, to defend the Defendant against the Governments charges, and to enable the Defendant to determine what additional information, including discovery, is necessary.

### *Production of Grand Jury Testimony*

The production of Grand Jury testimony is subject to the Court's sound discretion ( In *Re Cement Concrete Block, Chicago Area 381 F.Supp. 1108 (N.D.IL Eastern Division 1974)*; *USA v. Smith 22 F.R.D. 482 (N.D. IL Eastern Division 1958)*). While it has been recognized that the secrecy of Grand Jury proceedings should not be broken absent a compelling reason, including

the pursuit of justice (*Common Wealth Edison Company v. Alice Chalmers Manufacturing Company 211 F.Supp. 729 (N.D.IL. Eastern Division 1962),* the facts before this Court clearly demonstrate the need of the Defendant and the absence of a compelling reason weighing in favor of non-disclosure. The controlled substance charge brought herein was previously the object of preliminary hearing procedures in Ford County, Illinois, after which, the Honorable Stephen Pacey, found a lack of probable cause for the State to proceed against the Defendant. The discovery provided by the Government in this case essentially consists of reports which had been disclosed in course of the Ford County proceedings and no additional significant information. The Government has indicated that it does not intend to call as a witness, Cynthia Blanding, but has disclosed to defense counsel the fact that the Defendant's son testified before the Grand Jury in this case. While Defendant's counsel is unaware of the specifics of that testimony, the Defendant's son has been interviewed and the information provided indicates that his son has no knowledge of any involvement, by the Defendant in the manufacture of methamphetamine and has confirmed that the firearms seized, and which are presumably at issue herein, were firearms which belonged to _him_, not the Defendant, and that they had not been in the Defendant's possession, but in fact, were located in a portion of the residence which was locked and for which the Defendant's son only had access, as it was a portion of the residence rented by him from the Defendant.

     Certain pre-trial motions, including a motion to dismiss an Indictment, cannot be made in good conscience absent knowledge of the Grand Jury Testimony and the Government has indicated a willingness to provide information pertaining to the Grand Jury proceedings- it has simply not done so at this time. Under all of the circumstances presented this Court should

exercise it's discretion and require that a transcript of the Grand Jury proceedings be provided to the Defendant so that the Defendant can determine what, if any, additional motions and/or relief is required based upon a review of that transcript.

### *Motion to Suppress Statements*

After the defendant informed the authorities he did intend to avail himself of his right to counsel and even provided the specific name of his attorney the questioning should have stopped.

In the case of *Edwards vs. State of Arizona, 451 U.S. 477 (1981)* the United States Supreme Court held that the lower Court erred by denying a motion to suppress statements made after the defendant asked for an attorney. *Edwards vs. State of Arizona, 451 U.S. 477 (1981)*.

Unlike *Davis v. United States,* the request for counsel was not ambiguous but very specific even referring to his attorney by name and informing the officer he was already being represented by Mr. Kirchner. *(Davis v. United States, 512 U.S. 452 (1994.))* In Davis, the Court pointed out that, "After a knowing and voluntary waiver of rights under *Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694*, law enforcement officers may continue questioning until and unless a suspect clearly requests an attorney. A suspect is entitled to the assistance of counsel during custodial interrogation even though the Constitution does not provide for such assistance. Id., at 469-473, 86 S.Ct., at 1625-1627. If the suspect invokes that right at any time, the police must immediately cease questioning him until an attorney is present." *Davis v. United States, 512 U.S. 452 (1994)*.

Further the defendant was never read his *Miranda* Rights under *Miranda v. Arizona*. *Miranda v. Arizona, 384 U.S. 436, (1966)*. The officers stopped reading *Miranda* Warnings once the defendant provided information concerning his attorney. Although the warnings stopped the questioning did not. The Court is unambiguous, "Accordingly we hold that an

individual held for interrogation must be clearly informed that he has the right to consult with a lawyer and to have the lawyer with him during interrogation under the system for protecting the privilege we delineate today. As with the warnings of the right to remain silent and that anything stated can be used in evidence against him, this warning is an absolute prerequisite to interrogation. No amount of circumstantial evidence that the person may have been aware of this right will suffice to stand in its stead. Only through such a warning is there ascertainable assurance that the accused was aware of this right." *Miranda v. Arizona, 384 U.S. 436 at 470, 86 S.Ct. 1602 at 1625, 16 L.Ed.2d 694 (Supreme 1966).*

Thus even if the Court finds the defendant waived his right to counsel he was never provided *Miranda* Warnings. The remainder of his rights were never waived. In the case at hand the defendant was never provided full *Miranda* Warnings despite being under arrest. His answers were in response to police interrogation. The statements and communicative conduct thus must be suppressed as well as the fruits of said interrogation in the form of any evidence obtained as a result of said statements and conduct.

### *Seizure of Firearms*

There can be no factual dispute that the Search Warrants, which were issued and which resulted in the seizure of firearms, did not authorize the law enforcement officers executing the Warrant to seize weapons of any type. The weapons seized, pursuant to the Ford County Warrants, were seized from a portion of the residence which was segregated so as to provide a separate "apartment" for the Defendant's son. That "apartment" was segregated from the remainder of the household and was locked. That "apartment" was under the complete control of the Defendant's son and the Defendant had no access to it other than as permitted or authorized by his son, who held the only key to that area of the residence. (See Defendant's Affidavit)

In *Perry v. Sheahan 222 F.3d. 309 (7th Circuit 2000)* the Court reviewed the seizure of

firearms and related items which were taken without the authorization of a search warrant. The officers involved were present to execute an eviction Order and therefore, the Court found the discovery of the weapons at issue to be lawful. The Court continued it's discussion, however, by finding that there was no probable cause to believe that weapons were linked to criminal activity and admonished that in and of themselves weapons do not contain an incriminating character, nor can one be presumed.

In *USA v. Savides 664 F.Supp. 1554 (N.D.IL 1987)* a warrant authorized a seizure of records, currency, and paraphernalia related to gambling. During the course of that search cocaine was discovered and the Court held that the seizure of it was proper. Law enforcement officers also observed and seized firearms. One firearm, a handgun with a serial number filed off, was held by the Court to be properly seized as it's incriminating character was obvious. The remaining handguns, which were not registered, were held to be improperly seized as a result of the search warrant having not specified firearms and the motion to suppress was granted as to the other (4) firearms.

In summary, the seizure of firearms without authorization by virtue of a warrant and as a result of no exception to the warrant requirement being applicable here, requires that the firearms seized be excluded from evidence at any trial in this cause, and that any fruits obtained from the Government as a result of said seizure be suppressed as well.

### *Probable Cause*

The Complaint for Search Warrant, filed December 29, 2004, seeks authorization to search the premises at 215 N. Main St. in Roberts, Illinois, for controlled substances and related evidence and attached as the basis therefore an Affidavit of Randy Kinzenger, who represented that he was the Chief of Police for Roberts, Illinois. The Affidavit filed herein as (Exhibits A, B, D, and E to Defendant's Motion for Leave to File Pre-Trial Motions within 7 Days Hereof or

Such Lesser Time as Fixed by the Court) consists of (5) paragraphs, the first of which simply identifies the affiant. The remaining paragraphs advise, that the affiant had spoken with Lori Blanchard, who is divorced from the Defendant, and who does not reside with the Defendant at 215 N. Main St. According to the Affidavit, Ms. Blanchard advised that the Defendant's son had provided her with a floppy disk containing photographs, and plastic containers containing a white, granular/ powdery substance that contained an odor. The Affidavit further advises that the Defendant's son had stated that the previous evening, December 29, 2004, two men that he was unfamiliar with had come to the residence. The Affidavit does not state with specificity the source of the containers or photographs nor provide a time frame with respect to them, but indicated that the affiant participated in a field test of the substance, which tested positive for ephedrine, but negative for methamphetamine. Paragraph (5) of the Affidavit advised that the affiants daughter, more than (6) weeks earlier, tested positive for the presence of amphetamine.

In *USA v. Bennet* 285 F.Supp.2d. 978 (E.D. MI 2003) the Court discussed the nature of a "bare bones" Affidavit and noted that a "bare bones" Affidavit is one which is so lacking on the issue of probable as to render any official belief in the existence of probable cause entirely unreasonable. Suspicion, belief, and conclusions, without underlying factual circumstances, is simply insufficient to support the issuance of a warrant. The Court in *Bennet* did note that the existence of probable cause is a case by case determination. The standards applicable to reviewing the Affidavit and the issuance of the warrant are well known and need not be labored here. The four corners of the Affidavit simply do not support probable cause for the issuance of a warrant for controlled substances or evidence thereof by Judge Pacey on December 29, 2004. The Complaint for Search Warrant and Affidavit thereto on December 30, 2004, also executed by Randy Kinzenger, relies upon the search conducted pursuant to the warrant dated December 29, 2004. The Affidavit advises that the search was conducted and substances containing

methamphetamine were seized. No mention is made of any firearms. The remaining paragraphs of the Affidavit simply indicate that the Defendant owns additional property in Paxton, Illinois, a motor home and storage units in Gibson City, Illinois. (Paragraphs 3-5 of said Affidavit). Paragraph (6) asserts the Defendant owns a motor vehicle and identifies that vehicle. The search warrant issued pursuant to that Affidavit and a Supplemental Affidavit, dated December 30, 2004, in which statements are attributed to Cynthia Blanding, who was arrested for possession of cannibis, fail to set forth factual information sufficient to support a determination of probable cause and any information sufficient to apprise the Court of Ms. Blandings reliablity, even assuming the statements attributed to her, were actually made by her. Additionally, the Supplemental Affidavit does not disclose factual information which would indicate that evidence of methamphetamine manufacture would be located in the places sought to be searched on or after December 30, 2004. The requirement reliablilty, for any alleged informant, is well known and need not be repeated (see *USA v. Ventresca 380 U.S. 102 (1965)*). Thus, in *USA v. Dinovo* the Court noted, while heresay may be properly included in an affidavit seeking a search warrant, there must be some basis for the Court to determine the reliability of the informant's information and the basis for knowledge of the underlying facts to support the conclusion that a crime has been committed and evidence of that crime may be obtained. (See also *USA v. Carmichael 489 F.2d. 983, 986 (7th Circuit 1973)* ).

      The factual bases and requirement of reliability is simply unmet in this case and neither of the Affidavits or Complaints can support the issuance of a warrant thereby rendering all evidence obtained to be subject to suppression as well as any fruits of said searches at any trial in this cause.

### *Motion for the Production of Names and Addresses of Potential Witnesses*

      On December 30, 2004, Randy Kinzinger - an agent of the Roberts Police Department,

filed with the Circuit Court for the Eleventh Judicial Circuit, Ford County, Illinois, a Complaint for a Search Warrant. The Complaint was supported by an affidavit purporting to setforth Cynthia Blanding's direct knowledge of the Defendant's involvement with methamphetamine. At a preliminary Hearing on the State of Illinois' charge that the Defendant herein was involved in the manufacturing of methamphetamine, the Honorable Judge Stephan Pacey ruled that no probable cause existed to charge the Defendant and dismissed the State's case. Charges against a " co-defendant", Craig Shedd, were also dismissed. In the case presently pending before this Court, the only discovery that the Government has provided to the Defendant is the documentation that the State Court had available to it when it determined that the evidence before it failed to establish probable cause to charge the Defendant. However, the Government contends that testimony was provided to the Grand Jury that supports the Indictment now pending before this Court. The Government has failed to provide any additional discovery materials apart from what was produced at the State Court level, in support of the indictment. Furthermore, the Government has advised Defendant that it does not intend to call as a witness Cynthia Blanding - the only witness to purport to have direct knowledge of the Defendant's involvement with methamphetamine. To date, the Government has not provided the identity of any witness who has direct knowledge of the Defendant's involvement with methamphetamine or of his possession of firearms. [(*United States v. Climatemp, Inc.*, 482 F. Supp. 376 (7th Cir. 1979).] The Federal Court clearly has the authority to require the Government to make a pre-trial disclosure of anticipated witnesses; *United States v. Jackson*, 508 F. 2d 1001 (7th Cir. 1975), and under the circumstances of this case the Court should Order the same. (*United States v. Climatemp, Inc.*, 482 F. Supp. 376 (7th Cir. 1979); *United States v. Jackson*, 508 F. 2d 1001 (7th Cir. 1975).

<u>*Motion to Sever*</u>

In *United States v. Stokes*, 211 F. 3d 1039 (7th Cir. 2000), the Court stated that the joinder of drug trafficking charges and firearm charges are presumed to be properly joined because of the close relationship between the two offenses. The Court went on to explain that there is a natural inference to be made where firearms have been found together with evidence of Defendant's drug trafficking. The firearm indicates drug trafficking. Participating in drug trafficking supplies a motive for the possession of a firearm. However, the Defendant herein is not charged with drug trafficking or an intent to deliver the controlled substance alleged in Count I. It has not been alleged that the Defendant herein is a drug dealer. Defendant's position is strengthened by the fact that when attempting to secure Search Warrants for the Defendant's properties, the *Complaints for Search Warrants* failed to identify as a subject of the search, firearms. Nor do the supporting *Affidavits* setforth facts that would indicate that the Defendant had firearms in his possession.[1] The manufacturing methamphetamine Count and the firearm Count are not of the same character and are not based on the same act.

As a general rule "spill-over" evidence is insufficient to grant a request to sever counts of an Indictment. Sufficient evidence normally exists to support separate convictions without the benefit of such "spill-over" evidence. That is not the circumstance in this case. The Government does not intend to call as a witness, Cynthia Blanding yet; she is the <u>ONLY</u> person, assuming the reports are accurate, who has ever claimed the Defendant participated in the manufacturing of methamphetamine.

This case does not present evidence which would be mutually admissible for Counts I and II respectively. (*United States v. Traeger*, 289 F. 3d 461 (2002)) If the Counts herein were to be severed, evidence produced by the Government as to Count I would not support Count II.

---

[1] The affidavits and complaints were previously submitted to this Court as exhibits to the *Defendant's Motion for Leave to File Pre-trial Motions Within (7) Days Hereof, or Such Lesser Time as Fixed by the Court.*

(*United States v. Rogers*, 475 F. 2d 821 (7th Cir. 1973) It is the Defendant's belief that Count II of the *Indictment* - unlawful possession of a firearm - is being solely used to strengthen and prove the allegations in Count I and to take advantage of an improper inference of criminal conduct. If allowed to do so, the Government will present evidence which can only lead to confusing the Jury or causing the Jury to convict the Defendant solely based on the improper inference that the two Counts are related.

In summary, the absence of evidentiary overlap and prejudice to the Defednant (see *USA v. Guinan 1985 WL 1973 (N.D. Ill 1985, USA v. Ghilarducci 2004 WL 2331831 (N.D.Ill 2004)*) require severance <u>even if</u> the Court find the joinder to have been proper. (*Ghilarducci*)

                                                           MARSHALL BLANCHARD, Defendant,

                                  By: **s/ Robert G. Kirchner**

                                         ROBERT G. KIRCHNER LAW OFFICE

                                  By: **s/ Scott A. Lerner**

                                         SCOTT A. LERNER, one of his attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of September, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Timothy A. Bass**          tim.bass@usdoj.gov; staci.klayer@usdoj.gov

**s/ Robert Kirchner**
Robert Kirchner Bar Number: 6182070
Attorney for Plaintiff
100 Trade Centre Drive, Suite 402
Champaign, IL 61820
Phone: 217-355-5660
Fax: 217-355-5675
E-mail: rgk-kirchnerlaw@sbcglobal.net