E-FILED
Thursday, 22 September, 2005  05:44:40 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 05-20015 |
| | ) |
| MARSHALL BLANCHARD, | ) |
| | ) |
| Defendant. | ) |

### AMENDED MOTION FOR MISCELLANEOUS RELIEF

The Defendant has caused to be filed herein various pre-trial motions seeking information pertaining to the Indictment returned herein, in order to properly prepare his defense and for trial of this cause. The circumstances surrounding this case are highly unusual in that the Circuit Court of Ford County, Illinois previously rejected, as lacking in probable cause, the manufacturing allegations which are repeated herein. This case is further unusual in that the discovery provided to the Defendant consists essentially of nothing more than the information which was provided in the Ford County proceedings, and as a result of the Government herein having advised that the State's primary witness in Ford County- Cynthia Blanding- will not be called by the Government in this case. The effect of the foregoing has been to render the Defendant completely "in the dark" with respect to the basis for the Indictment returned against him and the evidence upon which the Government intends to proceed.

During the course of these proceedings the Defendant has been advised and received information relating to the personal intimate relationship between Lori Blanchard and Randy

Kinzenger (the affiant) and statements which indicated that he had been under "surveillance" intermittently for more than two months and no suspicious or incriminating activity was discovered by any law enforcement officer during that time period.

Pursuant to *Brady v. Maryland 373 U.S. 83 (1963)* and *Giglio v. USA 405 U.S. 150 (1972)* the Government's obligations to provide exculpatory, impeachment information, is well known and Defendant's counsel has no reason to believe that the US Attorney's Office, charged with the Prosecution of this case, would be directly deficient in it's responsibilities and obligations to provide such information. The more difficult question posed by the course of these proceedings, however, is whether there is a flow of information from local law enforcement officers, including Chief Decker of the Gibson City Police Department, and Randy Kinzenger to the US Attorney's Office. The concerns expressed, with respect to the free flow of information, was highlighted during Randy Kinzenger's testimony regarding Cynthia Blanding. Attached to the *Defendant's Motion for Leave to File Pre-Trial Motions Within 7 Days Hereof, or Such Lesser Time as Fixed by the Court*, was a transcript of the preliminary hearing proceedings (Exhibit G). Beginning at page 38 of that transcript, the affiant, Randy Kinzenger, was asked whether he had participated in any interviews and, if so, how many interviews of Cynthia Blanding. At page 39 Randy Kinzenger advised that he had participated in (2) interviews, one of which occurred on or about December 30, 2004, and the next one occurred when he rode along with Chief Decker to Hoopeston. When asked when that was, Mr. Kinzenger replied under Oath, that he didn't know but it was within the last month (note that the hearing was held on March 10, 2005). When asked who was present during that interview Mr. Kinzenger had advised (page 40) Chief Decker and himself and then someone from the Hoopeston Police Department joined them. He advised that Cynthia Blanding was not under arrest at the time but they had gone there to " interview" her. When asked what the purpose of the interview was, or what was discussed, Mr. Kinzenger (page 41) stated that he didn't recall anything about the interview, that he didn't take notes, and made no record of it, and that he just rode along with Chief

Decker that day. (Page 41) Defendant incorporates, by reference, the remainder of said *Motion for Leave to File Pre-Trial Motion Within (7) Days Hereof, of Such Lesser Time as Fixed by the Court* and specifically the exhibits attached thereto. Defendant has also been apprised, and believes, that law enforcement officers had actual knowledge, and actually had observed, Cynthia Blanding removing items from her vehicle and placing them into the residence which was searched. It is those items which were seized. Such information, if validated, directly implicates the Governments requirements under *Brady* and *Giglio*, and unfortunately such information may not have been provided to the US Attorney's Office.

In light of the foregoing the Defendant respectfully requests that this Court permit an evidentiary hearing to be conducted for the purpose of examining Randy Kinzenger, Chief Decker, and Cynthia Blanding and that subpoenas be permitted to be issued for radio transmissions and other evidentiary information, which may demonstrate the State's actual knowledge of the Defendant's innocence. In conjunction with that, that all notes, logs, and other documents reflecting law enforcement activities and information, should be Ordered to be preserved and made available, either to the Defendant directly, or to the US Attorney's Office whose responsibilities would then be directly implicated under *Brady* and *Giglio*.

MARSHALL BLANCHARD, Defendant,

By: **s/ Robert G. Kirchner**

ROBERT G. KIRCHNER LAW OFFICE

By: **s/ Scott A. Lerner**

SCOTT A. LERNER, one of his attorneys.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of September, 2005, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Timothy A. Bass**          **tim.bass@usdoj.gov; staci.klayer@usdoj.gov**

                                        **s/ Robert Kirchner**
                                        Robert Kirchner Bar Number: 6182070
                                        Attorney for Plaintiff
                                        100 Trade Centre Drive, Suite 402
                                        Champaign, IL 61820
                                        Phone: 217-355-5660
                                        Fax: 217-355-5675
                                        E-mail: rgk-kirchnerlaw@sbcglobal.net