UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-20015 |
| ) | |
| MARSHALL BLANCHARD, ) | |
| ) | |
| Defendant. ) | |

### REPLY TO GOVERNMENT'S CONSOLIDATED RESPONSE TO DEFENDANT'S PRE-TRIAL MOTIONS

NOW COMES the Defendant, MARSHALL BLANCHARD, by and through his attorney's ROBERT G. KIRCHNER LAW OFFICE and LERNER LAW OFFICE and hereby files a reply to the *Government's Consolidated Response to Defendant's Pre-Trial Motions* pursuant to leave of Court and states as follows:

*Motion for Bill of Particulars*

The Defendant has filed a motion seeking a Bill of Particulars pursuant to Rule 7(f) of the Fed.R.Crim.P. That motion recites that "discovery" provided to Defendant's counsel indicates that there were two search warrants issued on or about December 30th, 2004- the first being a warrant directed to premises located at 215 N. Main, Roberts, Illinois and the second being directed to the premises located at 218 E. Orlean, Paxton, Illinois, along with additional property in Gibson City, Illinois. (*Defendant's Motion for Bill of Particulars* paragraph 13.) The indictment returned in this cause, Count II, alleges that the Defendant possessed a firearm on or about December 30th, 2004 in the Central District of Illinois and, in Count I, Defendant is charged with knowingly and

intentionally manufacturing methamphetamine on or about December 30th, 2004 in the Central District of Illinois. The Defendant's Motion for Bill of Particulars asserts that the indictment, Count I, fails to allege, with the requisite degree of specificity, the place, location, and any other information which would provide the Defendant with adequate notice of the Government's allegations and the opportunity to properly defend, particularly in light of the fact that there were separate search warrants issued for separate physical locations with separate items of property allegedly seized therefrom. (*Defendant's Motion for Bill of Particular's* paragraph 22.) Defendant further sought, in order to prepare his defense, specificity as to the place/ location and identification of the firearm which Defendant allegedly possessed on or about December 30th, 2004.

The Government's response acknowledges the charges filed against the Defendant, but asserts that they are not complex and that by alleging in the indictments that the offenses occurred "on or about December 30th, 2004" the indictment more than adequately informs the Defendant of the "offense charged, the time frame in which the offenses took place, and citation to the relevant statutes". (*Government's Consolidated Response* paragraph 43.) Additionally, the Government asserts that the discovery provided to the Defendant, including reports relating to the "searches of his residences", the search warrants and supporting documents, and a report of his statement to law enforcement officers, provides adequate information concerning the charges at issue herein. (*Government's Consolidated Response* paragraph 46.)

The Government's Consolidated Response completely fails to respond to, or address the concerns raised on behalf of the Defendant, which were supported by the documents tendered to the Court. The failure of the Government to identify, with sufficient specificity, the information sought by the Defendant, particularly in light of the unrebutted evidence before this Court of multiple

searches of different property and property locations and multiple dates which could be within the scope of "on or about December 30, 2004" reflects the lack of foundation for the Government's assertion that no further information need be provided the Defendant in order to permit the Defendant to be adequately apprised of the charges against him and to defend such charges.

The authorities cited in the Government's Consolidated Response do nothing to address the issue presented by the particular facts of this case, but merely recite the general propositions of law which govern the exercise of the Court's discretion. Nor does the Government respond to, or address, the authorities cited and relied upon by the Defendant in support of this motion. (*Defendant's Memorandum of Law in Support of Defendant's Pre-Trial Motions* at page 2.)

For the reasons set forth hereinabove and as previously argued in Defendant's memorandum of law, as supported by *Defendant's Motion for a Bill of Particulars*, the Defendant respectfully prays that this Court exercise it's discretion and require the Government to provide the Bill of Particulars sought by the Defendant with respect to the particulars of the charges brought against him. None of the information sought seeks evidentiary details, but merely a delineation of the specifics of the offense which the Defendant is called upon to Defend.

### *Disclosure of Grand Jury Transcript*

The Defendant has filed a motion seeking the production of the Grand Jury transcript pursuant to Rule 6(e) of the Fed.R.Crim.P. Defendant's motion asserts that the only witness who claims to have any direct knowledge of the Defendant's involvement with methamphetamine- Cynthia Blanding- is a witness that the Government has indicated it does **NOT** intend to call in this cause. Moreover, the charges relating to this count of the indictment were previously dismissed for lack of probable cause by the Circuit Court of Ford County Illinois, the Honorable Stephen Pacey

presiding. (*Defendant's Motion* paragraph 5.) The production of Grand Jury testimony is the only means by which the Defendant can determine whether the indictment is subject to dismissal under Rule 6(e) and, moreover, it is essential to the Defendant's preparation of a defense in that the discovery provided contains no evidence, even if believed, which would be sufficient to convict the Defendant. (*Defendant's Motion* paragraph 6.) Moreover, counsel has been informed that, although the Defendant's son testified before the Grand Jury, the Defendant's son has no knowledge of the Defendant's purported involvement with methamphetamine and affirmatively confirmed to Government representatives that the Defendant never possessed any of the firearms which were seized. Thus, the Defendant has sought disclosure of the transcript of the Grand Jury proceedings and asserted a legitimate basis therefor. (*Defendant's Memorandum* at pages 3-5.)

In response the Government has asserted that 18 USC Section 3500(b), Rule 16(a)(2) of the Fed.R.Crim.P and the Seventh Circuit decisions in *United States v. Harris, 542 F.2d.1283, 1291 (7th Cir. 1976)* and *United States v. Fineberg, 502 F.2d.1180, 1182-83 (7th Cir. 1974)*, preclude the exercise of this Court's discretion. In *United States v. Harris*, the issue addressed by the Court was whether the Defendant was entitled to a list of the Government's witnesses. The Court unequivocally holds that, although the Court has discretion to order the production of such a list, the Defendant is not entitled to it as a matter of right. In *United States v. Fineberg*, the issue was whether the substance of oral statements made by the Defendant were required to be produced. No case cited by the Government in it's *Consolidated Response* addresses the question presented by the *Defendant's Motion* nor the peculiar circumstances confronting the Court in this case. Unlike other cases, which may have come before this Court, the very charge on which the Government intends to proceed, was rejected by a State Circuit Court for lack of probable cause and the only witness who purported to

have knowledge implicating the Defendant is **NOT** going to be called as a witness in this case by the Government. The only Grand Jury witness known to Defendant's counsel disavows any knowledge of the Defendant's involvement with methamphetamine and affirmatively denies the Defendant's possession of the firearms seized pursuant to warrant. In light of the peculiar and particular circumstances found herein the exercise of the Court's discretion and the granting of Defendant's motion for the production of the Grand Jury transcript is appropriate and the Defendant prays that this Court enter an Order requiring the Government to provide the same.

### *Motion to Suppress Statements*

The Defendant has filed a motion to suppress statements and communicative conduct purportedly made by him as reflected in the information heretofore provided to the Defendant's counsel. Defendant's motion is premised upon his right to Counsel and the failure of the Government to provide *Miranda* warnings as required by law to the Defendant in the course of a custodial interrogation. The Defendant denies having waived his right to counsel and further denies having waived his rights under *Miranda.* The Government does not address the fact that the Defendant, at the time of the custodial interrogation, was already represented by counsel with respect to the very matters with which the Defendant is now charged as a result of the invocation of State Court proceedings against him. All statements and communicative conduct obtained as a result of the Government's violations of the Defendant's right to counsel and rights pursuant to *Miranda* must be suppressed. The *Government's Consolidated Response* denies that the Defendant invoked his right to remain silent or right to counsel (*Government's Consolidated Response* paragraph 15) and further asserts that the Defendant never, unequivocally, invoked his right to remain silent or his right to an attorney. (*Government's Consolidated Response* paragraph 17.) The

Government further asserts that the Defendant made statements to officers on the day after his arrest, waiving his Fifth Amendment right to remain silent and his Fifth and Sixth Amendments' rights to Counsel. (*Government's Consolidated Response* paragraph 17.)

In *United States v. Spruill, 296 F.3d.580, 585-586* the Court addressed the issue of whether a valid waiver by a defendant can permit the Government to initiate questioning absent the presence of counsel when the suspect has previously asserted his right to counsel. Citing *Michigan v. Jackson 475 U.S. 625, 636 (1986)* the Court noted that the Supreme Court held that if police initiate interrogation after a defendant's assertion in an arraignment or similar proceeding of his right to counsel, any waiver of the defendant's right to counsel for that police initiated interrogation is invalid. The Court further noted the expansion of this rule in *Patterson v. Illinois 487 U.S. 285, 291 (1988)* to include requests for counsel in post-indictment interrogations. The *Spruill* case is cited by the Government in it's *Consolidated Response*. (*Government's Consolidated Response* at page 6.)

The Government concedes that a factual issue exists with respect to the assertion of the Defendant's right to counsel, the claim of waiver of Defendant's rights to counsel and his rights pursuant to *Miranda*, and that an evidentiary hearing is required to resolve those disputes. Defendant concurs that an evidentiary hearing is required and this Court has scheduled such a hearing for November 15th, 2005 at 1:30pm.

### *Motion to Suppress Firearms*

Defendant has filed a motion to suppress the firearms seized pursuant to the Ford County warrants noting that the search warrants failed to authorize the seizure of any firearms and thus the authorities exceeded the scope of authority provided to them, thereby subjecting to suppression the firearms sought to be used in this cause. Additionally, the Defendant's motion and supporting

memorandum as well as the affidavit tendered to this Court, noted that the area in which the firearms were seized was a portion of the residence which was segregated and constituted a separate "apartment" for the Defendant's son. That apartment was locked and inaccessible to the Defendant. The Defendant's son had complete control over the apartment area in which the firearms were seized and the Defendant had no access to it other than as permitted or authorized by his son who held the only key to that area of the residence. The *Government's Consolidated Response* does not respond to, in any way, this unrebutted factual assertion. Instead, the Government simply asserts that the Courts have previously recognized the connection between drug trafficking (which the Defendant is not charged with) and the use of firearms. The Government further asserts, without any factual foundation or support, that the firearms were seized under the *plain view* doctrine. The Government's Consolidated Response correctly notes that the *plain view* exception requires that the officer's presence be in a place where the officer has a legal right to be. (See *Government's Consolidated Response* at paged 10-11.) Thus, the threshold issue is whether the officers who seized the firearms were in a place where they had a lawful right to be. The unrebutted evidence submitted to this Court, in conjunction with Defendant's motion, establishes that no officer or agent had a right to be in the "apartment" of the Defendant's son. Additionally, the *plain view* doctrine requires that the incriminating nature of an object be immediately apparent. (See *Government's Consolidated Response* at page 11.) The Government seeks to support the assertion that the incriminating nature of the firearms seized was "immediately apparent" as a result of the Defendant's previous felony conviction. (*Government's Consolidated Response* at page 11.) Unfortunately, for the Government's position in this regard, there is no supportable basis on which the Government can claim that the officer involved in the seizure of said weapons was aware of the Defendant's prior conviction, nor,

based upon the location and inaccessibility of said firearms, could the seizing officer legitimately assert that the incriminating nature of the firearms at issue was immediately apparent.

In the Government's Consolidated Response there is no discussion or attempt to distinguish the authorities cited by the Defendant- *Perry v. Sheahan 222 F.3d.309 (7th Circuit 2000)* and *USA v. Savides 664 F.Supp. 1554 (N.D.IL1987)*. Each of those authorities compel the conclusion that the firearms which were seized in this case were obtained unlawfully and cannot be used as evidence in this cause.

### *Probable Cause*

The Defendant has filed a motion to suppress evidence based upon the lack of authority for the issuance of search warrants. Specifically, the Defendant notes that the *Complaint for Warrant* filed December 29th, 2004, which sought authorization to search the premises at 215 N. Main Street in Roberts, Illinois, relied solely upon and *Affidavit of Randy Kinzenger*. The *Affidavit* has previously been tendered to this Court as an exhibit to *Defendant's Motion for Leave to File Pre-Trial Motions*. The Affidavit of December 29th, 2004 consists of five paragraphs, the first of which simply identified the affiant. The remaining paragraphs advise that the affiant had spoken with Lori Blachard, the Defendant's ex-wife, who did not reside with the Defendant but who is claimed to have advised the affiant of an earlier conversation between her and the Defendant's son, in which the Defendant's son indicated that on the previous evening two men unfamiliar with him had come to the residence. Defendant's ex-wife further claims that the Defendant's son provided her with a floppy disk containing photographs and a plastic container containing a white, granular, powdery substance. The Affidavit does not state, with specificity, the source of the containers or photographs nor provide a time frame with respect to them, but indicates that there was a positive test during a

field test for ephedrine. Paragraph five of the Affidavit indicates that more than six weeks earlier the Defendant's daughter[1] tested positive for the presence of amphetamine. The Affidavit fails to indicate whether there had been any communication between Randy Kinzenger and the Defendant's son or the Defendant's daughter nor does it indicate the residency of the daughter at the time she tested positive for the presence of amphetamine. (See Defendant's memorandum at pages 7-8.) An additional affidavit and supplemental affidavit dated December 30th, 2004 following the search authorized by the earlier warrant attributed statements to a Cynthia Blanding, who was arrested at the time for possession of cannabis. There is no indication upon which the Court have determined the reliability of statements attributed to Ms. Blanding, nor the factual basis upon which any statement's were made by her. Most importantly, the subsequent affidavit was tainted by the earlier seizures, which were improperly obtained. The Government's Response fails to address the arguments advanced on behalf of the Defendant and the cases cited. Instead, the Government's Consolidated Response merely recites the general requirements of applicable law and presumes the authenticity- without any independent corroboration- that the Defendant's ex-wife was conveying information from a third party accurately and that a good faith exception is applicable under the circumstances presented. (*Government's Consolidated Response* pages 7-10.)

In *United States v. Peck, 317 F.3d.754 (7th Circuit 2003)* the Court of Appeals affirmed a determination by the Honorable Michael P. McCuskey. In the course of the Court's discussion the underlying principles applicable to reviewing the warrants and supporting affidavits in this case were succinctly set forth. Those principles are not in dispute and the issue is whether the validity

---

[1] Page eight of the Defendant's memorandum refers to the affiant's daughter incorrectly. It is the Defendant's daughter who is referenced in the Affidavit.

of the warrants at issues in this case can be supported by the strength of the affidavits. It is notable that the *Government's Consolidated Response* fails to acknowledge the existence of two separate warrants with two separate supporting affidavits. The Court of Appeal affirmed the District Court's decision, which found that there was insufficient evidence to support a finding of probable cause as a result of the lack of sufficient detail and independent police corroboration. Those same deficiencies are even more glaringly apparent in this case.

In *United States v. Flanagan, 423 F.2d.745 (5th Circuit 1970)* the Court conducted a similar analysis examining the factual basis for an affidavit in support of a warrant request and found that the allegations of the affidavit, accepted at face value, raised no more that a suspicion that the home sought to be searched would contain evidence of an offense. In *United States v. Lockett, 674 F.2d.843 (11th Circuit 1982)* a similar examination was conducted and a similar result occurred. The *Government's Response* in this case seems to be premised on the assertion that an elevated standard of determination is somehow applicable because the warrant was issued by a State Court Judge. The four corners of the affidavits at issue belie the Government's position and the subsequent tainted affidavit and warrant cannot survive a critical analysis even without the taint of the earlier improperly issued warrant. Neither of the affidavits, nor the supplemental affidavit, contains sufficient corroborative representations. Defendant's motion attacking the issuance of the warrants is well founded and the general principles argued and set forth in the *Government's Consolidated Response* do not impact that result.

### *Production of Witnesses*

The Defendant has filed a motion requesting the production of names and addresses of potential witnesses. Defendant's memorandum in support of said motion (at pages 9-10) outlines

the factual history of this case including proceedings before the Honorable Stephen Pacey, a Circuit Judge in Ford County, Illinois. The charges filed herein relating to methamphetamine were previously dismissed by the Circuit Court at a preliminary hearing for lack of probable cause. Charges against a "co-defendant" Craig Shedd were also dismissed. The only discovery proffered to the Defendant in this case is material from the Ford County proceedings. Most importantly, however, the Defendant's counsel has been advised that the Government does **NOT** intend to call as a witness in this cause, Cynthia Blanding, the only person purportedly to have any knowledge of the Defendant's involvement with methamphetamine. Under the unique circumstances of this case the Defendant's lack of knowledge of witnesses known to the Government, if any, is impairing his ability to undertake an investigation and prepare his defense.

The *Government's Consolidated Response* to the Defendant's motion acknowledges the Court has the authority to provide the relief requested and simply disputes the timing for such a production. In paragraph 56 of the *Government's Consolidated Response* the Government indicates that it will provide a list of witnesses as part of a reciprocal exchange at a final pre-trial conference. No final pre-trial conference has been scheduled. Given the peculiar and particular facts of this case such a late disclosure undermines the Defendant's ability to investigate and prepare his defense and given the fact that the Government's only objection is a timing objection the Defendant respectfully requests that this Court Order the disclosure of the names and indentification of any intended Government witnesses without further delay.

### *Motion for Severance*

The Defendant has filed a motion seeking the severance, for trial purposes, of Counts I and II of the Indictment. As reflected in Defendant's motion, Counts I and II do not contain any common

elements; require no "overlap" of evidence in the trial; and the trial of the Defendant on Count I and Count II simultaneously would prejudice the Defendant. (See *Defendant's Motion* paragraph 4.) As reflected in the Defendant's motion, the discovery afforded provides absolutely no evidence of connection between the conduct alleged in Count I and that alleged in Count II. Although the Defendant has not been afforded access to Grand Jury testimony, based upon information and belief, said testimony also fails to contain a lack of connection between the matters alleged in Counts I and II. Notwithstanding the Defendant's proffer to this Court, with respect to the firearms, which clearly establishes that the Defendant never possessed said firearms and that, in fact, they belonged to the Defendant's son who maintained them in a separate area of the household which was established as his apartment and into which the Defendant had no access, the Government continues to assert that because case law establishes, in general, a connection between trafficking drugs and firearms the Counts of the Indictment proffered herein shall be tried concomitently. While the Defendant has proffered factual evidence in support of his motion to this Court the Government has simply espoused general principles of law and claimed that it's evidence will establish that the Defendant manufactured methamphetamine and "provided it to others". Such evidence would be clearly inadmissable, would be irrelevant, and would unduly prejudicial to the Defendant at any trial in this cause on either Count. Mere, unsupported assertions of a relationship between the Counts of the Indictment should not be sufficient to overcome the inherent prejudice in proceeding to trial on Counts I and II  concomitently. The Government fails to address the prejudicial aspect of it's proposal and the Defendant's motion should be granted by this Court.

### *Expert Witnesses*

Defendant has filed a motion regarding the disclosure of expert witnesses, including the

corollary relief relating to the testimony of such witnesses (See Defendant's motion paragraph 1.) Defendant's motion further requests that a time be afforded to the Defendant following any disclosures by the Government to determine whether a defense expert is required and for disclosure of the same in accordance with the provisions of Rule 16. The *Government's Consolidated Response* paragraph 53 indicates that the Government intends to provide disclosure of expert testimony and to comply with Rule 16(a) of the Fed.R.Crim.P.

On November 1st, 2005, at approximately 1:55pm, communications were received from Assistant US Attorney Timothy A. Bass, providing some of the information requested. Based upon the *Government's Consolidated Response* no further arguments are required to be advanced by the Defendant with respect to this issue.

### *Motion to Dismiss*

The Defendant has filed a motion to dismiss Count II of the Indictment and has cited the authorities upon which he relies. The *Government's Consolidated Response* acknowledges the 7th Circuit authorities cited by the Defendant but ignores the 5th Circuit interpretation of Illinois Law in *United States v. Osborne, 262 F.3d.486 (5th Circuit 2001.)* It thus appears that there remains a conflict in the interpretation of Illinois Law. Defendant's position with respect to the previously filed motion to dismiss remains the same. No further authorities appear to be available and thus the Defendant stands on said motion and the authorities cited therein.

### *Miscellaneous Relief*

The Defendant has filed a motion, and an amended motion for miscellaneous relief. The Government has responded. (See paragraphs 57-60 at pages 21-23 of the *Government's Consolidated Response* .) Defendant acknowledges that the motion and amended motion for

miscellaneous relief are somewhat unique and are premised to a large degree upon the Government's obligation under *Brady v. Maryland 373 U.S. 83 (1963)* and *Giglio v. USA 405 U.S. 150 (1972)*. As reflected in said pleadings, the Defendant has no quarrel with the US Attorney's office. The Defendant's concern, as clearly and unequivocally expressed in the motion and amended motion for miscellaneous relief, lies with local law enforcement officers who have, in sworn testimony previously proffered, and indicated a willingness and propensity to claim a lack of recollection in an effort to avoid providing answers under oath relating to the issues for which the Defendant is charged herein. These concerns were highlighted during the testimony of Randy Kinzenger (who notably was the affiant with respect to the search warrant request) when asked whether he had participated in any interviews with Cynthia Blanding. Mr. Kinzenger advised, at page (39) (Exhibit G.), that he had participated in two interviews, one which occurred on or about December 30th, 2004, and the next one when he rode along with Chief Decker of the Gibson City Police Department to Hoopeston to meet with Ms. Blanding. When Mr. Kinzenger was asked when the second meeting occurred, he stated that he didn't know but it was within the last month; when asked who was present during that interview, he advised that Chief Decker, himself, and someone from the Hoopeston Police Department were there and that the purpose was to interview Ms. Blanding. Mr. Kinzenger then claimed that he didn't recall anything about the substance of the interview, that he didn't make notes, that he had no record of it, and that he simply rode along with Chief Decker that day. (Exhibit G. page 41.) As reflected in the *Motion for Leave to File Pre-trial Motions Within (7) Days Hereof or Such Lessor Time as Fixed by the Court*, the Defendant, is informed and believes, that law enforcement officers have actual knowledge of having observed Ms. Blanding removing items from her vehicle and placing them into the residence which was later searched, the fruits of

which are claimed as evidence against the Defendant herein. It is such conduct, which is directly implicated by *Brady* and *Giglio*. The relief requested by the Defendant is an evidentiary hearing for the purpose of examining Randy Kinzenger, Chief Decker, and Cynthia Blanding, and for the purpose of procuring radio transmission evidence, which may, in fact, demonstrate the Defendant's actual innocence. An alternative, of course, would be for the US Attorney's office to secure that information and to provide *Brady* and *Giglio* evidence to the Defendant. This case is highly unique in that the Government's evidence and the charges brought against the Defendant herein appear to be nothing more than the evidence which was rejected in Ford County, Illinois. The *Government's Consolidated Response*, which characterizes the Defendant's motion as a fishing expedition, is overstated. It is true, however, that the Defendant seeks to protect his rights to be free from a prosecution tainted by the withholding of exculpatory information and one in which Government officers disconnected from the prosecution of the case, are believed to have actual knowledge of the Defendant's innocence.

Respectfully Submitted,

MARSHALL BLANCHARD, Defendant,

By: **s/ Robert G. Kirchner**
  ROBERT G. KIRCHNER LAW OFFICE
  Robert G. Kirchner
  Attorney at Law
  100 Trade Centre Drive, Suite 402
  Champaign, IL 61820
  Phone: 217-355-5660
  Fax: 217-355-5675

By: **s/ Scott Lerner**
  LERNER LAW OFFICE
  Scott Lerner

        Attorney at Law  
        201 West Springfield  Suite 610  
        Champaign, IL 61820  
        Phone: 217-356-8381  
        Fax:   217-356-7739

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of C.D. IL Rule 7.1(b)(4).  This memorandum has 4,407 words, which is within the limit of 7,000 words.

**s/ Robert Kirchner**  
Robert Kirchner Bar Number: 6182070  
Attorney for Plaintiff  
100 Trade Centre Drive, Suite 402  
Champaign, IL 61820  
Phone: 217-355-5660  
Fax: 217-355-5675  
E-mail: rgk-kirchnerlaw@sbcglobal.net

**s/ Scott Lerner**  
LERNER LAW OFFICE  
Scott Lerner  
Attorney at Law  
201 West Springfield  Suite 610  
Champaign, IL 61820  
Phone: 217-356-8381  
Fax:   217-356-7739

**CERTIFICATE OF SERVICE**

   I hereby certify that on this 1st day November, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Timothy A. Bass**   tim.bass@usdoj.gov; staci.klayer@usdoj.gov

             **s/ Robert Kirchner**
             Robert Kirchner Bar Number: 6182070
             Attorney for Plaintiff
             100 Trade Centre Drive, Suite 402
             Champaign, IL 61820
             Phone: 217-355-5660
             Fax: 217-355-5675
             E-mail: rgk-kirchnerlaw@sbcglobal.net

             **s/ Scott Lerner**
             Scott Lerner
             Attorney for Plaintiff
             201 West Springfield Suite 610
             Champaign, IL 61820
             Phone: 217-356-8381
             Fax:  217-356-7739
             E-mail: scott@lerner-law.com