E-FILED
Tuesday, 22 November, 2005  03:27:11 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | **Case No. 05-CR-20015** |
| ) | |
| **MARSHALL L. BLANCHARD,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION

This case is before the court for ruling on various pre-trial motions filed by Defendant, Marshall L. Blanchard. This court has carefully considered the arguments presented by Defendant, the Government's Response, and Defendant's Reply. Following this careful review, this court rules as follows: (1) Defendant's Motion for Bill of Particulars (#20) is DENIED; (2) Defendant's Motion Regarding Expert Witnesses (#22) is GRANTED; (3) Defendant's Motion for Production of Names and Addresses of Potential Witnesses (#23) is DENIED; (4) Defendant's Motion to Dismiss-Count II (#24) is DENIED; (5) Defendant's Motion to Sever (#25) is DENIED; (6) Defendant's Motion for Production of Grand Jury Transcript (#29) is MOOT in part and DENIED in part; and (7) Defendant's Amended Motion for Miscellaneous Relief (#31) is DENIED. This court notes that, because Defendant filed an Amended Motion for Miscellaneous Relief, his original Motion for Miscellaneous Relief (#21) is MOOT. Defendant's Motions to Suppress (#26, #27, #28) are still pending and are scheduled for a continued hearing on December 12, 2005, at 9:15 a.m.

### BACKGROUND

On April 8, 2005, Defendant, Marshall L. Blanchard, was charged in a two-count indictment with (1) knowingly and intentionally manufacturing a mixture or substance containing

methamphetamine, a Schedule II controlled substance, and (2) unlawful possession of a firearm by a felon. The indictment alleged that both offenses occurred on or about December 30, 2004. Defendant was arrested on April 11, 2005, and was temporarily detained. Tiffani Johnson of the Federal Defender's office was appointed to represent him. On April 14, 2005, Defendant was released on a $10,000 unsecured bond and under several special conditions, including a third party custodian. On June 30, 2005, Attorneys Robert G. Kirchner and Scott A. Lerner filed their appearance on behalf of Defendant. On July 1, 2005, this court entered an order which allowed Tiffani Johnson to withdraw as counsel for Defendant.

The charges against Defendant arise out of the execution of two search warrants: one which authorized a search of Defendant's residence in Roberts, Illinois, and was issued on December 29, 2004; and one which authorized a search of an unoccupied residence in Paxton, Illinois and was issued on December 30, 2004. Following these searches, Defendant was charged in Ford County, Illinois, and a warrant was issued for his arrest. A preliminary hearing was held in Ford County on March 10, 2005, before Judge Stephen Pacey. Following the hearing, Judge Pacey found that there was probable cause to charge Defendant with possession of a weapon by a felon and two counts of possession of methamphetamine chemicals. However, Judge Pacey found insufficient evidence to establish probable cause for the charge of manufacture of methamphetamine. As noted, Defendant was subsequently charged by indictment in this court.

On September 22, 2005, Defendant, through Attorneys Kirchner and Lerner, filed numerous motions, many of which refer to the state proceedings. The motions include a Motion to Suppress Based on the Search Warrant Not Listing Guns or Weapons of Any Type in the Search Warrant (#26), Motion to Suppress Statements (#27), and Motion to Suppress Evidence Based on the Search

Warrant Not Being Supported by Probable Cause and for Leave to File a Motion Requesting a Franks Hearing (#28). Defendant also filed a Memorandum of Law in Support of Defendant's Pre-Trial Motions (#30). On October 18, 2005, the Government filed a Consolidated Response to Defendant's Pre-Trial Motions (#33). On November 1, 2005, Defendant filed his Reply to Government's Consolidated Response (#36). The Motions are therefore fully briefed and ready for ruling.

On November 15, 2005, a hearing commenced on Defendants' Motions to Suppress and evidence was presented regarding the Motion to Suppress Based on the Search Warrant Not Listing Guns or Weapons of Any Type in the Search Warrant (#26). Following the presentation of evidence, this court found that the witnesses presented by the Government were credible and that the witness presented by Defendant, Marshall Blanchard, Jr., was not credible. In fact, this witness provided testimony which was directly opposite to the testimony he provided to the grand jury in April 2005. The witness was unable to present a plausible explanation for the discrepancies and, based upon his manner and demeanor, this court concluded that his testimony at the hearing was not credible. A hearing is scheduled for December 12, 2005, at 9:15 a.m. for argument on Defendant's Motion to Suppress (#26) and for further proceedings on Defendant's other two Motions to Suppress (#27, #28). The remaining pre-trial motions will be ruled on in this Opinion.

ANALYSIS

I. MOTION FOR BILL OF PARTICULARS

In his Motion for Bill of Particulars (#20), Defendant argued that he needs more information because the indictment did not identify the "firearm" which Defendant is charged with possessing and did not identify the location of the alleged offense relating to controlled substances. Defendant

3

argued that information regarding the location of the alleged offense is necessary because there were two separate search warrants issued for two separate physical locations. Defendant acknowledged, however, that he has received copies of the search warrants and inventory list.

In its Consolidated Response, the Government noted that Defendant has conceded that he has been provided with extensive discovery, including reports relating to the searches of his residences, the search warrants and supporting documents, and a report of his statements to law enforcement officers. The Government further noted that Defendant had already had the unique opportunity of participating in a preliminary hearing in state court concerning the matters now charged in this court. The Government argued that, given the information and discovery already provided to Defendant, a bill of particulars is not required in this case. The Government also argued that the offenses charged are not complex and the indictment more than adequately informs Defendant of the offenses charged, the time frame in which the offenses took place, and citation to the relevant statutes.

Federal Rule of Criminal Procedure 7(f) provides that the court may direct the Government to file a "bill of particulars." Fed. R. Crim. P. 7(f). A bill of particulars is "a more specific expression of the activities defendant is accused of having engaged in which are illegal." United States v. Canino, 949 F.2d 928, 949 (7th Cir. 1991). The decision whether to require a bill of particulars is within the sound discretion of the district court. United States v. Hernandez, 330 F.3d 964, 975 (7th Cir. 2003). To determine the necessity of a bill of particulars, a court looks at whether the Government's indictment "sufficiently apprises the defendant of the charges to enable him to prepare for trial." Canino, 949 F.2d at 949; see also United States v. Roya, 574 F.2d 386, 391-92 (7th Cir. 1978). The "defendant's constitutional right is to know the offense with which he is

4

charged, not to know the details of how it will be proved." United States v. Fassnacht, 332 F.3d 440, 446 (7th Cir. 2003), quoting United States v. Kendall, 665 F.2d 126, 135 (7th Cir. 1981). Further, a bill of particulars is not required when the information a defendant needs to prepare his defense is available through "some other satisfactory form," such as discovery. Hernandez, 330 F.3d at 975, quoting Canino, 949 F.2d at 949. "Factors a court may consider when judging the need for a bill of particulars include 'the complexity of the charges, the clarity of the indictment, and the degree of discovery available to the defense absent a bill.'" United States v. Grossman, 2003 WL 22432946, at * 1 (N.D. Ill. 2003), quoting United States v. Esteves, 886 F. Supp. 645, 646 (N.D. Ill. 1995). "[W]hen the requested material is ostensibly a discovery request for evidentiary material then the bill must be denied because the government is not required to supply evidence in advance of trial." United States v. Andreas, 1998 WL 120352, at *1 (N.D. Ill. 1998), citing United States v. Messino, 855 F. Supp. 955, 962 (N.D. Ill. 1994).

This court agrees with the Government that, in this case, the charges are not complex, the indictment is sufficiently clear, and Defendant has been provided with discovery regarding the charges. Accordingly, Defendant has not shown that a bill of particulars is necessary, and Defendant's Motion for Bill of Particulars (#20) is DENIED.

II.  MOTION REGARDING EXPERT WITNESSES

In his Motion Regarding Expert Witnesses (#22), Defendant requested leave to obtain and disclose expert witnesses following the Government's disclosure of expert witnesses. In its Consolidated Response, the Government stated that it has no objection to this Motion. The Government stated that it had previously provided disclosure of expert testimony it intends to introduce at trial and will fully comply with Rule 16(a) of the Federal Rules of Criminal Procedure

5

concerning the disclosure of any additional expert testimony that will be presented in the absence of any stipulations with Defendant. Based upon the Government's Response, Defendant's Motion Regarding Expert Witnesses (#22) is GRANTED.

### III. MOTION FOR PRODUCTION OF NAMES AND ADDRESSES OF POTENTIAL WITNESSES

In his Motion for the Production of Names and Addresses of Potential Witnesses (#23), Defendant requested prompt disclosure of the Government's witnesses. In its Consolidated Response, the Government noted that it is well settled that neither the Constitution nor Rule 16 of the Federal Rules of Criminal Procedure, which governs discovery in criminal cases, requires the pre-trial disclosure of prosecution witnesses. See United States v. Edwards, 47 F.3d 841, 843 (7th Cir. 1995). The Government further noted that this court has a standing practice of requiring the exchange of witness lists by the Government and Defendant at the final pre-trial conference. The Government stated that, consistent with this practice, it will provide its list of witnesses as part of this reciprocal exchange at the final pre-trial conference. In his Reply, Defendant requested that this court order the disclosure of the Government's witnesses "without further delay."

Defendant has not cited any authority which supports his request for immediate disclosure of the Government's witnesses. Defendant has cited United States v. Jackson, 508 F.2d 1001 (7th Cir. 1975) and United States v. Climatemp, Inc., 482 F. Supp. 376 (N.D. Ill. 1979) in support of his position. Defendant, however, did not provide a pinpoint cite for either case, both of which are relatively lengthy. In any case, following this court's review, this court concludes that neither case is applicable here. In both of those cases the district court ordered disclosure of the Government's witnesses based upon the number of witnesses expected (nearly 100) and to allow the court to

determine, which some degree of accuracy, the length of time to be allocated to the trial, thereby facilitating docket control. United States v. Jackson, 374 F. Supp. 168, 175-77 (N.D. Ill. 1974), aff'd in part and rev'd in part on other grounds, 508 F.2d 1001, 1006-08 (7th Cir. 1975); Climatemp, Inc., 482 F. Supp. at 389-90. This court anticipates no such lengthy list of witnesses in this case or any need for such a list to determine the length of time to be allocated to the trial. Moreover, in Climatemp, Inc., the district court ordered that the Government and Defendants disclose the names of their potential witnesses 30 days in advance of trial and does not provide any support for Defendant's request for "immediate" disclosure. See Climatemp, Inc., 482 F. Supp. at 390. Accordingly, this court agrees with the Government that no disclosure is necessary prior to the final pre-trial conference which will be scheduled in this case. Defendant's Motion for Production of Names and Addresses of Potential Witnesses (#23) is DENIED.

## IV. MOTION TO DISMISS COUNT II

In his Motion to Dismiss-Count II (#24), Defendant contended that the charge of unlawful possession of a firearm by a felon must be dismissed based upon United States v. Osborne, 262 F.3d 486 (5th Cir. 2001). In Osborne, the Fifth Circuit Court of Appeals held that, under Illinois law, the defendant's civil rights had been restored so that his prior Illinois conviction could not be considered a conviction for purposes of the statute making it unlawful for a person who has been convicted of a crime punishable to imprisonment for a term exceeding one year to possess a firearm or ammunition. Osborne, 262 F.3d at 488-92. The court in Osborne acknowledged that the Seventh Circuit had held to the contrary in Melvin v. United States, 78 F.3d 327 (7th Cir. 1996). Defendant likewise acknowledges the decision of the Seventh Circuit Court of Appeals in Melvin.

In its Consolidated Response, the Government argued that, based upon Melvin, Defendant's


1978 burglary conviction can serve as a predicate offense under Illinois' felon in possession law, which clearly forbids all convicted felons from possessing firearms, regardless of whether they were convicted before or after 1984 (the enactment date of the law). See Melvin, 78 F.3d at 329-30; see also United States v. Walden, 146 F.3d 487, 492 (7th Cir. 1998) ("We see no reason to reevaluate our reasoning in Melvin").

In his Reply, Defendant argued that "there appears to be a conflict in the interpretation of Illinois law." That may be. However, this court is located in the Seventh Circuit and must follow the precedent of the Seventh Circuit, which is clear. Accordingly, Defendant's Motion to Dismiss-Count II (#24) is DENIED.

## V. MOTION TO SEVER

In his Motion to Sever (#25), Defendant argued that Count I should be severed from Count II for purposes of trial. Defendant contended that there is no connection between the two charges and that Defendant would be unduly prejudiced if the Government was allowed to try him for both charges at the same time. In his Memorandum, Defendant acknowledged that the Seventh Circuit has held that the joinder of drug trafficking charges and firearm charges is presumed to be proper. He argued, however, that he has not been charged with drug trafficking and it has not been alleged that he is a drug dealer. Defendant argued that it is his belief that Count II, charging unlawful possession of a firearm by a felon, is being used solely to strengthen and prove the allegations in Count I and to take advantage of an improper inference of criminal conduct.

In its Consolidated Response, the Government argued that Defendant's motion should be denied because, in this case, the firearm and drug evidence was seized from the same location, the offenses charged are largely based on the same evidence, and it is well settled that firearms are tools


of the drug trade. The Government contended that Defendant's argument that he is not charged with drug trafficking is without merit as the manufacture of methamphetamine inherently involves drug trafficking. The Government further contended that its evidence will establish that Defendant manufactured methamphetamine and provided it to others.

In his Reply, Defendant made the bold assertion that the evidence "clearly establishes that Defendant never possessed said firearms and that, in fact, they belonged to the Defendant's son who maintained them in a separate area of the household which was established as an apartment and into which the Defendant had no access." Based upon this assertion, Defendant continued to argue that joining the two counts would be "unduly prejudicial" to Defendant. This court notes that, based upon the evidence presented on November 15, 2005, this argument is totally frivolous and <u>not</u> supported by the evidence.

Rule 8(a) of the Federal Rules of Criminal Procedure states:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged–whether felonies or misdemeanors or both–are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8(a). Rule 14(a) provides that the court may order separate trials if the joinder of offenses for trial "appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a).

The decision to grant or deny a motion for severance is left to the sound discretion of the trial court. <u>United States v. Stokes</u>, 211 F.3d 1039, 1042 (7th Cir. 2000). Courts have a strong interest in favor of joinder of offenses; "in particular, joinder of offenses reduces the waste of precious

9

judicial and prosecutorial time in the already overburdened federal judicial system and reduces the burdens on witnesses from testifying at multiple trials." Stokes, 211 F.3d at 1042. Accordingly, the Seventh Circuit has emphasized that Rule 8 should be broadly construed to promote judicial efficiency and to avoid costly and duplicative trials. United States v. Frelund, 141 F.3d 1223, 1226 (7th Cir. 1998); United States v. Creamer, 370 F. Supp. 2d 715, 729 (N.D. Ill. 2005). It is well settled in the Seventh Circuit that drug trafficking and firearm counts are presumptively properly joined. Stokes, 211 F.3d at 1042; United States v. Pigee, 197 F.3d 879, 891 (7th Cir. 1999). The Seventh Circuit has stated:

> [W]here firearms have been discovered along with evidence of a defendant's drug trafficking, joinder of firearms and weapons charges has been approved due to the natural inferences that may be drawn from the contemporaneous possession of guns and drugs or drug paraphernalia: the firearm is an indication of drug activity, and participation in drug trafficking supplies a motive for having the gun.

Stokes, 211 F.3d at 1042, quoting United States v. Hubbard, 61 F.3d 1261, 1270 (7th Cir. 1995). In this case, methamphetamine was found in the same location as the firearms, as well as other evidence of the manufacture of methamphetamine. This court agrees with the Government that the manufacture of methamphetamine inherently involves drug trafficking. Accordingly, based upon the Seventh Circuit case law cited, this court concludes that Count I and Count II were properly joined under Rule 8. This court also agrees with the Government that, because the evidence was found during the same search, the same evidence would be admissible regarding both charges.

In order to establish that this court should grant a severance under Rule 14 on the basis that

the joinder causes prejudice to Defendant, Defendant has the burden to show that, absent the granting of the severance motion, he would be unable to obtain a fair trial. See Stokes, 211 F.3d at 1042. It is not enough to establish that "a separate trial would offer him a better chance of acquittal." Stokes, 211 F.3d at 1042, quoting United States v. Cyprian, 23 F.3d 1189, 1194 (7th Cir. 1994). Moreover, Defendant's argument that Count II was joined to Count I to strengthen Count I is a non-starter as a basis for severance under Rule 14. The Seventh Circuit has held that "evidentiary spillover," a case in which a strong count is added in the hope of bolstering a weak one, is not a basis for severance. United States v. Abdelhaq, 246 F.3d 990, 992 (7th Cir. 2001) ("as a basis for requiring severance, 'evidentiary spillover' has been rejected"); see also United States v. Dixon, 184 F.3d 643, 645-46 (7th Cir. 1999); United States v. Alexander, 135 F.3d 470, 478 (7th Cir. 1998); United States v. Taylor, 293 F. Supp. 2d 884, 902 (N.D. Ind. 2003). In addition, there is no prejudicial joinder where, as here, the joined counts involve evidence that is "mutually admissible" in separate trials. See United States v. Traeger, 289 F.3d 461, 473 (7th Cir. 2002).

This court concludes that Defendant has not shown any basis for concluding that he will suffer "actual prejudice" if the two counts are tried together. See Stokes, 211 F.3d at 1042-44. For the reasons stated, Defendant's Motion to Sever (#25) is DENIED.

## VI. MOTION FOR PRODUCTION OF GRAND JURY TRANSCRIPT

In his Motion for the Production of the Grand Jury Transcript (#29), Defendant argued that "the production of Grand Jury testimony is the only means by which Defendant can determine whether the indictment is subject to dismissal under Fed. R. Crim. P. 6(e); and it is essential to Defendant's preparation of a defense in that the discovery provided contains no evidence, even if believed, which would be sufficient to convict the Defendant." In his Memorandum, Defendant

concedes that the secrecy of grand jury proceedings should not be broken absent a compelling reason, but argued that the facts before this court demonstrate Defendant's need for a transcript of the grand jury testimony.

In its Consolidated Response, the Government argued that the Seventh Circuit has unequivocally stated that "the Jencks Act forbids a district court from ordering the production of statements of Government witnesses, even if they contain statements made by defendants, prior to the time the Government witnesses testify." United States v. Harris, 542 F.2d 1283, 1291 (7th Cir. 1976). Accordingly, the Government contended that Defendant's Motion should be denied.

In his Reply, Defendant contended that this court should order production of the grand jury transcript "[i]n light of the peculiar and particular circumstances found herein." Defendant argued, referring to his son, Marshall L. Blanchard, Jr., that the "only Grand Jury witness known to Defendant's counsel disavows any knowledge of the Defendant's involvement with methamphetamine and affirmatively denies the Defendant's possession of the firearms seized pursuant to warrant."

This court first notes that, at the hearing held on November 15, 2005, Defendant was provided with a transcript of the grand jury testimony of his son, Marshall L. Blanchard, Jr. Therefore, that part of his request is now moot. This court additionally notes that the transcript of Blanchard, Jr.'s grand jury testimony shows that, before the grand jury, the witness clearly did <u>not</u> disavow any knowledge of Defendant's involvement with methamphetamine and did <u>not</u> deny Defendant's possession of the firearms seized.

This court concludes that, to the extent that Defendant has not received the entire grand jury transcript, Defendant has not shown any basis for the production of any remaining portions of the

transcript. Accordingly, Defendant's Motion for the Production of Grand Jury Transcript (#29) is MOOT in part and DENIED in part.

### VII. AMENDED MOTION FOR MISCELLANEOUS RELIEF

In his Amended Motion for Miscellaneous Relief (#31), Defendant has requested that this court permit an evidentiary hearing for the purpose of examining Randy Kinsinger, Chief Decker, and Cynthia Blanding. Defendant also asked this court to allow him to issue subpoenas for radio transmissions and other evidentiary information which may demonstrate the State's knowledge of his actual innocence. Defendant has cited no authority which would even remotely support the granting of such unusual and extraordinary relief. In fact, Defendant's request appears to be based upon unsupported, and rather implausible, concerns regarding the evidence against him.

In its Consolidated Response, the Government argued that Defendant's unsupported motion is nothing more than a request for this court to conduct a fishing expedition. The Government further stated that it is fully aware of its obligations under Brady and intends to comply with them. The Government requested that Defendant's Motion be denied.

In his Reply, Defendant acknowledged that his request was "somewhat unique" and was premised to a large degree upon the Government's obligation under Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972).

This court has complete confidence that any evidence subject to disclosure under Brady and Giglio will be provided to Defendant by the Government. Accordingly, Defendant's Amended Motion for Miscellaneous Relief (#31) is DENIED. This court additionally notes that, because of the filing of the Amended Motion (#31), Defendant's original Motion for Miscellaneous Relief (#21) is MOOT.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion for Bill of Particulars (#20) is DENIED.

(2) Defendant's Motion Regarding Expert Witnesses (#22) is GRANTED.

(3) Defendant's Motion for Production of Names and Addresses of Potential Witnesses (#23) is DENIED.

(4) Defendant's Motion to Dismiss-Count II (#24) is DENIED.

(5) Defendant's Motion to Sever (#25) is DENIED.

(6) Defendant's Motion for Production of Grand Jury Transcript (#29) is MOOT in part and DENIED in part.

(7) Defendant's Amended Motion for Miscellaneous Relief (#31) is DENIED.

(8) Defendant's original Motion for Miscellaneous Relief (#21) is hereby declared MOOT.

(9) Defendant's Motions to Suppress (#26, #27, #28) are still pending and are scheduled for a continued hearing on December 12, 2005, at 9:15 a.m.

ENTERED this 22nd day of November, 2005

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE