E-FILED
Thursday, 15 December, 2005  04:45:24 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 05-20015 |
| | ) |
| MARSHALL BLANCHARD, | ) |
| | ) |
| Defendant. | ) |

**GOVERNMENT'S MOTION TO REVOKE BOND**

The United States of America, by its attorneys, Rodger A. Heaton, United States Attorney for the Central District of Illinois, and Timothy A. Bass, Assistant United States Attorney, respectfully submits its motion to revoke bond. The government states as follows:

1.  On April 8, 2005, the defendant was charged in the indictment with knowingly manufacturing methamphetamine on or about December 30, 2004, in violation of 21 U.S.C. § 841(a)(1), and felon in possession of a firearm on or about December 30, 2004, in violation of 18 U.S.C. § 922(g)(1).

2.  On April 14, 2005, the defendant was released on bond with conditions by Magistrate Judge David G. Bernthal.

3.  On September 22, 2005, the defendant filed several pre-trial motions, including a motion to suppress firearms found during the execution of a search warrant at his residence.

4. On November 15, 2005, this Court conducted an evidentiary hearing on the defendant's motion to suppress. At the hearing, the defendant's son, Marshall Blanchard, Jr., testified on behalf of the defendant. As this Court found at the hearing, Blanchard, Jr. testified falsely concerning the ownership and possession of the firearms seized from the defendant's residence and concerning the defendant's access to a porch area of his residence at the time the firearms were seized.

5. On December 12, 2005, this Court completed the evidentiary hearing on the defendant's motion to suppress. This Court granted the government's request to re-open the cross-examination of Marshall Blanchard, Jr.

6. Blanchard, Jr. testified that his testimony at the previous hearing concerning his possession and ownership of the firearms was false. He further testified that his prior testimony concerning the defendant's lack of access to the firearms found in the porch area of the defendant's residence was also false.

7. Blanchard, Jr. also testified that prior to the evidentiary hearing on November 15, 2005, the defendant twice raised the subject of Blanchard, Jr.'s testimony, including just prior to the hearing. Blanchard, Jr. testified that the defendant stated that the firearms belonged to Blanchard, Jr. and not the defendant. Blanchard, Jr. further testified that the defendant stated that he did not have access to the porch area of the defendant's residence. Finally, Blanchard, Jr. testified that the defendant asked Blanchard, Jr. to meet with the defendant's attorney prior to the evidentiary hearing.

The defendant then presented the false testimony of Blanchard, Jr. at the evidentiary hearing on November 15, 2005.

8. Title 18, United States Code, Section 3148 provides that the government may file a motion to revoke an order allowing a defendant's pre-trial release. Section 3148 provides that "[t]o the extent practicable," a defendant charged with violating a condition of release that prohibits a violation of federal or state law should be brought before the judicial officer that originally ordered the release. Section 3148 further provides that a defendant may be detained if the judicial officer finds that there is probable cause to believe that a person committed a violation of federal or state law while on release, and that the defendant is unlikely to abide by conditions of release. Finally, Section 3148 provides that if there is probable cause to believe that the defendant committed a federal or state felony, there is a rebuttable presumption that no conditions will assure that the defendant will not pose a danger to another person or the community.

9. In this case, the evidence presented to this Court at the evidentiary hearings on the defendant's motion to suppress established that the defendant committed a federal and state felony, in that he corruptly influenced his son to provide false testimony before this Court. See 18 U.S.C. § 1512(b). By his own actions obstructing justice and attempting to do so, the defendant has demonstrated that he is not likely to abide by the conditions of release. Given that the false testimony was presented to this Court and that defendant's conduct in presenting it also occurred before this Court, it is

most practicable that this Court, and not the judicial officer that ordered the defendant's release, consider this motion.

WHEREFORE, the United States of America respectfully requests that its motion be granted.

        Respectfully submitted,

        RODGER A. HEATON
        UNITED STATES ATTORNEY

BY:    s/Timothy A. Bass
        TIMOTHY A. BASS, Bar No. MO 45344
        United States Attorney
        201 S. Vine St., Suite 226
        Urbana, IL 61802
        Phone:  217/373-5875
        Fax: 217/373-5891
        tim.bass@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on the 15th day of December 2005, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Robert G. Kirchner
Kirchner Law Office
Suite 402
100 Trade Centre Drive
Champaign, IL 61820

                                                s/Timothy A. Bass
                                                TIMOTHY A. BASS
                                                United States Attorney
                                                201 S. Vine Street, Suite 226
                                                Urbana, Illinois 61802
                                                Phone: 217/373-5875
                                                Fax: 217/373-5891
                                                tim.bass@usdoj.gov