UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>   PLAINTIFF, )<br>vs. )<br> )<br>MARSHALL BLANCHARD, )<br>   DEFENDANT ) | Case #: 05-20015 |

RESPONSE TO GOVERNMENT'S *MOTION TO REVOKE BOND*

NOW COMES the Defendant, MARSHALL BLANCHARD, by his attorneys, Robert Kirchner of the Kirchner Law Office and Scott Lerner of the Lerner Law Offices, and in response to the Government's *Motion To Revoke Bond,* states as follows:

1. That on November 15, 2005 Marshall Blanchard Jr. was called as a witness on behalf of the government.

2. That on December 12th, 2005, Marshall Blanchard Jr., was called for a second time as a government witness to rebut his prior testimony under oath.

3. That on December 12th, 2005, Marshall Blanchard Jr. stated that after the hearing on November 15, 2005, he contacted law enforcement because his mother told him to contact them.

4. That on November 15, 2005, the Court specifically found that Marshall Blanchard Jr.'s testimony was not credible and as such, the Defendant had reason to believe that he might have done something wrong.

5. That during Marshall Blanchard Jr.'s testimony of December 12, 2005, Marshall Blanchard Jr. specifically testified that his father, did not threaten him or ask him to testify or not testify in any specific manner and there is no evidence that he has ever+

done so.

6. That Marshall Blanchard Jr. further testified that from the date of his initial testimony until the December 12th date, that his father did not pressure him in any way.

7. That the Court noted the demeanor of Marshall Blanchard Jr. on December 12th, 2005 and found his testimony to be credible.

8. That after the Defendant's initial testimony in open Court and prior to his testimony of December 12th, 2005, the only individuals who discussed his substantive testimony with him were law enforcement personnel, attorneys for the United States Government, and his mother.

9. That Marshall Blanchard Jr. was made aware by law enforcement of specific sanctions or punishments that could be imposed for what they perceived as perjury.

10. That Title XVIII, United States Code, §3148, specifically states that, "If there is probable cause to believe, while on release, the person committed a federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community. If the judicial officer finds that there are conditions of release that will assure that the person will not flee, or pose a danger to the safety of any other person or the community, and if the person will abide by such conditions, the judicial officer shall treat the person in accordance with the provisions of §3142 of this Title, and may amend the conditions of the release accordingly."

11. That there is no probable cause to support the position that the Defendant Marshall

      Blanchard violated any laws while on release.

12.   That the Court is assured that the Defendant will comply with the conditions of the Bond previously set based on the fact that he has shown up to each and every hearing, and that he has committed no crimes while out on Bond and he has otherwise fully complied with the conditions of his bond.

13.   That the U.S. Attorney specifically makes reference to Title XVIII, United States Code, §1512.

14.   That there is no evidence that the Defendant knowingly used intimidation or physical force, threats, or corruption to persuade Marshall Blanchard Jr. to do anything.

15.   That there is no reason to believe that the Defendant intentionally harassed or threatened anyone.

16.   That there are no facts to support the position of the Assistant United States Attorney that "The Defendant committed a federal and/or State felony in that he corruptly influenced his son to provide false testimony before the Court."

17.   That there are no facts alleged within the governments Motion to support these allegations.

18.   That these allegations are not supported by any testimony provided before this Court, and in fact are contrary to the specific testimony of Marshall Blanchard Jr..

19.   That the Court has prohibited contact between the Government, as well as, Defendant and his counsel until Marshall Blanchard, Jr. has obtained counsel or

waived the same and said Order is sufficient without inhibiting the Defendant's liberty, or his ability to cooperate in the preparation of his defense.

WHEREFORE, counsel prays that this Honorable Court deny the requested relief.

Respectfully Submitted,

MARSHALL BLANCHARD, Defendant,

By: **s/ Robert G. Kirchner**
   ROBERT G. KIRCHNER LAW OFFICE
   Robert G. Kirchner
  Attorney at Law
  100 Trade Centre Drive, Suite 402
  Champaign, IL 61820
  Phone: 217-355-5660
  Fax: 217-355-5675

By: **s/ Scott Lerner**
   LERNER LAW OFFICE
  Scott Lerner
  Attorney at Law
  201 West Springfield Suite 610
  Champaign, IL 61820
  Phone: 217-356-8381
  Fax:   217-356-7739

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 21st day December, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Timothy A. Bass**        tim.bass@usdoj.gov; staci.klayer@usdoj.gov

                              **s/ Robert Kirchner**
                              Robert Kirchner Bar Number: 6182070
                              Attorney for Plaintiff
                              100 Trade Centre Drive, Suite 402
                              Champaign, IL 61820
                              Phone: 217-355-5660
                              Fax: 217-355-5675
                              E-mail: rgk-kirchnerlaw@sbcglobal.net

                              **s/ Scott Lerner**
                              Scott Lerner
                              Attorney for Plaintiff
                              201 West Springfield  Suite 610
                              Champaign, IL 61820
                              Phone: 217-356-8381
                              Fax:   217-356-7739
                              E-mail: scott@lerner-law.com