## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-20015 |
| ) | |
| MARSHALL BLANCHARD, ) | |
| ) | |
| Defendant. ) | |

### REQUEST FOR THE GOVERNMENT TO DISCLOSE INTENT TO RELY ON ANY EVIDENCE OF CHARGED BAD ACTS, WRONGS, OR OTHER CRIMES

NOW COMES, MARSHALL BLANCHARD, Defendant, by and through his attorneys, ROBERT G. KIRCHNER LAW OFFICE and LERNER LAW OFFICE and respectfully moves this honorable Court to order the Government to disclose its intent to rely on any evidence of uncharged bad acts, wrongs, or other crimes, and in support thereof states and shows as follows:

1. As a general rule, the Government may not present evidence as to uncharged bad acts, wrongs, or "other crimes." *See* Fed.R.Evid. 404.

2. That if the Government intends to present evidence as to uncharged bad acts, it should "provide reasonable notice in advance of trial, or during a trial if the Court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial." Fed.R.Evid. 404(b).

3. That any acts that the Government claims do not fall under 404(b) as "other acts" should be disclosed in advance of trial as well, to minimize disruption of the trial

proceedings , and that this Court determine the admissibility of evidence of those acts following a proper consideration of the relevant factors, s*ee United States v. Zapata*, 871 F.2d 616, 620 (7th Cir. 1989).

WHEREFORE, counsel prays that this Honorable Court direct the Government to disclose, no later than two weeks prior to trial, any evidence of prior bad acts that it intends to introduce during trial. *See United States v. Pelini*, 896 F.Supp 795, 796 (N.D.Ill.1995) (holding that disclosure three weeks prior to trial satisfied the requirements of Fed.R.Evid. 404(b)). Counsel further prays that the Defendant be permitted to object, on any permissible ground, to the admission of such evidence, after the Government makes such; and that this Court bar admission of any evidence not properly disclosed by the Government disclosure. *See United States v. Skoczen*, 405 F.3d 537, 548 (7th Cir. 2005) (holding that the district court's admission of prior bad acts evidence was proper only after considering all proper objections by the defendant).

Respectfully Submitted,

MARSHALL BLANCHARD, Defendant,

By: **s/ Robert G. Kirchner**
   ROBERT G. KIRCHNER LAW OFFICE
  Robert G. Kirchner
 Attorney at Law
 100 Trade Centre Drive, Suite 402
 Champaign, IL 61820
 Phone: 217-355-5660
 Fax: 217-355-5675

By: **s/ Scott Lerner**
   LERNER LAW OFFICE
 Scott Lerner
 Attorney at Law
 201 West Springfield Suite 610

Champaign, IL 61820
Phone: 217-356-8381
Fax:   217-356-7739

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of February, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Timothy A. Bass**          tim.bass@usdoj.gov; staci.klayer@usdoj.gov

s/ Robert Kirchner
Robert Kirchner Bar Number: 6182070
Attorney for Plaintiff
100 Trade Centre Drive, Suite 402
Champaign, IL 61820
Phone: 217-355-5660
Fax: 217-355-5675
E-mail: rgk-kirchnerlaw@sbcglobal.net

s/ Scott Lerner
Scott Lerner
Attorney for Plaintiff
201 West Springfield  Suite 610
Champaign, IL 61820
Phone: 217-356-8381
Fax:   217-356-7739
E-mail: scott@lerner-law.com