UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-20015 |
| ) | |
| MARSHALL BLANCHARD, ) | |
| ) | |
| Defendant. ) | |

**MOTION IN LIMINE**
(Defendant's Prior Conviction)

NOW COMES the Defendant, MARSHALL BLANCHARD, by and through his attorneys, ROBERT KIRCHNER LAW OFFICE and LERNER LAW OFFICE, and pursuant to Rules 104 and 609, Fed.R.Evid., moves this Court for the entry of an Order barring the Government from introducing any evidence of the Defendant's prior felony conviction to impeach his credibility should he elect to testify at trial, or in the alternative, barring the Government from referring to, or mentioning, the name or nature of any of Defendant's prior felony conviction to impeach his credibility and in support thereof states and shows as follows:

1. Defendant is charged in this cause with unlawful possession of a fire arm by a convicted felon and with a drug-related offense. This Court previously denied Defendant's Motion for Severance.

2. On May 3, 1978, Defendant was convicted of burglary, a class 2 Felony, and was sentenced to three years probation, fines, costs, fees, and restitution.

3. Defendant's prior conviction of the felony burglary is more than ten years old.

4. Evidence of a conviction more than ten years old is not admissible "unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." Fed.R.Evid. 609(b).

5. Evidence of a defendant's prior felony conviction are admissible to impeach a defendant's testimony only "if the court determines that the probative value of admitting evidence outweighs its prejudicial effect to the accused." Fed.R.Evid. 609(a)(1).

6. In weighing the probative value against the prejudicial effect of introducing evidence of a defendant's prior felony conviction, this Court should consider the following five factors: (A) the impeachment value of the prior crime; (B) the point in time of the conviction and the witness' subsequent history; (C) the similarity between the past and present crime; (D) the importance of the defendant's testimony; and (E) the centrality of the credibility issue in the trial. *United States v. Mahone*, 537 F.2d 922, 929 (7th Cir. 1976).

7. Defendant plans to testify in his own defense, provided this Court disallow the Government from using any evidence of his past felony burglary conviction for impeachment purposes.

8. Defendant's ability to testify will likely determine the outcome of this case.

9. There is no similarity between the crime of burglary and the crime of unlawful possession of a fire arm by a convicted felon.

10. There is no similarity between the crime of burglary and drug-related offense.

11. Therefore, Rule 609(b) precludes the admissibility of Defendant's prior felony burglary conviction.

12. Defendant believes that the Government intends to introduce evidence of that prior burglary conviction, for the purpose of establishing the current firearm-related charge.

13. Therefore, this Court should weigh the balance in favor of the Defendant, and bar the Government from using any evidence of his prior felony burglary conviction to impeach his trial testimony.

14. Defendant renews, for purposes of appeal, his Motion to Dismiss the firearm-related charge, previously denied by this Court.

WHEREFORE the Defendant prays that this Court enter an Order barring the Government from introducing any evidence of the Defendant's prior felony burglary conviction for the purpose of impeaching his credibility, should he elect to testify at trial.

Respectfully Submitted,

MARSHALL BLANCHARD, Defendant,

By: **s/ Robert G. Kirchner**
ROBERT G. KIRCHNER LAW OFFICE
Robert G. Kirchner
Attorney at Law
100 Trade Centre Drive, Suite 402
Champaign, IL 61820
Phone: 217-355-5660
Fax: 217-355-5675

By: **s/ Scott Lerner**

LERNER LAW OFFICE
Scott Lerner
Attorney at Law
201 West Springfield  Suite 610
Champaign, IL 61820
Phone: 217-356-8381
Fax: 217-356-7739

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of February, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Timothy A. Bass**          tim.bass@usdoj.gov; staci.klayer@usdoj.gov

**s/ Robert Kirchner**
Robert Kirchner Bar Number: 6182070
Attorney for Plaintiff
100 Trade Centre Drive, Suite 402
Champaign, IL 61820
Phone: 217-355-5660
Fax: 217-355-5675
E-mail: rgk-kirchnerlaw@sbcglobal.net

**s/ Scott Lerner**
Scott Lerner
Attorney for Plaintiff
201 West Springfield  Suite 610
Champaign, IL 61820
Phone: 217-356-8381
Fax:    217-356-7739
E-mail: scott@lerner-law.com