UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-20015 |
| ) | |
| MARSHALL BLANCHARD, ) | |
| ) | |
| Defendant. ) | |

**MOTION IN LIMINE**
(Testimony by the Defendant's son)

NOW COMES, the Defendant, MARSHALL BLANCHARD, by and through his attorneys ROBERT G. KIRCHNER LAW OFFICE and LERNER LAW OFFICE and hereby moves this Honorable Court for the entry of an Order in Limine precluding the Government from eliciting testimony from the Defendant's son, concerning the Defendant's son's "concerns" regarding possible drug use by the Defendant and in support thereof states and shows as follows:

1. That Fed.R.Evid. Rule 701 prohibits the offering of opinion testimony, when the witness is not testifying as an expert, to the extent that such opinions or inferences must be rationally based on the perception of the witness and helpful to a clear understanding of the witnesses testimony or the determination of a fact in issue. It is further required that said opinions and inferences not be based upon scientific, technical, or other specialized knowledge within the scope of Rule 702.

2. That any conjecture speculation or "concerns" that the Defendant's son might have had concerning potential drug use by the Defendant in this cause would be highly

prejudicial and would be admitted in contravention of the express requirement of Rule 701 absent proper foundation by the government for his testimony.  In *U.S. v. Sweeney and Hughes*, 688 F.2d 1131 (7th Cir. 1982), the Court of Appeals allowed a witness under Rule 701 to testify to the identity of a certain drugs because of the witness' prior use of the drugs that he was identifying.  As the case held under Rule 701, "a witness is qualified to testify as to the identity of a drug based upon his prior use and knowledge of that drug and his sampling of the substance which he identified, coupled with his statement that the drug about which he is testifying affected him in the same manner as the drug he had previously ingested." *Id.* At 1145.  Absent proper foundation for Defendant's son, the Government should be precluded from eliciting testimony from Defendant's son regarding "concerns" regarding Defendant's possible drug use even if Defendant's objections to relevance, materiality, and the prejudicial affect outweighing probative value are overruled.

WHEREFORE, the Defendant prays that this Court bar the Government from eliciting any testimony concerning the Defendant's son's "concerns" regarding drug use by the Defendant.

Respectfully Submitted,

MARSHALL BLANCHARD, Defendant,

By: **s/ Robert G. Kirchner**
ROBERT G. KIRCHNER LAW OFFICE
Robert G. Kirchner
Attorney at Law
100 Trade Centre Drive, Suite 402
Champaign, IL 61820
Phone: 217-355-5660
Fax: 217-355-5675

          By: **s/ Scott Lerner**
            LERNER LAW OFFICE
            Scott Lerner
            Attorney at Law
            201 West Springfield  Suite 610
            Champaign, IL 61820
            Phone: 217-356-8381
            Fax:   217-356-7739

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day February, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Timothy A. Bass**    tim.bass@usdoj.gov; staci.klayer@usdoj.gov

          **s/ Robert Kirchner**
          Robert Kirchner Bar Number: 6182070
          Attorney for Plaintiff
          100 Trade Centre Drive, Suite 402
          Champaign, IL 61820
          Phone: 217-355-5660
          Fax: 217-355-5675
          E-mail: rgk-kirchnerlaw@sbcglobal.net

          **s/ Scott Lerner**
          Scott Lerner
          Attorney for Plaintiff
          201 West Springfield  Suite 610
          Champaign, IL 61820
          Phone: 217-356-8381
          Fax:   217-356-7739
          E-mail: scott@lerner-law.com