E-FILED
Tuesday, 07 March, 2006  04:51:56 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-20015 |
| ) | |
| MARSHALL BLANCHARD, ) | |
| ) | |
| Defendant. ) | |

### GOVERNMENT'S CONSOLIDATED RESPONSE TO DEFENDANT'S PRE-TRIAL MOTIONS

The United States of America, by its attorneys, Rodger A. Heaton, United States Attorney for the Central District of Illinois, and Timothy A. Bass, Assistant United States Attorney, respectfully submits its consolidated response to the defendant's pre-trial motions. The government states as follows:

### FACTS

1. The defendant is charged in the indictment with knowingly manufacturing methamphetamine on or about December 30, 2004, in violation of 21 U.S.C. § 841(a)(1), and felon in possession of a firearm on or about December 30, 2004, in violation of 18 U.S.C. § 922(g)(1).

2. This case is scheduled for trial on March 27, 2006.

3. The government's evidence at trial will include the following.

4. In 1978, the defendant was convicted of a felony offense in Illinois that was punishable by more than one year imprisonment.

5.  In 2004, the defendant owned two residences, one in Roberts, Illinois, and the other in Paxton, Illinois. The defendant lived at the Roberts residence with his son, Marshall, Jr. Marshall, Jr. was a college student, majoring in criminal justice, and was familiar with what methamphetamine was and the process by which it was produced.

6.  In the months preceding December 2004, Marshall, Jr. observed a noticeable change in the defendant's behavior. As Marshall, Jr. testified at a pretrial hearing in this case, he observed a significant change in the defendant's mood and a loss of weight.

7.  In November 2004, the defendant began associating with Cynthia Blanding and subsequently allowed Blanding to stay at his residence in Paxton. Between November and December 2004, Blanding observed the defendant manufucture methamphetamine at the Paxton residence. He provided part of the methamphetamine to Blanding. In addition, on at least one occasion, the defendant showed Blanding a firearm that he kept underneath his bed in his Roberts residence. Finally, on or about December 28, 2004, the defendant provided methamphetamine to another person in exchange for providing a tattoo to the defendant's daughter.

8.  On or about December 29, 2004, Marshall, Jr. was at the Roberts residence and observed two unknown men come to the residence and go upstairs with the defendant and remain there for an extended period of time. The next day, Marshall, Jr. returned home and detected a strong chemical odor in the residence and observed items consistent with the manufacture of methamphetamine. Marshall, Jr. took photographs

of the items and a sample of a white powdery substance. He then provided these items to his mother, the defendant's ex-wife, and expressed concern to her about the defendant's actions. The defendant's ex-wife alerted a Roberts police officer and provided the officer with the sample of the white substance and photographs provided to her by Marshall, Jr. The white substance field-tested positive for ephedrine, a precursor for the production of methamphetamine.

9. On December 29, 2004, a Roberts, Illinois law enforcement officer obtained state search warrants for the defendant's residences in Roberts and Paxton. The issuance of the search warrants was largely based on information provided by the defendant's son. During the search of the residences, officers seized methamphetamine and numerous items directly associated with its manufacture. Officers seized several other firearms. Included within the items seized was methamphetamine that was found on the nightstand in the defendant's bedroom and a firearm that were found under the mattress of the defendant's bed.

10. Following the searches of the defendant's residences, the defendant was charged in Ford County, Illinois with the manufacture of a controlled substance and a warrant was issued for his arrest. The defendant later fled to Tennessee to avoid the charges and was ultimately arrested in Tennessee on January 29, 2004, and returned to Illinois. At the time of this arrest, the defendant had burns on his face that are consistent with burns associated with manufacture of methamphetamine.

11. Following the defendant's return to Illinois (and as reflected in the defendant's filings in this case on September 15, 2005), a preliminary hearing was conducted in Ford County on March 10, 2005.

12. On April 8, 2005, the defendant was indicted in the Central District of Illinois and charged with the above-mentioned offenses. During the grand jury hearing in connection with the return of the indictment, Marshall, Jr. testified concerning the defendant's actions and the events leading up to the searches at the defendant's residences in Roberts and Paxton.

13. On April 11, 2005, ATF Special Agent Dennis Fritzsche and a Roberts police officer arrested the defendant pursuant to a federal warrant. Following his arrest, the defendant made several incriminating statements concerning his possession of firearms seized from his residence. The parties have agreed that the defendant may be impeached with these statements should he testify at trial.

14. On November 15, 2005, this Court conducted an evidentiary hearing on the defendant's motion to suppress. At the hearing, Marshall, Jr. testified on behalf of the defendant. As this Court found at the hearing, Marshall, Jr. testified falsely concerning the ownership and possession of the firearms seized from the defendant's residence and concerning the defendant's access to a porch area of his residence at the time the firearms were seized.

15. On December 12, 2005, this Court completed the evidentiary hearing on the defendant's motion to suppress. This Court granted the government's request to

re-open the cross-examination of Marshall, Jr. Marshall, Jr. testified that his testimony at the previous hearing concerning his possession and ownership of the firearms found at the defendant's residence was false. He also testified that the defendant attempted to influence him to provide false testimony. This Court subsequently concluded that the defendant attempted to obstruct justice and revoked the defendant's bond.

## ARGUMENT

16.     The defendant has filed three motions in limine and a motion for disclosure of evidence under Fed. R. Evid. 404(b). The government's response to those motions is as follows.

**Motion in Limine (Impeachment of the Defendant)**

17.     The defendant has filed a motion to limine seeking for this Court to exclude evidence of the defendant's "use of drugs." As the sole support for this motion, the defendant claims that such evidence is not admissible under Fed. R. Evid. 608(b). Contrary to this largely conclusory and unsupported motion, the government does not intend to introduce the defendant's "use of drugs" as impeachment under Rule 608(b). The government does, however, intend to introduce evidence of the defendant's involvement in the use, distribution and manufacture of methamohetamine as direct evidence of and as evidence intricately related to the charged offense, namely, the manufacture of methamphetamine. The defendant's motion is therefore meritless.

18.     "This Circuit has a well-established line of precedent which allows evidence of uncharged acts to be introduced if the evidence is 'intricately related' to the

acts charged in the indictment." United States v. Lane, 323 F.3d 568, 580 (7th Cir. 2003) (quoting United States v. Ryan, 213 F.3d 347, 350 (7th Cir. 2000)). Under the intricately-related doctrine, the admissibility of evidence of uncharged activity turns on: 1) whether the evidence is properly admitted to provide the jury with a complete story of the crime on trial; 2) whether its absence would create a chronological or conceptual void in the story of the crime; or 3) whether it is so blended or connected that it incidentally involves, explains the circumstances surrounding, or tends to prove any element of, the charged crime. Lane, 323 F.3d at 380; see also Ryan, 213 F.3d at 350. "Evidence need only satisfy one prong under [this analysis] in order to be admissible[.]" United States v. Harris, 271 F.3d 690, 705 (7th Cir. 2001).

19.    In this case, the defendant is charged with knowingly manufacturing methamphetamine. His involvement in the use, distribution and manufacture of methamphetamine will provide the jury with a "complete story of" the charged offenses and a "chronological unfolding of events that led to [the] indictment." See United States v. Akinrinade, 61 F.3d 1279, 1285-86 (7th Cir. 1995) (evidence of the defendant's heroin trafficking that took place before and a few days after the date of the charged offense was admissible); see also United States v. Ramirez, 45 F.3d 1096, 1102 (7th Cir. 1995) (seizure of marijuana as incident to defendant's arrest was intricately related to charged cocaine conspiracy and rebutted defendant's "innocent bystander" claim); United States v. Hargrove, 929 F.2d 316, 320 (7th Cir. 1991) (evidence of defendant's arrest 10 months after date of charged offense was intricately related to charged conspiracy). Moreover,

this evidence will establish the defendant's involvement in the manufacture of methamphetamine at and near the time charged in the indictment. It therefore relates directly to the charged offenses and is "consistent with other evidence [to be] adduced at trial." See Hargrove, 929 F.2d at 320. The evidence will also corroborate testimony from the defendant's son and Cynthia Blanding, two people who have direct knowledge of the charged offense. It will therefore "directly impact[] on the question of the veracity and strength of th[at] testimony[.]" See United States v. Hughes, 213 F.3d 323, 329 (7th Cir. 2001) (evidence was intricately related to the charged offense and corroborated witness testimony). Simply put, the evidence will "g[i]ve the jury a more, not less, accurate picture of the circumstances surrounding the charged crimes." Id. at 330. Finally, to the extent that the defendant's use or distribution of methamphetamine arguably falls within Fed. R. Evid. 404(b), such evidence is clearly relevant to the defendant's motive to manufacture methamphetamine. See United States v. Brooks, 125 F.3d 484, 499-500 (7th Cir. 1997) (drug use relevant to motive). The defendant's motion is therefore meritless.

**Motion in Limine (testimony from the defendant's son)**

20.    The defendant has filed a motion in limine seeking to exclude testimony from Marshall, Jr. regarding Marshall, Jr's "concerns" about the defendant's drug use. Contrary to this motion, Marshall, Jr. has personal knowledge of direct evidence of the crime charged. His testimony is therefore probative and admissible. See Fed. R. Evid.

401, 402. The defendant makes no serious effort to show otherwise. His motion is therefore meritless.

**Motion in Limine (Defendant's prior conviction)**

21.    The defendant has filed a motion in limine seeking to exclude evidence of the identity of his prior conviction. The government does not intend to introduce evidence of the identity of the conviction, but does intend to introduce evidence of the fact of that conviction since it is an element of the charged offense. Accordingly, the defendant's motion should be denied as moot.

**Motion for Disclsoure of 404(b) Evidence**

22.    The government has provided notice to the defendant of all evidence it intends to introduce at trial. The defendant's motion seeking disclosure of evidence under Fed. R. Evid. 404(b) should therefore be denied as moot.

Respectfully submitted,

RODGER A. HEATON
UNITED STATES ATTORNEY

BY:    s/Timothy A. Bass_____
TIMOTHY A. BASS, Bar No. MO 45344
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
tim.bass@usdoj.gov

CERTIFICATE OF SERVICE

      I hereby certify that on the 7th day of March 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Robert G. Kirchner
Kirchner Law Office
Suite 402
100 Trade Centre Drive
Champaign, IL 61820

Scott Lerner
Lerner Law Offices
Suite 608
201 W. Springfield Avenue
Champaign, IL 61824

                                            s/Timothy A. Bass
                                            TIMOTHY A. BASS
                                            Assistant United States Attorney
                                            201 S. Vine Street, Suite 226
                                            Urbana, Illinois 61802
                                            Phone: 217/373-5875
                                            Fax: 217/373-5891
                                            tim.bass@usdoj.gov