E-FILED
Thursday, 09 March, 2006  10:25:07 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

_____

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 05-CR-20015** |
| | ) | |
| **MARSHALL L. BLANCHARD,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### OPINION

This case is before the court for ruling on various pre-trial motions filed by Defendant, Marshall L. Blanchard.  This court has carefully considered the arguments presented by Defendant and the Government's Consolidated Response.  Following this careful review, this court rules as follows: (1) Defendant's Motion in Limine - Impeachment of Defendant (#48) is DENIED in part and GRANTED in part; (2) Defendant's Request for Disclosure under Rule 404(b) (#49) is DENIED as moot; (3) Defendant's Motion in Limine regarding Defendant's prior conviction (#50) is DENIED as moot; and (4) Defendant's Motion in Limine regarding the testimony of Defendant's son (#51) is DENIED.

### BACKGROUND

On April 8, 2005, Defendant, Marshall L. Blanchard, was charged in a two-count indictment with: (1) knowingly and intentionally manufacturing a mixture or substance containing methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1); and (2) unlawful possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1).  The indictment alleged that both offenses occurred on or about December 30, 2004.

Defendant has pled not guilty to both charges.  A final pretrial conference is scheduled for

March 15, 2006, at 2:00 p.m. and a jury trial is scheduled for March 27, 2006, at 9:00 a.m.

## PENDING MOTIONS

### I.  MOTION IN LIMINE - IMPEACHMENT OF DEFENDANT

On February 17, 2006, Defendant filed his Motion in Limine - Impeachment of Defendant (#48).  Defendant stated that he had been informed that the Government claims to possess evidence of drug use by Defendant, reflected in "concerns" to which his son, Marshall Blanchard, Jr., testified and a "drop" conducted during Defendant's pre-trial release.  Defendant argues that, based upon Rule 608(b) of the Federal Rules of Evidence, this court should preclude the Government from attempting to introduce, for impeachment of Defendant, Defendant's "use of drugs."

On March 7, 2006, the Government filed its Consolidated Response to Defendant's Pre-Trial Motions (#53).  In its Response, the Government set out in detail the evidence it intends to introduce at Defendant's trial.  In response to Defendant's Motion in Limine (#48), the Government stated that, contrary to Defendant's largely conclusory and unsupported motion, it does not intend to introduce Defendant's "use of drugs" as impeachment under Rule 608(b).  The Government stated that it does, however, intend to introduce evidence of Defendant's involvement in the use, distribution and manufacture of methamphetamine as direct evidence of and as evidence intricately related to the charged offense of the manufacture of methamphetamine.  The Government argued that this is proper based upon the Seventh Circuit's well-established line of precedent which allows evidence of uncharged acts to be introduced if the evidence is "intricately related" to the acts charged in the indictment.  See United States v. Lane, 323 F.3d 568, 580 (7th Cir. 2003); United States v. Ryan, 213 F.3d 347, 350 (7th Cir. 2000).  Under the "intricately related" doctrine, the admissibility of evidence of uncharged activity turns on: (1) whether the evidence is properly

admitted to provide the jury with a complete story of the crime on trial; (2) whether its absence would create a chronological or conceptual void in the story of the crime; or (3) whether it is so blended or connected that it incidentally involves, explains the circumstances surrounding, or tends to prove any element of the charged crime. Lane, 323 F.3d at 580. "Evidence need only satisfy one prong under [this analysis] in order to be admissible[.]" United States v. Harris, 271 F.3d 690, 705 (7th Cir. 2001).

The Government argues that, based upon the applicable case law, evidence of Defendant's involvement in the use, distribution and manufacture of methamphetamine will provide the jury with "a complete story of" the charged offense and a "chronological unfolding of events that led to [the] indictment." United States v. Akinrinade, 61 F.3d 1279, 1285-86 (7th Cir. 1995). This court agrees with the Government's argument that this evidence should be admitted at trial. This court further concludes that the probative value of this evidence outweighs its prejudicial effect. See Lane, 323 F.3d at 581.

The Government did not address Defendant's argument that evidence of a "drop" during Defendant's pre-trial release should not be admitted, and this court assumes that the Government does not intend to introduce this evidence. Therefore, that request by Defendant is granted.

## II. REQUEST FOR DISCLOSURE OF 404(b) EVIDENCE

On February 17, 2006, Defendant filed a Request for the Government to Disclose Intent to Rely on any Evidence of Charged Bad Acts, Wrongs, or Other Crimes (#49). Defendant argued that, under Rule 404(b) of the Federal Rules of Evidence, he was entitled to notice of the Government's intent to present evidence as to uncharged bad acts, wrongs, or "other crimes." Defendant asked this court to enter an order directing the Government to disclose, no later than two weeks prior to trial,

any evidence of prior bad acts it intends to introduce during trial.

In its Consolidated Response (#53), the Government stated that it has provided notice to Defendant of all evidence it intends to introduce at trial. The Government argued that this court should therefore deny Defendant's Motion as moot. This court agrees.

### III. MOTION IN LIMINE - PRIOR CONVICTION

On February 17, 2006, Defendant filed a Motion in Limine regarding his prior conviction (#50). Defendant stated that he was convicted of burglary, a class 2 felony, in 1978 and was sentenced to three years' probation. Defendant argued that the Government should not be allowed to introduce evidence of this conviction to impeach Defendant's testimony under Rule 609 of the Federal Rules of Evidence because the conviction is more than 10 years old.

In its Consolidated Response (#53), the Government stated that it does not intend to introduce evidence of the identity of the conviction, but does intend to introduce evidence of the fact of the conviction because it is an element of the offense of unlawful possession of a firearm by a felon. The Government argues that Defendant's Motion should be denied as moot.

This court notes that the Government's intention to introduce only the fact of the felony conviction, without any evidence regarding the identity of the crime, is consistent with the holding of the United States Supreme Court in Old Chief v. United States, 519 U.S. 172 (1997). In Old Chief, the Court held that a defendant must be allowed to concede the fact of the prior conviction so that the name and nature of the prior offense is not presented to the jury. Old Chief, 519 U.S. at 191.

This court further notes that, in this type of prosecution, there is no way around the fact that the jury will be informed that Defendant is a convicted felon who is barred from possessing a gun.

See <u>Old Chief</u>, 519 U.S. at 190-91.  Therefore, this court agrees with the Government that Defendant's Motion must be denied as moot.

IV.  MOTION IN LIMINE REGARDING TESTIMONY OF DEFENDANT'S SON

On February 17, 2006, Defendant filed a Motion in Limine regarding the testimony of his son, Marshall Blanchard, Jr. (#51).  Defendant asked this court to enter an order precluding the Government from introducing evidence that Defendant's son had "concerns" regarding possible drug use by Defendant.  Defendant argues that this evidence should be barred because Rule 701 of the Federal Rules of Evidence prohibits the offering of opinion testimony when the witness is not testifying as an expert.

In its Consolidated Response (#53), the Government argued that, contrary to Defendant's Motion, Defendant's son has personal knowledge of direct evidence of the crime charged and, therefore, his testimony is probative and admissible.  The Government pointed out that Defendant made no serious effort to show otherwise.  This court agrees with the Government that there is no basis for Defendant's Motion and it must be denied.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion in Limine - Impeachment of Defendant (#48) is DENIED as to the evidence of Defendant's use of drugs intricately related to the offense charged and is GRANTED as to evidence of a "drop" conducted during Defendant's pre-trial release.

(2) Defendant's Request for Disclosure of Rule 404(b) Evidence (#49) is DENIED as moot.

(3) Defendant's Motion in Limine regarding Defendant's prior conviction (#50) is DENIED as moot.

(4) Defendant's Motion in Limine regarding the testimony of Defendant's son (#51) is

5

DENIED.

(5) This case remains scheduled for a final pretrial conference on March 15, 2006, at 2:00

p.m. and for a jury trial on March 27, 2006, at 9:00 a.m.

ENTERED this 9th day of March, 2006

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE