E-FILED
Wednesday, 22 March, 2006  04:19:40 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-20015 |
| | ) | |
| MARSHALL BLANCHARD, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S MOTION IN LIMINE

The United States of America, by its attorneys, Rodger A. Heaton, United States Attorney for the Central District of Illinois, and Timothy A. Bass, Assistant United States Attorney, respectfully submits its motion in limine. The government states as follows:

### INTRODUCTION

1. In this motion in limine, the government requests that this Court exclude irrelevant and inadmissible evidence concerning: 1) unsubstantiated allegations that Randy Kinzinger, a former Roberts, Illinois, police officer, had a personal relationship with Lori Blanchard, the defendant's ex-wife, more than three years after the defendant and Lori Blanchard ceased living together; and 2) evidence that certain defense witnesses have not seen or heard of the defendant manufacturing methamphetamine or possessing firearms.

## FACTS

2. The defendant is charged in the indictment with knowingly manufacturing methamphetamine on or about December 30, 2004, in violation of 21 U.S.C. § 841(a)(1), and felon in possession of a firearm on or about December 30, 2004, in violation of 18 U.S.C. § 922(g)(1).

3. The government's evidence at trial will include the following.

4. In 1978, the defendant was convicted of a felony offense in Illinois that was punishable by more than one year imprisonment. In approximately 1991, the defendant and his ex-wife, Lori Blanchard, were divorced. The defendant and Lori continued living together following their divorce, with their son, Marshall, Jr., until approximately 2001, more than 3 years prior to the charged offenses.

5. In 2004, the defendant owned two residences, one in Roberts, Illinois, and the other in Paxton, Illinois. The defendant lived at the Roberts residence with his son, Marshall, Jr. Marshall, Jr. was a college student, majoring in criminal justice, and was familiar with what methamphetamine was and the process by which it was produced.

6. In the months preceding December 2004, Marshall, Jr. observed a noticeable change in the defendant's behavior. As Marshall, Jr. testified at a pretrial hearing in this case, he observed a significant change in the defendant's mood and a loss of weight.

7. In November 2004, the defendant began associating with Cynthia Blanding and subsequently allowed Blanding to stay at his residence in Paxton.

Between November and December 2004, Blanding observed the defendant manufucture methamphetamine at the Paxton residence. He provided part of the methamphetamine to Blanding. In addition, on at least one occasion, the defendant showed Blanding a firearm that he kept underneath his bed in his Roberts residence. Finally, on or about December 28, 2004, the defendant provided methamphetamine to another person in exchange for providing a tattoo to the defendant's daughter.

8. On or about December 29, 2004, Marshall, Jr. was at the Roberts residence and observed two unknown men come to the residence and go upstairs with the defendant and remain there for an extended period of time. The next day, Marshall, Jr. returned home and detected a strong chemical odor in the residence and observed items consistent with the manufacture of methamphetamine. Marshall, Jr. took photographs of the items and a sample of a white powdery substance. He then provided these items to his mother, Lori Blanchard, the defendant's ex-wife, and expressed concern to her about the defendant's actions. Lori Blanchard alerted Randy Kinzinger, a Roberts police officer, and provided Kinzinger with the sample of the white substance and photographs provided to her by Marshall, Jr. The white substance field-tested positive for ephedrine, a precursor for the production of methamphetamine.

9. On December 29, 2004, Kinzinger obtained state search warrants for the defendant's residences in Roberts and Paxton. The issuance of the search warrants was largely based on information provided by the defendant's son. During the search of the residences, which was conducted by multiple officers, officers seized

methamphetamine and numerous items directly associated with its manufacture and several firearms. Included within the items seized was methamphetamine that was found on the nightstand in the defendant's bedroom and a firearm that was found under the mattress of the defendant's bed.

10. Following the searches of the defendant's residences, the defendant was charged in Ford County, Illinois with the manufacture of a controlled substance and a warrant was issued for his arrest. The defendant later fled to Tennessee to avoid the charges and was ultimately arrested in Tennessee on January 29, 2004, and returned to Illinois. At the time of this arrest, the defendant had burns on his face that are consistent with burns associated with manufacture of methamphetamine.

## ARGUMENT

11. The government anticipates that the defendant may attempt to introduce allegations that Randy Kinzinger, one of the police officers involved in the searches of the defendant's residences, had a personal relationship with Lori Blanchard more than 3 years after the defendant and Lori Blanchard ceased living together. Such allegations are untrue, there is no good faith basis for them, and any evidence as to such allegations is plainly irrelevant and should therefore be excluded.

12. It is well established that a cross-examiner must have a good-faith basis to ask a question. United States v. Adames, 56 F.3d 737, 745 (7th Cir. 1995); United States v. Jungles, 903 F.2d 468, 478 (7th Cir. 1990); United States v. Holt, 817 F.2d 1264, 1274 (7th Cir. 1987). In addition, Rule 608(b) of the Federal Rules of Evidence provides that

specific instances of the conduct of a witness may be inquired into on cross-examination of the witness if probative of the witness' character for untruthfulness. Fed. R. Evid. 608(b). Rule 404(b) provides that evidence of a person's character is not admissible to prove action in conformity therewith. Finally, Rule 403 provides that evidence may be excluded if it is substantially outweighed by the danger of unfair prejudice or confusion of the issues.

13.     In this case, counsel for the defendant has advised the government that he intends to attempt to impeach Randy Kinzinger, a government witness, with allegations that Kinzinger had a personal relationship with Lori Blanchard, the defendant's ex-wife. This evidence is plainly inadmissible because there is simply no good faith basis for this unproven allegation. Moreover, an allegataion that Kinzinger may have had a personal relationship with Lori Blanchard more than 3 years after the defendant and Lori Blanchard ceased living together is plainly irrelevant. It has nothing to do with credibility or untruthfulness and is therefore inadmissible under Rule 608(b). Rather, it is an attempt to make an unsubstantiated allegation of bad character, which is precluded under Rule 404(b). Finally, such evidence would create a danger of unfair prejudice and confusion of the issues and should therefore be excluded under Rule 403. Accordingly, the government requests that this Court preclude the defendant from presenting any evidence or allegations that Kinzinger had a personal relationship with Lori Blanchard.

14.     The government further anticipates that the defendant intends to call witnesses to testify that they have not seen or heard of the defendant manufacturing methamphetamine or possessing firearms. Such proof of assertions by a negative are inadmissible, United States v. Beverly, 913 F.3d 337, 353 (7th Cir. 1990), and should therefore be excluded.

15.     In Beverly, the defendant, who was convicted of conspiracy to distribute heroin and cocaine, argued on appeal that the district court abused its discretion in refusing to admit testimony from a witness who would have testified that he had not seen the defendant buy or sell cocaine at a particular location. The Seventh Circuit noted that "[t]his matter needs little elaboration" and that "the evidence was simply not relevant." Id. The court further noted that the testimony would have revealed nothing about the defendant's activities at a location relevant to the case. Finally, the court noted that the defendant "undoubtedly could have called any number of additional witnesses to testify that they never had purchased cocaine from him. Such proof of an assertion by a negative is inadmissible." Id.; see also United States v. Troutman, 814 F.2d 1428, 1454 (10th Cir. 1987) (defendant indicted for extortion of specific company offered evidence that he had not extorted other companies; evidence properly excluded as irrelevant); Shakur v. United States, 32 F.Supp.2d 651, 670-71 (S.D.N.Y. 1999).

16.     Similarly, in this case, the government anticipates that the defendant will attempt to introduce testimony that certain witnesses did not see or hear of the

defendant manufacturing methamphetamine or possessing firearms. Such proof of assertions are not relevant and are therefore inadmissible.

WHEREFORE, the United States of America respectfully requests that its motion in limine be granted.

    Respectfully submitted,

    RODGER A. HEATON
    UNITED STATES ATTORNEY

BY:    s/Timothy A. Bass
    TIMOTHY A. BASS, Bar No. MO 45344
    Assistant United States Attorney
    201 S. Vine St., Suite 226
    Urbana, IL 61802
    Phone: 217/373-5875
    Fax: 217/373-5891
    tim.bass@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on the 22nd day of March 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Robert G. Kirchner
Kirchner Law Office
Suite 402
100 Trade Centre Drive
Champaign, IL 61820

Scott Lerner
Lerner Law Offices
Suite 608
201 W. Springfield Avenue
Champaign, IL 61824

    s/Timothy A. Bass
    TIMOTHY A. BASS, Bar No. MO 45344
    Assistant United States Attorney
    201 S. Vine Street, Suite 226
    Urbana, Illinois 61802
    Phone:  217/373-5875
    Fax: 217/373-5891
    tim.bass@usdoj.gov