**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-20015 |
| ) | |
| MARSHALL BLANCHARD, ) | |
| ) | |
| Defendant. ) | |

**RESPONSE TO GOVERNMENT'S MOTION IN LIMINE**

NOW COMES, the Defendant, MARSHALL L. BLANCHARD, by and through his attorneys, ROBERT G. KIRCHNER LAW OFFICE and LERNER LAW OFFICE and hereby files his response to the Government's Motion in Limine and in support thereof states and shows unto the Court as follows:

1. The Governments seeks to bar evidence of a personal relationship between the former spouse of the Defendant and Mr. Kinzinger.

2. Both persons are witnesses the Government intends to call in it's case in chief.

3. The relationship between said witnesses and their opportunity, motive, interest and bias in coordinating their testimony, as well as their animosity towards the Defendant, are classic matters for cross examination.

4. The authorities cited by the Government do not address this issue.

5. The Government further seeks to deprive the Defendant of an opportunity to defend against the charges filed herein by claiming that witnesses with relevant and

6. The Government cites *United States v. Beverly 913.F.3d 337, 353 (7th Cir. 1990)* for this assertion.

7. In Beverly the Court affirmed the refusal of testimony which was heresay and more importantly irrelevant as the evidence did not relate to Mr. Beverly's activities at Samons. (At 353)

8. The Government's indictment alleges that the offenses charged occurred "on or about December 30th, 2004."

9. Witnesses who refute allegations made by Government's witness regarding conduct "on or about December 30th, 2004" are relevant and material.

10. Defendant admits that "negative evidence" not relevant to "on or about December 30th, 2004" would be inadmissible as it's circumstantial weight decreases as it loses proximity in time.

11. The Government's efforts to use the Defendant's son's "concerns" about his father's weight loss and demeanor further renders such "negative evidence" relevant and admissible.

WHEREFORE the Defendant prays that this Court deny the Government's Motion in Limine.

Respectfully Submitted,

MARSHALL BLANCHARD, Defendant,

By: **s/ Robert G. Kirchner**

admissible testimony refuting the claims of the Government's witnesses regarding the Defendant's conduct should not be permitted to testify.

        ROBERT G. KIRCHNER LAW OFFICE
        Robert G. Kirchner
        Attorney at Law
        100 Trade Centre Drive, Suite 402
        Champaign, IL 61820
        Phone: 217-355-5660
        Fax: 217-355-5675

By: **s/ Scott Lerner**
        LERNER LAW OFFICE
        Scott Lerner
        Attorney at Law
        201 West Springfield  Suite 610
        Champaign, IL 61820
        Phone: 217-356-8381
        Fax:   217-356-7739

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of March, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Timothy A. Bass**    tim.bass@usdoj.gov; staci.klayer@usdoj.gov

        **s/ Robert Kirchner**
        Robert Kirchner Bar Number: 6182070
        Attorney for Plaintiff
        100 Trade Centre Drive, Suite 402
        Champaign, IL 61820
        Phone: 217-355-5660
        Fax: 217-355-5675
        E-mail: rgk-kirchnerlaw@sbcglobal.net

        **s/ Scott Lerner**
        Scott Lerner
        Attorney for Plaintiff
        201 West Springfield  Suite 610
        Champaign, IL 61820
        Phone: 217-356-8381
        Fax:   217-356-7739
        Email: sky@advancenet.net