**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-20015 |
| ) | |
| MARSHALL BLANCHARD, ) | |
| ) | |
| Defendant. ) | |

**MOTION TO COMPEL THE DISCLOSURE OF "*BRADY*" MATERIAL**

NOW COMES, the Defendant, MARSHALL L. BLANCHARD, by and through his attorneys, ROBERT G. KIRCHNER LAW OFFICE and LERNER LAW OFFICE and hereby renews and moves this honorable Court to compel the disclosure of "*Brady*" material and in support thereof states and shows unto the Court as follows:

1. That the United States Attorney agreed in prior discovery responses that they had an affirmative duty to provide "*Brady*" material and would provide said materials and this Court previously denied relief to the Defendant based upon said assurances.

2. That on Friday, March 24th, 2006, at approximately 4:45pm, counsel, Scott Lerner, specifically inquired of the Assistant United State's Attorney, Timothy Bass, if there was any "Brady" material that had not been provided.

3. That Timothy Bass responded that there was not.

4. That counsel has been able to determine that the government's key witness Cynthia Blanding, has felony convictions for manufacturing methamphetamine

that were not disclosed, nor has her specific involvement in those offenses been disclosed. Counsel has also not been apprised of pleas agreements entered into with her.

5. That information concerning her knowledge, techniques, and methods of production are relevant to determine her role in this case and thus Defendant's innocence.

6. That counsel has reason to believe Ms. Blanding may have other arrests perhaps related to methamphetamine and was actually interviewed by officers listed by the Government's witnesses in this case.

7. That said evidence would be relevant not simply ro impeach her credibility but also as substantive evidence.

8. That in the case of *Criven v. Roth* the Court found that the government's failure to provide the criminal history record of a key witness was a violation of "*Brady*". *Crivens v. Roth, 172.F.3d 991, 996-998 (7th Cir. 1999).*

WHEREFORE the Defendant prays this honorable Court grant the above requested relief.

Respectfully Submitted,

MARSHALL BLANCHARD, Defendant,

By: s/ Robert G. Kirchner
    ROBERT G. KIRCHNER LAW OFFICE
    Robert G. Kirchner
    Attorney at Law
    100 Trade Centre Drive, Suite 402
    Champaign, IL 61820

Phone: 217-355-5660
Fax: 217-355-5675

By: **s/ Scott Lerner**
   LERNER LAW OFFICE
Scott Lerner
Attorney at Law
201 West Springfield  Suite 610
Champaign, IL 61820
Phone: 217-356-8381
Fax:   217-356-7739

### CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of March, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Timothy A. Bass**          **tim.bass@usdoj.gov; staci.klayer@usdoj.gov**

**s/ Robert Kirchner**
Robert Kirchner Bar Number: 6182070
Attorney for Plaintiff
100 Trade Centre Drive, Suite 402
Champaign, IL 61820
Phone: 217-355-5660
Fax: 217-355-5675
E-mail: rgk-kirchnerlaw@sbcglobal.net

**s/ Scott Lerner**
Scott Lerner
Attorney for Plaintiff
201 West Springfield  Suite 610
Champaign, IL 61820
Phone: 217-356-8381
Fax:   217-356-7739
Email: sky@advancenet.net