E-FILED
Tuesday, 28 March, 2006  08:32:41 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| PLAINTIFF, ) | |
| vs. ) | |
| ) | Case #: 05-20015 |
| MARSHALL BLANCHARD, ) | |
| DEFENDANT ) | |

SECOND MOTION TO COMPEL THE DISCLOSURE OF "*BRADY*" MATERIAL

NOW COMES; MARSHALL BLANCHARD, by his attorneys, Robert Kirchner of the Kirchner Law Office and Scott Lerner of the Lerner Law Office and respectfully moves, this honorable court to compel the disclosure of "*Brady*" material and in support there of states as follows:

1. That the United States Attorney agreed in prior discovery responses that they had an affirmative duty to provide "Brady" material and would provide said materials.

2. That on Friday March 24, 2006 counsel, Scott Lerner, specifically inquired of the Assistant Untied State's Attorney, Timothy Bass, if there was any "Brady" material that had not been provided.

3. That Timothy Bass responded that there was not.

4. Under Brady v. Maryland the court held that, "We now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." (Brady v Maryland 373 U.S. 83, 87 (1963) )

5. In the case of John GIGLIO, Petitioner, v. the United States, the Supreme Court

        reversed a conviction based on the government's failure to provide key information concerning a witness. The court states, "Taliento's credibility as a witness was therefore an important issue in the case, and evidence of any understanding or agreement as to a future prosecution would be relevant to his credibility and the jury was entitled to know of it.". Giglio v. U.S., 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 ( 1972).

6. That counsel believes that the government's key witness Cynthia Blanding, has at least two felony arrests/convictions for manufacturing methamphetamine that have not been disclosed, including in Vermillion and Kankakee Counties.

7. That information concerning her techniques and methods of production are relevant to the jury's determination of the Defendant's actual innocence and to determining her role in this case.

8. That said evidence would be relevant not simply to impeach her credibility but as substantive evidence.

9. That in the case of Crivens v. Roth the court found that the governments failure to provide the criminal history record of a key witness was a violation of "Brady". CRIVENS v. ROTH, 172 F.3d 991 (7th Circ. 1999)

10. That on March 27, 2006 the government asserted they do not have to disclose "Brady" material if it is held by law enforcement agencies, including agencies whose representatives are to be called as witnesses by the government in this case, since the US Attorneys office is not in "possession" of said information.

11. That the facts in Cindy Blandings prior arrests/convictions in methamphetamine

cases would tend to show how she creates a laboratory and what techniques she uses and would both be used as impeachment and substantive evidence and that timely disclosure - prior to Cindy Blanding testifying - is mandated under Brady and its subsequent applications.

Wherefore; counsel prays this honorable court compel the government to turn over Brady material including that relating to Cindy Blanding in a timely fashion so as to permit use of such information in the cross examination of the government's witnesses.

By: **s/ Robert G. Kirchner**
ROBERT G. KIRCHNER LAW OFFICE
Robert G. Kirchner
Attorney at Law
100 Trade Centre Drive, Suite 402
Champaign, IL 61820
Phone: 217-355-5660
Fax: 217-355-5675

By: **s/ Scott Lerner**
LERNER LAW OFFICE
Scott Lerner
Attorney at Law
201 West Springfield  Suite 610
Champaign, IL 61820
Phone: 217-356-8381
Fax:   217-356-7739

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of March, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Timothy A. Bass**         tim.bass@usdoj.gov; staci.klayer@usdoj.gov

                                **s/ Robert Kirchner**
                                Robert Kirchner Bar Number: 6182070
Attorney for Plaintiff
100 Trade Centre Drive, Suite 402
Champaign, IL 61820
Phone: 217-355-5660
Fax: 217-355-5675
E-mail: rgk-kirchnerlaw@sbcglobal.net

**s/ Scott Lerner**
Scott Lerner
Attorney for Plaintiff
201 West Springfield  Suite 610
Champaign, IL 61820
Phone: 217-356-8381
Fax:   217-356-7739
Email: sky@advancenet.net

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| PLAINTIFF, ) | |
| vs. ) | |
| ) | Case #: 05-20015 |
| MARSHALL BLANCHARD, ) | |
| DEFENDANT ) | |

MEMORANDUM OF LAW IN SUPPORT OF THE SECOND MOTION TO COMPEL THE DISCLOSURE OF "*BRADY*" MATERIAL

The government's position to take the ostrich approach to Brady v. Maryland is without merit. The government can not claim that they have no duty to provide exculpatory evidence unless it is already in their hands is contrary to Brady. In the case Crivens v. Roth the court points out in reference to Brady that, "Within this context, prosecutors have an affirmative duty to disclose such evidence and a duty to 'learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police.' " Crivens v. Roth, 172 F.3d 991 (7th 1999). In the case of U.S. v. Hamilton, the court in dicta points out that, "The prosecutor cannot get around Brady by keeping herself in ignorance." UNITED STATES v. HAMILTON, 107 F.3d 499 (7th Circ. 1997). In the case of U.S v. FAIRMAN the court in finding a Brady violation points out that, "The prosecutor's ignorance of the existence of Officer Smith's worksheet does not justify the State's failure to produce it, since Brady provides that the good faith or bad faith of the prosecution is irrelevant to the due process inquiry. See Brady, 373 U.S. at 87, 83 S.Ct. at 1196; United States v. Agurs, 427 U.S. 97, 110, 96 S.Ct. 2392, 2400, 49 L.Ed.2d 342 (1976) (whether the suppression of evidence results in constitutional error depends upon the character of the evidence, not the character of the prosecutor). Cf. United States v. Esposito, 523 F.2d 242, 248-49 (7th Cir.1975) (good faith of prosecutor relevant only insofar as special benefit of the doubt on the question of materiality should be given to a defendant when the prosecutor's failure to reveal evidence is not in good faith), cert. denied, 425 U.S. 916, 96 S.Ct. 1517, 47 L.Ed.2d 768 (1976). This may be especially true when the withheld evidence is under the control of a state instrumentality closely aligned with the prosecution, such as the police." U.S. v. Fairman.769 F.2d 386 (7th Circ. 1985)

By: **s/ Robert G. Kirchner**
    ROBERT G. KIRCHNER LAW OFFICE
    Robert G. Kirchner
    Attorney at Law
    100 Trade Centre Drive, Suite 402
    Champaign, IL 61820
    Phone: 217-355-5660
    Fax: 217-355-5675

By: **s/ Scott Lerner**
    LERNER LAW OFFICE
    Scott Lerner
    Attorney at Law
    201 West Springfield  Suite 610
    Champaign, IL 61820
    Phone: 217-356-8381
    Fax:   217-356-7739

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of March, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Timothy A. Bass**    tim.bass@usdoj.gov; staci.klayer@usdoj.gov

**s/ Robert Kirchner**
Robert Kirchner Bar Number: 6182070
Attorney for Plaintiff
100 Trade Centre Drive, Suite 402
Champaign, IL 61820
Phone: 217-355-5660
Fax: 217-355-5675
E-mail: rgk-kirchnerlaw@sbcglobal.net

**s/ Scott Lerner**
Scott Lerner
Attorney for Plaintiff
201 West Springfield  Suite 610
Champaign, IL 61820
Phone: 217-356-8381
Fax:   217-356-7739
Email: sky@advancenet.net