UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 05-20015 |
| MARSHALL BLANCHARD, ) | |
| Defendant. ) | |

## MOTION IN LIMINE REGARDING EVIDENCE OF BAD ACTS, WRONGS, OR OTHER CRIMES

NOW COMES, the Defendant, MARSHALL L. BLANCHARD, by and through his attorneys, ROBERT G. KIRCHNER LAW OFFICE and LERNER LAW OFFICE and hereby moves this Honorable Court for an Order in Limine prohibiting the Government from placing into evidence bad acts, wrongs, or other crimes not previously disclosed and in support thereof states and shows unto the Court as follows:

1. That on February 17th, 2006 the Defendant filed a request for the Government to disclose it's intent to rely on any evidence relating to bad acts, wrongs, or other crimes and requested disclosure not less than three weeks prior to trial.

2. That the Defendant also filed a Motion in Limine seeking to limit impeachment by cross examination of the Defendant relating to Defendant's "drug use".

3. That the Government filed a response to said motions on March 7th, 2006 advising that it intended to introduce evidence of the Defendant's involvement in the "use, distribution, and manufacture of methamphetamine."

4. That the Government's response further advised that it had provided notice to the Defendant of all evidence it intended to introduce at trial and, therefore, Defendant's motion for disclosure under 404(b) should be denied as moot.

5. That an Order was entered by this Court March 9th, 2006, accepting the Government's representations that it intended to introduce evidence relating not to the claim of the Defendant's "use of drugs", but instead, Defendant's involvement in the "use, distribution, and manufacture of methamphetamine" and finding such evidence to be admissible.

6. With respect to the Defendant's request for disclosure of 404(b) evidence, the Court found that the Defendant's motion was moot as the Government had provided to the Defendant all such evidence it intended to introduce at trial.

7. That subsequent to the commencement of trial proceedings in this cause, the Defendant has been provided with supplemental reports, including a report purporting to reflect an interview with Cynthia Blanding, a Government witness for whom immunity has been granted, in which Cynthia Blanding claims the Defendant threatened to "kill her if she helped the cops".

8. That a second report provided to the Defendant, following the commencement of trial proceedings, reflected an interview of November 10th, 2005 by special agent Dennis Fritzche.

9. In said interview it is claimed that the Defendant told Cynthia Blanding that he had a side job of traveling to Chicago to "break legs" for his brother.

10. It is further reported that Cynthia Blanding stated that she had smoked marijuana

      with Marshall Blanchard.

11. It is further claimed by Cynthia Blanding that the Defendant had taken a firearm from her when she traveled to Tennessee following the December 30th, 2005 execution of a search warrant.

12. It is further claimed by Cynthia Blanding that the Defendant "threatened her, hit her, and told her he was going to 'do away with her' and that he hit her on 5 or 6 occasions".

13. That as a result of the Defendant's previous request for disclosure by the prosecution of other bad acts, crimes, or wrongs and pursuant to the provisions of the Fed.R.Evid., Rule 401, 402, and 403 the Government should be barred from eliciting testimony from Cynthia Blanding or others of any such other crimes, acts, or wrongs pursuant to Rule 404(b) and pursuant to the provisions of Rule 401, 402, and 403 which prohibit even relevant evidence if the probative value substantially outweighs the danger created of unfair prejudice. (*United States v. Owens 424 F.3d. 649 (7th Cir. 2005)*; see also *United States v. Vega 188 F.3d 1150 (7th Cir. 1999)*; see also *United States v. Thomas 321 F.3d 627 (7th Cir. 2003).*

WHEREFORE the Defendant, MARSHALL L. BLANCHARD, prays that an Order be entered by this Court prohibiting evidence of all previously undisclosed "bad acts, wrongs, or other crimes", including those set forth herein, pursuant to Fed.R.Evid. Rule 401, 402, 403, and 404(b).

      Respectfully Submitted,

      MARSHALL BLANCHARD, Defendant,

      By: **s/ Robert G. Kirchner**

        ROBERT G. KIRCHNER LAW OFFICE
        Robert G. Kirchner
        Attorney at Law
        100 Trade Centre Drive, Suite 402
        Champaign, IL 61820
        Phone: 217-355-5660
        Fax: 217-355-5675

By: **s/ Scott Lerner**
      LERNER LAW OFFICE
      Scott Lerner
      Attorney at Law
      201 West Springfield  Suite 610
      Champaign, IL 61820
      Phone: 217-356-8381
      Fax:   217-356-7739

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of March, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Timothy A. Bass**          tim.bass@usdoj.gov; staci.klayer@usdoj.gov

      **s/ Robert Kirchner**
      Robert Kirchner Bar Number: 6182070
      Attorney for Plaintiff
      100 Trade Centre Drive, Suite 402
      Champaign, IL 61820
      Phone: 217-355-5660
      Fax: 217-355-5675
      E-mail: rgk-kirchnerlaw@sbcglobal.net

      **s/ Scott Lerner**
      Scott Lerner
      Attorney for Plaintiff
      201 West Springfield  Suite 610
      Champaign, IL 61820
      Phone: 217-356-8381
      Fax:   217-356-7739
      Email: sky@advancenet.net