E-FILED
Tuesday, 04 April, 2006 10:48:24 AM
Clerk, U.S. District Court, ILCD

MEMBERS OF THE JURY, YOU HAVE SEEN AND HEARD ALL THE EVIDENCE AND WILL SHORTLY HEAR THE ARGUMENTS OF THE ATTORNEYS. NOW I WILL INSTRUCT YOU ON THE LAW.

YOU HAVE TWO DUTIES AS A JURY. YOUR FIRST DUTY IS TO DECIDE THE FACTS FROM THE EVIDENCE IN THE CASE. THIS IS YOUR JOB, AND YOURS ALONE.

YOUR SECOND DUTY IS TO APPLY THE LAW THAT I GIVE YOU TO THE FACTS. YOU MUST FOLLOW THESE INSTRUCTIONS, EVEN IF YOU DISAGREE WITH THEM. EACH OF THE INSTRUCTIONS IS IMPORTANT, AND YOU MUST FOLLOW ALL OF THEM.

PERFORM THESE DUTIES FAIRLY AND IMPARTIALLY. DO NOT ALLOW SYMPATHY, PREJUDICE, FEAR, OR PUBLIC OPINION TO INFLUENCE YOU. YOU SHOULD NOT BE INFLUENCED BY ANY PERSON'S RACE, COLOR, RELIGION, NATIONAL ANCESTRY, OR SEX.

NOTHING I SAY NOW, AND NOTHING I SAID OR DID DURING THE TRIAL, IS MEANT TO INDICATE ANY OPINION ON MY PART ABOUT WHAT THE FACTS ARE OR ABOUT WHAT YOUR VERDICT SHOULD BE.



FILED

MAR 3 1 2006

JOHN M. WATERS, CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

THE EVIDENCE CONSISTS OF THE TESTIMONY OF THE WITNESSES, THE EXHIBITS ADMITTED IN EVIDENCE, AND A STIPULATION.

A STIPULATION IS AN AGREEMENT BETWEEN BOTH SIDES THAT CERTAIN FACTS ARE TRUE OR THAT A PERSON WOULD HAVE GIVEN CERTAIN TESTIMONY.

I HAVE TAKEN JUDICIAL NOTICE OF CERTAIN FACTS THAT MAY BE REGARDED AS MATTERS OF COMMON KNOWLEDGE.  YOU MAY ACCEPT THOSE FACTS AS PROVED, BUT YOU ARE NOT REQUIRED TO DO SO.

YOU ARE TO DECIDE WHETHER THE TESTIMONY OF EACH OF THE WITNESSES IS TRUTHFUL AND ACCURATE, IN PART, IN WHOLE, OR NOT AT ALL, AS WELL AS WHAT WEIGHT, IF ANY, YOU GIVE TO THE TESTIMONY OF EACH WITNESS.

IN EVALUATING THE TESTIMONY OF ANY WITNESS, YOU MAY CONSIDER, AMONG OTHER THINGS:

- THE WITNESS'S AGE;

- THE WITNESS'S INTELLIGENCE;

- THE ABILITY AND OPPORTUNITY THE WITNESS HAD TO SEE, HEAR, OR KNOW THE THINGS THAT THE WITNESS TESTIFIED ABOUT;

- THE WITNESS'S MEMORY;

- ANY INTEREST, BIAS, OR PREJUDICE THE WITNESS MAY HAVE;

- THE MANNER OF THE WITNESS WHILE TESTIFYING; AND

- THE REASONABLENESS OF THE WITNESS'S TESTIMONY IN LIGHT OF ALL THE EVIDENCE IN THE CASE.

YOU SHOULD USE COMMON SENSE IN WEIGHING THE EVIDENCE AND CONSIDER THE EVIDENCE IN LIGHT OF YOUR OWN OBSERVATIONS IN LIFE.

IN OUR LIVES, WE OFTEN LOOK AT ONE FACT AND CONCLUDE FROM IT THAT ANOTHER FACT EXISTS. IN LAW WE CALL THIS "INFERENCE." A JURY IS ALLOWED TO MAKE REASONABLE INFERENCES. ANY INFERENCES YOU MAKE MUST BE REASONABLE AND MUST BE BASED ON THE EVIDENCE IN THE CASE.

SOME OF YOU HAVE HEARD THE PHRASES "CIRCUMSTANTIAL EVIDENCE" AND "DIRECT EVIDENCE." DIRECT EVIDENCE IS THE TESTIMONY OF SOMEONE WHO CLAIMS TO HAVE PERSONAL KNOWLEDGE OF THE COMMISSION OF THE CRIME WHICH HAS BEEN CHARGED, SUCH AS AN EYEWITNESS.

CIRCUMSTANTIAL EVIDENCE IS THE PROOF OF A SERIES OF FACTS WHICH TEND TO SHOW WHETHER THE DEFENDANT IS GUILTY OR NOT GUILTY. THE LAW MAKES NO DISTINCTION BETWEEN THE WEIGHT TO BE GIVEN EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE. YOU SHOULD DECIDE HOW MUCH WEIGHT TO GIVE TO ANY EVIDENCE. ALL THE EVIDENCE IN THE CASE, INCLUDING THE CIRCUMSTANTIAL EVIDENCE, SHOULD BE CONSIDERED BY YOU IN REACHING YOUR VERDICT.

CERTAIN THINGS ARE NOT EVIDENCE. I WILL LIST THEM FOR YOU:

*FIRST,* TESTIMONY AND EXHIBITS THAT I STRUCK FROM THE RECORD, OR THAT I TOLD YOU TO DISREGARD, ARE NOT EVIDENCE AND MUST NOT BE CONSIDERED.

*SECOND,* ANYTHING THAT YOU MAY HAVE SEEN OR HEARD OUTSIDE THE COURTROOM IS NOT EVIDENCE AND MUST BE ENTIRELY DISREGARDED. THIS INCLUDES ANY PRESS, RADIO, OR TELEVISION REPORTS YOU MAY HAVE SEEN OR HEARD. SUCH REPORTS ARE NOT EVIDENCE AND YOUR VERDICT MUST NOT BE INFLUENCED IN ANY WAY BY SUCH PUBLICITY.

*THIRD,* QUESTIONS AND OBJECTIONS BY THE LAWYERS ARE NOT EVIDENCE. ATTORNEYS HAVE A DUTY TO OBJECT WHEN THEY BELIEVE A QUESTION IS IMPROPER. YOU SHOULD NOT BE INFLUENCED BY ANY OBJECTION OR BY MY RULING ON IT.

*FOURTH,* THE LAWYERS' STATEMENTS TO YOU ARE NOT EVIDENCE. THE PURPOSE OF THESE STATEMENTS IS TO DISCUSS THE ISSUES AND THE EVIDENCE.

IF THE EVIDENCE AS YOU REMEMBER IT DIFFERS FROM WHAT THE LAWYERS SAID, YOUR MEMORY IS WHAT COUNTS.

IT IS PROPER FOR AN ATTORNEY TO INTERVIEW ANY WITNESS IN PREPARATION FOR TRIAL.

YOU MAY FIND THE TESTIMONY OF ONE WITNESS OR A FEW WITNESSES MORE PERSUASIVE THAN THE TESTIMONY OF A LARGER NUMBER. YOU NEED NOT ACCEPT THE TESTIMONY OF THE LARGER NUMBER OF WITNESSES.

THE INDICTMENT IN THIS CASE IS THE FORMAL METHOD OF ACCUSING THE DEFENDANT OF AN OFFENSE AND PLACING THE DEFENDANT ON TRIAL. IT IS NOT EVIDENCE AGAINST THE DEFENDANT AND DOES NOT CREATE ANY INFERENCE OF GUILT.

THE DEFENDANT IS CHARGED WITH THE OFFENSE OF KNOWINGLY AND INTENTIONALLY MANUFACTURING A MIXTURE OR SUBSTANCE CONTAINING METHAMPHETAMINE AND WITH THE OFFENSE OF KNOWINGLY POSSESSING A FIREARM, WHICH HAD PREVIOUSLY BEEN SHIPPED OR TRANSPORTED IN INTERSTATE COMMERCE, AFTER BEING CONVICTED OF A CRIME PUNISHABLE BY IMPRISONMENT FOR A TERM EXCEEDING ONE YEAR. THE DEFENDANT HAS PLEADED NOT GUILTY TO THE CHARGES.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CRIMINAL NO. 05-CR-20015 |
| | ) Violations: 21 U.S.C. §§ 841(a)(1), |
| | ) 841(b)(1)©), 18 U.S.C. § 922(g)(1) |
| MARSHALL L. BLANCHARD, | ) |
| | ) |
| Defendant. | ) |

## I N D I C T M E N T

THE GRAND JURY CHARGES THAT:

### COUNT 1

On or about December 30, 2004, in the Central District of Illinois, the defendant,

**MARSHALL L. BLANCHARD,**

knowingly and intentionally manufactured a mixture or substance containing methamphetamine,

a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)©).

### COUNT 2

On or about December 30, 2004, in the Central District of Illinois, the defendant,

**MARSHALL L. BLANCHARD,**

after previously being convicted of a crime punishable by imprisonment for a term exceeding one

year, did knowingly and unlawfully possess a firearm, which had previously been shipped or

transported in interstate commerce.

All in violation of Title 18, United States Code, Section 922(g)(1)

THE DEFENDANT IS PRESUMED TO BE INNOCENT OF EACH OF THE CHARGES. THIS PRESUMPTION CONTINUES DURING EVERY STAGE OF THE TRIAL AND YOUR DELIBERATIONS ON THE VERDICT. IT IS NOT OVERCOME UNLESS FROM ALL THE EVIDENCE IN THE CASE YOU ARE CONVINCED BEYOND A REASONABLE DOUBT THAT THE DEFENDANT IS GUILTY AS CHARGED. THE GOVERNMENT HAS THE BURDEN OF PROVING THE GUILT OF THE DEFENDANT BEYOND A REASONABLE DOUBT.

THIS BURDEN OF PROOF STAYS WITH THE GOVERNMENT THROUGHOUT THE CASE. THE DEFENDANT IS NEVER REQUIRED TO PROVE HIS INNOCENCE OR TO PRODUCE ANY EVIDENCE AT ALL.

THE DEFENDANT HAS AN ABSOLUTE RIGHT NOT TO TESTIFY. THE FACT THAT THE DEFENDANT DID NOT TESTIFY SHOULD NOT BE CONSIDERED BY YOU IN ANY WAY IN ARRIVING AT YOUR VERDICT.

YOU HAVE HEARD WITNESSES GIVE OPINIONS ABOUT MATTERS REQUIRING SPECIAL KNOWLEDGE OR SKILL. YOU SHOULD JUDGE THIS TESTIMONY IN THE SAME WAY THAT YOU JUDGE THE TESTIMONY OF ANY OTHER WITNESS. THE FACT THAT SUCH A PERSON HAS GIVEN AN OPINION DOES NOT MEAN THAT YOU ARE REQUIRED TO ACCEPT IT. GIVE THE TESTIMONY WHATEVER WEIGHT YOU THINK IT DESERVES, CONSIDERING THE REASONS GIVEN FOR THE OPINION, THE WITNESS' QUALIFICATIONS, AND ALL OF THE OTHER EVIDENCE IN THE CASE.

YOU HAVE HEARD EVIDENCE THAT BEFORE THE TRIAL A WITNESS MADE STATEMENTS THAT MAY BE INCONSISTENT WITH THE WITNESS'S TESTIMONY HERE IN COURT. IF YOU FIND THAT IT IS INCONSISTENT, YOU MAY CONSIDER THE EARLIER STATEMENT IN DECIDING THE TRUTHFULNESS AND ACCURACY OF THAT WITNESS'S TESTIMONY IN THIS TRIAL. IF THAT STATEMENT WAS MADE UNDER OATH, YOU MAY ALSO CONSIDER IT AS EVIDENCE OF THE TRUTH OF THE MATTERS CONTAINED IN THAT PRIOR STATEMENT.

YOU HAVE HEARD EVIDENCE THAT CERTAIN WITNESSES HAVE BEEN CONVICTED OF A CRIME. YOU MAY CONSIDER THIS EVIDENCE ONLY IN DECIDING WHETHER THEIR TESTIMONY IS TRUTHFUL IN WHOLE, IN PART, OR NOT AT ALL. YOU MAY NOT CONSIDER THIS EVIDENCE FOR ANY OTHER PURPOSE.

YOU HAVE HEARD TESTIMONY FROM CYNTHIA BLANDING WHO:

(a)     RECEIVED IMMUNITY; THAT IS, A PROMISE FROM THE GOVERNMENT THAT ANY TESTIMONY OR OTHER INFORMATION SHE PROVIDED WOULD NOT BE USED AGAINST HER IN A CRIMINAL CASE; AND

(b)     STATED THAT SHE WAS INVOLVED IN THE COMMISSION OF THE OFFENSE AS CHARGED AGAINST THE DEFENDANT.

YOU HAVE HEARD TESTIMONY FROM MARSHALL BLANCHARD, JR., WHO:

(a)     HAS ADMITTED LYING UNDER OATH.

YOU MAY GIVE THEIR TESTIMONY SUCH WEIGHT AS YOU FEEL IT DESERVES,

KEEPING IN MIND THAT IT MUST BE CONSIDERED WITH CAUTION AND GREAT CARE.

THE INDICTMENT CHARGES THAT THE OFFENSE WAS COMMITTED "ON OR ABOUT DECEMBER 30, 2004." THE GOVERNMENT MUST PROVE THAT THE OFFENSE HAPPENED REASONABLY CLOSE TO THAT DATE BUT IS NOT REQUIRED TO PROVE THAT THE ALLEGED OFFENSE HAPPENED ON THAT EXACT DATE.

WHEN THE WORD "KNOWINGLY" IS USED IN THESE INSTRUCTIONS, IT MEANS THAT THE DEFENDANT REALIZED WHAT HE WAS DOING AND WAS AWARE OF THE NATURE OF HIS CONDUCT, AND DID NOT ACT THROUGH IGNORANCE, MISTAKE OR ACCIDENT. KNOWLEDGE MAY BE PROVED BY THE DEFENDANT'S CONDUCT, AND BY ALL THE FACTS AND CIRCUMSTANCES SURROUNDING THE CASE.

YOU ARE INSTRUCTED THAT METHAMPHETAMINE IS A CONTROLLED SUBSTANCE.

TO SUSTAIN THE CHARGE OF KNOWINGLY MANUFACTURING METHAMPHETAMINE, THE GOVERNMENT MUST PROVE THE FOLLOWING PROPOSITIONS:

*FIRST*, THAT ON OR ABOUT DECEMBER 30, 2004, THE DEFENDANT KNOWINGLY OR INTENTIONALLY MANUFACTURED METHAMPHETAMINE; AND

*SECOND*, THAT THE DEFENDANT KNEW THE SUBSTANCE HE MANUFACTURED WAS A CONTROLLED SUBSTANCE.

IT DOES NOT MATTER WHETHER THE DEFENDANT KNEW THE SUBSTANCE WAS METHAMPHETAMINE. IT IS SUFFICIENT THAT THE DEFENDANT KNEW THAT IT WAS SOME KIND OF CONTROLLED SUBSTANCE.

IF YOU FIND FROM YOUR CONSIDERATION OF ALL THE EVIDENCE THAT EACH OF THESE PROPOSITIONS HAS BEEN PROVED BEYOND A REASONABLE DOUBT, THEN YOU SHOULD FIND THE DEFENDANT GUILTY.

IF, ON THE OTHER HAND, YOU FIND FROM YOUR CONSIDERATION OF ALL THE EVIDENCE THAT ANY OF THESE PROPOSITIONS HAS NOT BEEN PROVED BEYOND A REASONABLE DOUBT, THEN YOU SHOULD FIND THE DEFENDANT NOT GUILTY.

TO SUSTAIN THE CHARGE OF UNLAWFUL POSSESSION OF A FIREARM, THE GOVERNMENT MUST PROVE THE FOLLOWING PROPOSITIONS:

*FIRST*, THAT PRIOR TO DECEMBER 30, 2004, THE DEFENDANT HAD BEEN CONVICTED OF A CRIME THAT WAS PUNISHABLE BY A TERM OF IMPRISONMENT OF MORE THAN ONE YEAR;

*SECOND*, THAT ON OR ABOUT DECEMBER 30, 2004, THE DEFENDANT KNOWINGLY POSSESSED A FIREARM; AND

*THIRD*, THAT THE FIREARM POSSESSED BY THE DEFENDANT HAD TRAVELED IN INTERSTATE COMMERCE PRIOR TO THE DEFENDANT'S POSSESSION OF IT ON THAT DATE.

IF YOU FIND FROM YOUR CONSIDERATION OF ALL THE EVIDENCE THAT EACH OF THESE PROPOSITIONS HAS BEEN PROVED BEYOND A REASONABLE DOUBT, THEN YOU SHOULD FIND THE DEFENDANT GUILTY.

IF, ON THE OTHER HAND, YOU FIND FROM YOUR CONSIDERATION OF ALL OF THE EVIDENCE THAT ANY ONE OF THESE PROPOSITIONS HAS NOT BEEN PROVED BEYOND A REASONABLE DOUBT, THEN YOU SHOULD FIND THE DEFENDANT NOT GUILTY.

COUNT 2 OF THE INDICTMENT ALLEGES THAT THE DEFENDANT KNOWINGLY POSSESSED A FIREARM AFTER PREVIOUSLY BEING CONVICTED OF A FELONY OFFENSE. THE GOVERNMENT MUST PROVE THE DEFENDANT KNOWINGLY POSSESSED AT LEAST ONE FIREARM. HOWEVER, IN ORDER TO FIND THE DEFENDANT GUILTY, YOU MUST UNANIMOUSLY AGREE WHICH FIREARM THE DEFENDANT KNOWINGLY POSSESSED.

A FIREARM HAS TRAVELED IN INTERSTATE COMMERCE IF IT HAS TRAVELED BETWEEN ONE STATE AND ANY OTHER STATE OR COUNTRY, OR ACROSS A STATE OR NATIONAL BOUNDARY LINE. THE GOVERNMENT NEED NOT PROVE HOW THE FIREARM TRAVELED IN INTERSTATE COMMERCE OR THAT THE FIREARM'S TRAVEL WAS RELATED TO THE DEFENDANT'S POSSESSION OF IT OR THAT THE DEFENDANT KNEW THE FIREARM HAD TRAVELED IN INTERSTATE COMMERCE.

POSSESSION OF AN OBJECT IS THE ABILITY TO CONTROL IT. POSSESSION EXISTS WHEN AN INDIVIDUAL HOLDS AN OBJECT, IN THIS CASE A FIREARM, EVEN IF THE HANDLING IS ONLY MOMENTARY, AS LONG AS THE INDIVIDUAL DOES SO KNOWINGLY AND INTENDS TO HANDLE THE OBJECT. POSSESSION MAY ALSO EXIST EVEN WHEN A PERSON IS NOT IN PHYSICAL CONTACT WITH THE OBJECT, BUT KNOWINGLY HAS THE POWER AND INTENTION TO EXERCISE DIRECTION OR CONTROL OVER IT, EITHER DIRECTLY OR THROUGH OTHERS. A PERSON CAN POSSESS AN OBJECT WITHOUT OWNING THE OBJECT, PROVIDED THAT THE PERSON HAS THE POWER AND INTENTION TO CONTROL THE OBJECT.

ANY PERSON WHO KNOWINGLY AIDS, COUNSELS, COMMANDS, INDUCES OR PROCURES THE COMMISSION OF AN OFFENSE MAY BE FOUND GUILTY OF THAT OFFENSE. THAT PERSON MUST KNOWINGLY ASSOCIATE WITH THE CRIMINAL ACTIVITY, PARTICIPATE IN THE ACTIVITY, AND TRY TO MAKE IT SUCCEED.

EACH COUNT OF THE INDICTMENT CHARGES THE DEFENDANT WITH HAVING COMMITTED A SEPARATE OFFENSE.

EACH COUNT AND THE EVIDENCE RELATING TO IT SHOULD BE CONSIDERED SEPARATELY, AND A SEPARATE VERDICT SHOULD BE RETURNED AS TO EACH COUNT. YOUR VERDICT OF GUILTY OR NOT GUILTY OF AN OFFENSE CHARGED IN ONE COUNT SHOULD NOT CONTROL YOUR DECISION AS TO ANY OTHER COUNT.

ANY NOTES THAT YOU HAVE TAKEN DURING THIS TRIAL ARE ONLY AIDS TO YOUR MEMORY. IF YOUR MEMORY DIFFERS FROM YOUR NOTES, YOU SHOULD RELY ON YOUR MEMORY AND NOT ON THE NOTES. YOUR NOTES ARE NOT EVIDENCE. IF YOU HAVE NOT TAKEN NOTES, YOU SHOULD RELY ON YOUR INDEPENDENT RECOLLECTION OF THE EVIDENCE AND YOU SHOULD NOT BE UNDULY INFLUENCED BY THE NOTES OF OTHER JURORS. NOTES ARE NOT ENTITLED TO ANY GREATER WEIGHT THAN THE RECOLLECTION OR IMPRESSION OF EACH JUROR ABOUT THE TESTIMONY.

UPON RETIRING TO THE JURY ROOM, SELECT ONE OF YOUR NUMBER AS YOUR FOREPERSON. THE FOREPERSON WILL PRESIDE OVER YOUR DELIBERATIONS AND BE YOUR REPRESENTATIVE HERE IN COURT.

A VERDICT FORM HAS BEEN PREPARED FOR YOU.

TAKE THIS FORM TO THE JURY ROOM, AND WHEN YOU HAVE REACHED UNANIMOUS AGREEMENT ON THE VERDICT, YOUR FOREPERSON WILL FILL IN AND DATE THE VERDICT FORM, AND EACH OF YOU WILL SIGN IT.

I DO NOT ANTICIPATE THAT YOU WILL NEED TO COMMUNICATE WITH ME. IF YOU DO, HOWEVER, THE ONLY PROPER WAY IS IN WRITING, SIGNED BY THE FOREPERSON, OR IF HE OR SHE IS UNWILLING TO DO SO, BY SOME OTHER JUROR, AND GIVEN TO THE MARSHAL.

THE VERDICT MUST REPRESENT THE CONSIDERED JUDGMENT OF EACH JUROR. YOUR VERDICT, WHETHER IT BE GUILTY OR NOT GUILTY, MUST BE UNANIMOUS.

YOU SHOULD MAKE EVERY REASONABLE EFFORT TO REACH A VERDICT. IN DOING SO, YOU SHOULD CONSULT WITH ONE ANOTHER, EXPRESS YOUR OWN VIEWS, AND LISTEN TO THE OPINIONS OF YOUR FELLOW JURORS. DISCUSS YOUR DIFFERENCES WITH AN OPEN MIND. DO NOT HESITATE TO RE-EXAMINE YOUR OWN VIEWS AND CHANGE YOUR OPINION IF YOU COME TO BELIEVE IT IS WRONG. BUT YOU SHOULD NOT SURRENDER YOUR HONEST BELIEFS ABOUT THE WEIGHT OR EFFECT OF EVIDENCE SOLELY BECAUSE OF THE OPINIONS OF YOUR FELLOW JURORS OR FOR THE PURPOSE OF RETURNING A UNANIMOUS VERDICT.

THE TWELVE OF YOU SHOULD GIVE FAIR AND EQUAL CONSIDERATION TO ALL THE EVIDENCE AND DELIBERATE WITH THE GOAL OF REACHING AN AGREEMENT WHICH IS CONSISTENT WITH THE INDIVIDUAL JUDGMENT OF EACH JUROR.

YOU ARE IMPARTIAL JUDGES OF THE FACTS. YOUR SOLE INTEREST IS TO DETERMINE WHETHER THE GOVERNMENT HAS PROVED ITS CASE BEYOND A REASONABLE DOUBT.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 05-20015 |
| | ) | |
| MARSHALL L. BLANCHARD, | ) | |
| | ) | |
| DEFENDANT. | ) | |

## **V E R D I C T**

WE, THE JURY, FIND THE DEFENDANT, MARSHALL L. BLANCHARD,

_____ OF THE OFFENSE OF KNOWINGLY AND INTENTIONALLY
(GUILTY, NOT GUILTY)

MANUFACTURING A MIXTURE OR SUBSTANCE CONTAINING METHAMPHETAMINE,

AS CHARGED IN COUNT 1 OF THE INDICTMENT.

WE, THE JURY, FIND THE DEFENDANT, MARSHALL L. BLANCHARD,

_____ OF THE OFFENSE OF KNOWINGLY POSSESSING A FIREARM
(GUILTY, NOT GUILTY)

WHICH HAD PREVIOUSLY BEEN SHIPPED OR TRANSPORTED IN INTERSTATE COMMERCE,

AFTER HE WAS PREVIOUSLY CONVICTED OF A CRIME PUNISHABLE BY IMPRISONMENT

FOR A TERM EXCEEDING ONE YEAR, AS CHARGED IN COUNT 2 OF THE INDICTMENT.


DATE:_____


_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____
                                        FOREPERSON