**E-FILED**
Friday, 07 April, 2006  03:28:04 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-20015 |
| ) | |
| MARSHALL BLANCHARD, ) | |
| ) | |
| Defendant. ) | |

**MOTION FOR JUDGMENT OF ACQUITTAL OR IN THE ALTERNATIVE, A NEW TRIAL, AND FOR OTHER RELIEF**

NOW COMES the Defendant, MARSHALL L. BLANCHARD, by and through his attorneys ROBERT G. KIRCHNER LAW OFFICE and LERNER LAW OFFICE and hereby requests that this Court enter a judgment of acquittal pursuant to Rule 29(c), or in the alternative that this Court grant a new trial pursuant to Rule 33, and for other relief and in support thereof states and shows unto the Court as follows:

1.  The Court erred in denying Defendant's Motion for Acquittal at the close of the Government's case and at the close of all of the evidence.

2.  That the Defendant requests leave of Court to file an amendment to this motion, through current or subsequent counsel, following the receipt of transcripts of the trial proceedings which the Defendant intends to obtain.

3.  That Count I of the Indictment herein alleges that the Defendant "on or about December 30th, 2004" " knowingly and intentionally" "manufactured" a mixture or substance containing methamphetamine.

4. That Count II of the Indictment alleges that the Defendant "on or about December 30th, 2004" "knowingly and unlawfully" possessed a firearm after having been previously been convicted of a crime punishable by imprisonment for a term exceeding one year.

5. That as to each of said Counts, the verdict is contrary to the weight of the evidence; not supported by substantial evidence; contrary to applicable law; and the Government failed to establish the Defendant's guilt beyond a reasonable doubt, including for those reasons specified herein.

6. That the "evidence" and arguments proffered by the Government in this case consisted of "evidence" for which the Government failed to offer any competent evidence connecting the Defendant; arguments unsupported by the evidence; arguments and evidence which appealed to the passion and prejudice of the jury and which tended to inflame the jury and prejudice it against the Defendant, including, but not limited to, the following- thereby depriving the Defendant of his constitutionally guaranteed right to a fair trial and due process:

   (A) The evidence failed to support the charge that the Defendant engaged in conduct "on or about December 30th, 2004" and, in fact, the Government argued only that it's evidence related to November/ December 2004.

   (B) Evidence, including, but not limited to, the photographic evidence, was put before the jury including, but not limited to, photos of clothes in Cynthia Blanding's vehicle; tanks-propane; photos of a blue tank; a handgun, and a photo of the same; photos of bottles placed into the Defendant's yard; photos

of a garbage bag; camp fuel; photos of items within the Paxton residence- none of which were ever connected to the Defendant or even to the offense charged in Count I; photos of blister and medication packages for which there was evidence Defendant's prints were not upon them, but instead, another persons; a Pamida receipt; photos of pants and an illegible tag, leaving the jury to simply engage in speculation and conjecture- without proof- as to Defendant's connection- if any- to said items or knowledge of the same.

(C) Cross examination disclosed the deficiencies referenced in paragraph 6(b) hereof but the Defendant was irreparable denied a fair trial by the Government's use of said "evidence".

(D) Over objection, the Government elicited testimony that persons involved with drugs carry/ possess firearms when no evidence linked any of the firearms at issue to "drugs". (Will Davis)

(E) The Government argued that marks upon the Defendant's face were caused by "meth" use notwithstanding their expert's testimony that he could not give an opinion regarding the same. (Will Davis)

(F) The Government argued and put before the jury exhibits which were later disavowed by the Government's witnesses- including, but not limited to, Will Davis' testimony regarding exhibits 2b. 2c, 3i, and 7b.

(G) The Government argued that the Defendant took the "2nd bottle" with absolutely no evidence to support that argument; argued the "blue tank"

        contained anhydrous, with no evidence in support thereof (Mr. Clift); confused the jury by interjecting "ownership" issues concerning the firearms.

(H)    The Government engaged in "vouching" for it's witnesses; invoked the power of the Court's opinions in the eyes of jurors by quoting for the Court's ruling / comments at the suppression hearing, inferring that the Court had determined the Defendant's son's testimony at the Grand Jury proceedings was truthful <u>but</u> his subsequent testimony was not.

(I)    Abused the use of "flight evidence" and prejudiced the jury by statements such as the Defendant "got to his son"; Defendant created a "phony story"; vouched for Marshall Blanchard, Jr.'s Grand Jury testimony by asserting the Defendant "used his son".

(J)    Subverted the burden of proof by suggesting/ requesting that the jury "do the right thing" and hold the Defendant accountable.

(K)    Cross examined Craig Shedd with assertions of statements made while Shedd was "in custody" and by interjecting "convictions" from 1980/1981 for theft; cross examined Holly Blanchard by asking her to comment on her brother's testimony and interjecting references to her "probation officer"; cross examined Jason Woods regarding his use of meth; elicited testimony from Cynthia Blanding regarding her daughter having "turned in" her and her husband- irrelevant, but inferring a parallel; elicited testimony from Cynthia Blanding of her attempted suicide after her January 27th arrest; elicited testimony from Cynthia Blanding undisclosed "bad acts" in her claim

Defendant was to get them "new identities", abused "flight" evidence and arguments;

(L) Improperly vouched for Cynthia Blanding in closing arguments; improperly characterized Defendant's son as a "victim"; asserted the Defendant was now using Holly- "his own children" and demanding the Defendant to be held "accountable'" over objection and argued for sympathy for Defendant's son; invited a conviction for undisclosed unproved conduct in November/December and invited the jury to ignore the Government's burden of proving conduct "on or about December 30th";

7. Defendant was further prejudiced and denied a fair trial and is entitled to the relief sought herein for one of more of the following reasons:

(A) No evidence was adduced of Defendant's knowledge of manufacturing at the Paxton, or Robert's, residence or participation in the same;

(B) The Government's use of unconnected firearms to bolster a deficient "drug" case.

(C) the Government's switching of experts mid-trial from Mr. Liebe to Will Davis.

(D) The eliciting of testimony from the Defendant's son claiming the substance found to be "meth"- over Defendant's objection.

(E) The prohibition of testimony sought to be elicited by Defendant of the absence of drugs/ meth in his home or possession (Government's objection was sustained).

- (F) The Court's comment to Defense counsel, before the Jury, implying Defense counsel was objecting to an improper extent.

- (G) Limitations imposed by the Court regarding evidence that persons did not see meth, or other drugs in Defendant's possession or home "on or about December 30th" in light of the Governments expansion to November/ December 2004.

- (H) The Court's denial of Defendant's pre-trial and trial motions including, but not limited to, Defendant's motion regarding severance and Bill of Particulars.

- (I) The Government's failure to offer any evidence to contravene the admissions by it's experts that they cannot proffer opinions regarding whether any manufacturing occurred within 1 month, 2 months, or 6 months.

- (J) Inferences drawn by the jury that Defense counsel was delaying the completion of trial in "tedious" cross examination and subsequent direction to the jury to arrange their schedules, if possible, for further service in this case beyond the Friday which was contemplated.

- (K) Admission of statements attributed to Marshall Blanchard, Jr. through Lori Blanchard over a hearsay/ Crawford objection.

- (L) The absence of evidence that the Defendant engaged in the conduct alleged "on or about December 30th 2004" from <u>any</u> witnesses- by direct or circumstantial evidence.

- (M) The complete failure to identify or connect the handgun to this Defendant.

(N) Interjection by the Government witnesses of improper testimony- to which objections were sustained- regarding items being "hid" in the Paxton house and a box containing "meth making materials".

(O) The Court's involvement as follows: (a) Aaron Roemer- has anybody ever asked for an independent test and has anybody ever told you, you were wrong; (b) judicial notice of Robert/ Paxton being in the Central District of Illinois; (c) the colloquy concerning the Court's finding at the suppression hearing with Defense counsel and admission of the same; (d) the response to objections by Defense counsel to wit: we are not going to make an objection to every question; (e) advising the jury this was not a case where the Judge believed the jury needed to take notes; (f) advising the assistant U.S. attorney that he needed to object some on relevance grounds.

(P) Admission of opinion testimony regarding the firearms

(Q) The failure to sever the Counts of the Indictment and grant Defendant's Motion for a Bill of Particulars.

8. The Court erred in refusing Defendant's "mere presence" instruction. (5.11)

9. The Court erred in allowing, over objection irrelevant, remote, immaterial and prejudicial evidence of Defendant's prior possession of firearms.

10. The Court erred in it's evidentiary rulings, including as set forth herein.

11. The Court erred in it's rulings on pretrial motions and trial motions for the reasons set forth and argued therein, adopted by reference herein.

WHEREFORE, the Defendant prays that this Court grant the relief requested herein.

Respectfully Submitted,

MARSHALL BLANCHARD, Defendant,

By: **s/ Robert G. Kirchner**
ROBERT G. KIRCHNER LAW OFFICE
Robert G. Kirchner
Attorney at Law
100 Trade Centre Drive, Suite 402
Champaign, IL 61820
Phone: 217-355-5660
Fax: 217-355-5675

By: **s/ Scott Lerner**
LERNER LAW OFFICE
Scott Lerner
Attorney at Law
201 West Springfield  Suite 610
Champaign, IL 61820
Phone: 217-356-8381
Fax:   217-356-7739

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th  day of April, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Timothy A. Bass**          tim.bass@usdoj.gov; staci.klayer@usdoj.gov

**s/ Robert Kirchner**
Robert Kirchner Bar Number: 6182070
Attorney for Plaintiff
100 Trade Centre Drive, Suite 402
Champaign, IL 61820
Phone: 217-355-5660
Fax: 217-355-5675
E-mail: rgk-kirchnerlaw@sbcglobal.net

**s/ Scott Lerner**
Scott Lerner
Attorney for Plaintiff
201 West Springfield  Suite 610
Champaign, IL 61820
Phone: 217-356-8381
Fax:   217-356-7739
Email: sky@advancenet.net