UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 05-20015 |
| MARSHALL BLANCHARD, | ) ) ) |
| Defendant. | ) ) |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR JUDGMENT OF ACQUITTAL, OR IN THE ALTERNATIVE, A NEW TRIAL, AND FOR OTHER RELIEF

NOW COMES the Defendant, MARSHALL L. BLANCHARD, by and through his attorneys ROBERT G. KIRCHNER LAW OFFICE and LERNER LAW OFFICE and hereby files his memorandum of law in support of his Motion for Judgment of Acquittal, or in the Alternative, a New Trial, and for other Relief:

In assessing a defendant's motion for a judgment of acquittal based on a lack of sufficient evidence under Rule 29, a district Court must determine whether there exists any evidence from which any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *(See United States v. Hatch, 162 F.3d 937, 942 (7th Cir. 1998); United States v. Weed, 689 F.2d 752, 756 (7th Cir. 1982)).*

In assessing a defendant's motion under Rule 33, a district Court "may vacate any judgement and grant a new trial if the interest of justice so requires." *(Fed.R.Crim.P. 33)*; *United States v. McGee, 408 F.3d 966, 979 (7th Cir. 2005); United States v. Walker, 25 F.3d 540, 548 (7th Cir. 1994).*

Consistent with the forgoing principles, it has been held that, although a Rule 33 motion is not to be granted lightly, a duty exists to grant a new trial and set aside the verdict even without there being erroneous rulings during the course of that trial when there is a "serious danger that a miscarriage of justice has occurred and an innocent person has been convicted." *(See United States v. Morales 902 F.2d. 604 (7th Cir. 1990) at 606.)*

As reflected in the motions filed this date and in the prior arguments advanced on behalf of the Defendant in both pre-trial and trial proceedings, which the Defendant now adopts by reference, the primary issue which requires that a judgment of acquittal be entered, is the lack of evidence proffered by the Government to sustain that the Defendant committed any offenses "on or about December 30th, 2004". While the language of such an indictment has been interpreted to require proof that the alleged offense happened reasonably close to the date alleged, it is fundamental that a Defendant cannot be convicted based upon some allegation of conduct occurring during a general time period. In fact, in *Fountain v. United States 953 F.Supp 836 (D.C. Mich. 1996)* the Court advised that a general proclivity to brandish a gun does not satisfy the "on or about language" which would need to be stretched to encompass a specific act at a specific time alleged in the indictment. Of course, the indictment must allege the specific crime itself. The same principles were articulated by the Seventh Circuit in *United States v. Thomas 284 F.3d. 746 (7th Cir. 2002)*. The Government in this case has proved no dates in conjunction with the allegation that the Defendant engaged in the manufacture of methamphetamine, let alone a date reasonably close to that alleged in the indictment. Defendant's motion, and his attack upon the sufficiency of the evidence, is further supported by the Opinion in *United States v. Scofield 433 F.3d. 580 (8th Cir. 2006)* where the Court examined and rejected the assertion that presence is sufficient to establish knowledge and possession. At best, the

Government's argument and evidence in this case establishes that the Defendant had an interest in the residence in Paxton and notwithstanding the lack of any evidence to establish his presence in the home, argued that his ownership/ interest in it was sufficient to warrant a conviction.

Defendant also challenges the Court's mid-trial granting of the Government's request to alter it's pre-trial disclosures by calling Will Davis as it's expert in this case. The parameters for the disclosure of that testimony and the adequacy of it was discussed in *United States v. Duvall 272 F.3d. 825 (7th Cir. 2001)*. Although the issue is factually distinct, the disclosure requirements parallel the issue in this case.

Defendant's motion also attacks the abuse of "flight" evidence which the Seventh Circuit cautioned greatly against in *United States v. Williams 33 F.3d. 876 (7th Cir. 1994)*. While evidence of "flight" is admissible, the Government abused the admissibility by attempting to establish it's entire case through a consciousness of guilt argument.

Both pre-trial and during the course of the trial the Defendant raised the prejudice suffered as a result of the joinder of these offenses and sought a severance. The Government successfully argued that joinder was proper based upon the theory that persons involved in the distribution/ manufacture of methamphetamine are well known to carry firearms. By the close of the evidence, however, that none of the firearms at issue linked to the Defendant, had evidentiary value with respect to any alleged manufacturing, but instead, were firearms that had been owned, in some instances, for more than two decades. As noted by the Court in *Hubbard,* it is improper where the two charges are linked no more closely that any two crimes committed in the same residence or the same vehicle. *(Hubbard* at 1271*)* The prejudice suffered by the Defendant by the joinder of these charges is unmistakable. It denied the Defendant a fair opportunity to defend each of these charges.

Defendant further complains in his post-trial motion of the Prosecution's vouching. In *United States v. Green 119 Fed.Appx. 133 (9th Cir. 2004)* a conviction was reversed based upon the cumulative impact of the Government's vouching for it's witnesses. In doing so the Court rejected the notion that such conduct was invited.

Finally, Defendant's motion specifically alleges the Court erred in permitting Marshall Blanchard, Jr. to offer an opinion regarding the substance which he had claimed to locate at his residence without any foundation as to the basis upon which the opinion was rendered. The error in admitting that testimony is confirmed by the Court's Opinion in *United States v. Sweeney 688 F.2d 1131 (7th Cir. 1982)* at 1145.

MARSHALL BLANCHARD, Defendant,

By: **s/ Robert G. Kirchner**
ROBERT G. KIRCHNER LAW OFFICE
Robert G. Kirchner
Attorney at Law
100 Trade Centre Drive, Suite 402
Champaign, IL 61820
Phone: 217-355-5660
Fax: 217-355-5675

By: **s/ Scott Lerner**
LERNER LAW OFFICE
Scott Lerner
Attorney at Law
201 West Springfield  Suite 610
Champaign, IL 61820
Phone: 217-356-8381
Fax:   217-356-7739

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th  day of April, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing

to the following:

**Timothy A. Bass**         tim.bass@usdoj.gov; staci.klayer@usdoj.gov

<u>**s/ Robert Kirchner**</u>
Robert Kirchner Bar Number: 6182070
Attorney for Plaintiff
100 Trade Centre Drive, Suite 402
Champaign, IL 61820
Phone: 217-355-5660
Fax: 217-355-5675
E-mail: <u>rgk-kirchnerlaw@sbcglobal.net</u>

<u>**s/ Scott Lerner**</u>
Scott Lerner
Attorney for Plaintiff
201 West Springfield  Suite 610
Champaign, IL 61820
 Phone: 217-356-8381
 Fax:    217-356-7739
 Email: sky@advancenet.net