**E-FILED**
Tuesday, 09 May, 2006  04:18:01 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-20015 |
| | ) | |
| MARSHALL BLANCHARD, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S CONSOLIDATED RESPONSE TO
DEFENDANT'S MOTION IN ARREST OF JUDGMENT AND
MOTION FOR JUDGMENT OF ACQUITTAL, OR, IN THE
<u>ALTERNATIVE, A NEW TRIAL</u>**

The United States of America, by its attorneys, Rodger A. Heaton, United States

Attorney for the Central District of Illinois, and Timothy A. Bass, Assistant United

States Attorney, respectfully submits its consolidated response to the defendant's

motion in arrest of judgment and motion for judgment of acquittal, or in the alternative,

a new trial. The government states as follows:

1.      The defendant was convicted following a jury trial of knowingly

manufacturing methamphetamine on or about December 30, 2004, in violation of 21

U.S.C. § 841(a)(1), and felon in possession of a firearm on or about December 30, 2004,

in violation of 18 U.S.C. § 922(g)(1).

2.      The defendant has filed a motion for arrest of judgment, in which he merely renews his earlier motion to dismiss and argues that his prior felony conviction is not a qualifying conviction under 18 U.S.C. § 922(g)(1). As this Court has already held, however, that argument is meritless. See Melvin v. United States, 78 F.3d 327, 330 (7th Cir. 1996); People v. McCrimmon, 501 N.E.2d 334, 337 (Ill.App.Ct. 1986); see also United States v. Walden, 146 F.3d 487, 492 (7th Cir. 1998)  ("We see no reason to reevaluate our reasoning in Melvin"). Accordingly, there is no reason to revisit that argument.

3.      The defendant has also filed a motion for judgment of acquittal or, in the alternative, motion for new trial. In support of the motions, the defendant merely states that the verdict was not supported by the evidence. Similarly, the defendant renews a litany of all of the objections he made during the trial. The defendant also raises new objections not made during the trial (such as a challenge to flight evidence) .

4.      As to those claims previously raised, the claims have been given careful consideration by this Court and rejected. Moreover, the defendant largely cites no authority and provides no reasoning in support of any of his claims to establish that any of the Court's rulings were incorrect. "It is not this [C]ourt's responsibility to research and construct the parties' arguments." United States v. Berkowitz, 927 F.2d 1376, 1384 (7th Cir. 1991). Given this posture and unless the Court directs otherwise, the government does not believe it necessary to address each conclusory claim and submits

that its original argument and this Court's ruling concerning each claim and the evidence admitted at trial were and still are correct. The government does, however, state the following:

5.     The defendant makes a conclusory challenge to the sufficiency of the evidence. The defendant argues that the government failed to prove that the offenses charged occurred "on or about" the date alleged in the indictment.

6.     In reviewing the sufficiency of the evidence, a reviewing court's task is simply to determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); see also United States v. Woods, 148 F.3d 843, 846 (7th Cir. 1998). A verdict should be overturned "only if the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt." United States v. Granados, 142 F.3d 1016, 1019 (7th Cir. 1998).

7.     In assessing a challenging to the evidence as to the date of the offense, the Seventh Circuit has held:

> Where the indictment alleges that an offense allegedly occurred 'on or about' a certain date, the defendant is deemed to be on notice that the charge is not limited to a specific date. He therefore cannot make the requisite showing of prejudice based simply on the fact that the government has failed to prove a specific date. The courts agree that when the indictment uses the 'on or about' designation, proof of a date reasonably near to the specified date is sufficient.

> Indeed, unless the particular date is an element of the alleged offense, it is generally sufficient to prove that the offense was committed on any day before the indictment and within the statute of limitations.

3

United States v. Synowiec, 333 F.2d 786, 791 (7th Cir. 2003); see also United States v.

Kimberlin, 18 F.3d 1156, 1158-59 (4th Cir. 1994) (fact that indictment charged that

underlying drug violation occurred "[i]n or about July" did not preclude a conviction

for carrying firearm during drug trafficking crime based on evidence that defendant

carried a gun during a drug transaction in August; date specified in indictment was not

substantive element of crime, and defendant was not prejudiced by inclusion of that

date). The length of time, however, between the date of the indictment and the evidence

as to the date of the offense must be reasonable. United States v. Ross, 412 F.3d 771, 775

(7th Cir. 2005).

       8.     In this case, the government's evidence overwhelmingly established that

the defendant manufactured methamphetamine and possessed firearms on or near

December 30, 2004, evidence of which was seized from two residences owned by the

defendant. In addition to the physical evidence, including evidence that the defendant

lived at one of his residences, Cynthia Blanding testified that the defendant

manufactured methamphetamine and possessed a firearm (including within two weeks

of the date charged in the indictment), and the defendant's son testified that the

defendant had been and was in possession of firearms found in his home. Accordingly,

the defendant's challenge to the sufficiency of the evidence is meritless.

WHEREFORE, the United States of America respectfully requests that the defendant's motions be denied.

Respectfully submitted,

RODGER A. HEATON
UNITED STATES ATTORNEY

BY:     s/Timothy A. Bass
TIMOTHY A. BASS, Bar No. MO 45344
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone:  217/373-5875
Fax: 217/373-5891
tim.bass@usdoj.gov

CERTIFICATE OF SERVICE


I hereby certify that on the 9th day of May 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Robert G. Kirchner
Kirchner Law Office
Suite 402
100 Trade Centre Drive
Champaign, IL 61820

Scott Lerner
Lerner Law Offices
Suite 608
201 W. Springfield Avenue
Champaign, IL 61824


s/Timothy A. Bass
TIMOTHY A. BASS, Bar No. MO 45344
Attorney for Plaintiff
Assistant United States Attorney
201 S. Vine Street, Suite 226
Urbana, Illinois 61802
Phone:  217/373-5875
Fax: 217/373-5891
tim.bass@usdoj.gov