**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 05-20015 |
| MARSHALL BLANCHARD, ) | |
| Defendant. ) | |

**DEFENDANT'S SENTENCING COMMENTARY**

NOW COMES the Defendant, MARSHALL BLANCHARD, by and through his attorneys, ROBERT G. KIRCHNER LAW OFFICE and SCOTT A. LERNER, and hereby respectfully submits his Sentencing Commentary. The Defendant states as follows:

1. That a Revised Presentence Report & Addendum dated April 11, 2007, has been prepared and submitted to the Defendant.

**Drug Quantity**

2. Defendant agrees that USSG §1B1.2(a)(1)(A) provides that a Defendant is accountable for "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant[.]"

3. Defendant objects to the Government's characterization of Defendant's objection as "nothing more than a bare denial." As more fully reflected in the Revised Presentence Report & Addendum at page 19, the Defendant's objection is supported by the evidence produced at trial and the jury's findings. First, the jury made no findings regarding quantities for which the Defendant was accountable. Second, the

evidence does not support a finding that the Defendant should be held accountable for the 24.88 grams of pseudoephedrine. The Government failed to provide any testimony that the Defendant had any involvement with the blister packs/empty boxes of pseudoephedrine. Quite the opposite, testimony was provided by Will Davis in which he stated that he had no knowledge as to when any "manufacturing" had occurred in that residence. Without evidence which can directly connect the Defendant with manufacturing meth or dates/times on which such acts are alleged to have occurred, the Defendant cannot be accountable for the 24.88 grams of pseudoephedrine in Paxton. With regards to the remaining 73.7 grams, Defendant continues to dispute the sufficiency of the evidence in part based on testimony provided by Jason Clift - that there was no active lab in Roberts.[1]

**Firearm Enhancement**

4. Defendant agrees that USSG § 2D1.1(b)(1) provides for a two-level enhancement if the defendant possessed a firearm unless the defendant establishes that "it clearly improbable that the weapon was connected with the offense."

5. The Government mistakenly states that the Defendant makes no attempt to establish that the firearm was not connected with the offense. As more fully reflected in the Revised Presentence Report & Addendum at page 21. The Defendant does not purport to setforth a bare denial, but shows that the evidence is clear and supports the fact that the firearms found could not be and were not connected to the offense at issue herein. The firearms located on the porch were hunting guns that were

---

[1] Testimony at 291-292.

inherited by the Defendant several years prior, many of which were possessed in the 1970s. Marshall Blanchard Jr. testified that he had never observed the handgun in the Defendant's possession.[2] Lori Blanchard could not identify the handgun.[3] Cynthia Blanding testified that the Defendant had shown her **a** pistol[4], but did not identify the handgun to which Brent Laird testified. Thus, the Government's statement that the evidence at trial established that the Defendant possessed a .32 caliber handgun is not supported by the evidence at trial because it failed to connect any of the firearms at issue to the offenses that the Defendant was charged with. This is more fully supported by the Revised Presentence Report & Addendum at page 21, that the handgun was found upstairs where Cynthia Blanding was sleeping. The Revised Presentence Report & Addendum further found that no connection was made between the handgun and the Defendant or his family (at page 21).

**Substantial Risk of Harm Enhancement**

6. Defendant agrees that USSG § 2D1.1(b)(8)(B) provides for a three-level enhancement if the offense "(I) involved the manufacture . . . of methamphetamine; and created a substantial risk of harm to (I) human life . . . or (II) the environment[.]"

7. As more fully reflected and supported by the Revised Presentence Report & Addendum at page 23, the Defendant's daughter did not become ill after entering the home. The Revised Presentence Report & Addendum notes this inaccuracy and goes

---

[2] Testimony at 136.

[3] Testimony at 246-249.

[4] Testimony at 455; 513.

on to state that the daughter was diagnosed with epilepsy at a time when she was living with her mother and had not been in this home for months and that the information provided by the Defendant's ex-wife was simply untrue. Further, the <u>Revised Presentence Report & Addendum</u> at page 24 notes that no one provided testimony that substantiated a strange chemical odor wafting throughout the Roberts residence. In *United States v. Pinnow*, 469 F.3d 1153 (8th Cir. 2006), the defendant was described as making a hurried departure from a hotel with dangerous chemicals (sulfuric acid, acetone, and starter fluid (which the court noted released ether)); he was in possession of enough pseudoephedrine to make 50 grams of pure methamphetamine. The *Pinnow* court found it to be of great importance that the defendant was carrying on his actions in an urban area. In the matter before this court, the defendant is alleged to have been in possession of some blister packs and empty boxes. The remaining factors noted in *Pinnow* are missing. The comments at pages 151-152 of the guideline manual provide factors to be considered by this court. Location alone is insufficient to support a three-level upward adjustment.

**<u>Obstruction of Justice Enhancement</u>**

8. Defendant agrees that USSG § 3C1.1 provides for a two-level enhancement for obstruction of justice if "(A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing or the instance offense of conviction, and (B) the obstructive conduct related to (I) the defendant's offense of conviction and any relevant conduct[.]"

9.       The Government purports to characterize the Defendant as having unlawfully influenced his son to provide false testimony despite having failed to provide any evidence that the Defendant can be held accountable for his son providing false testimony at different times during these proceedings. [5] The Government fails to establish a required connection that goes to the issue in this adjustment, the Defendant's role.

**Lack of Minor Role Reduction**

10.     As the <u>Revised Presentence Report & Addendum</u> notes at page 26, the Defendant was the only person convicted in this matter despite the Government's assertion that the Defendant was involved with Cynthia Blanding in the manufacture of methamphetamine. The Government acknowledges that Cynthia Blanding was involved but has yet to bring charges against her, letting the Defendant bear the entire consequences for Ms. Blanding's actions. The Defendant's conviction rests on primarily some blister packs and empty boxes. The Defendant has not been afforded an opportunity to establish a minor role when the Government refuses thus far to find Cynthia Blanding accountable for her actions and contributions to the matters charged herein.

                                      MARSHALL BLANCHARD, Defendant,
                                      By: **s/ Robert G. Kirchner**
                                          ROBERT G. KIRCHNER LAW OFFICE

                                      By: **s/ Scott A. Lerner**
                                          SCOTT A. LERNER, one of his attorneys.

---

[5] Testimony at 131.

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 23th day of April, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Timothy A. Bass**  tim.bass@usdoj.gov; staci.klayer@usdoj.gov

**Tiffani D. Johnson**  TDJECF@aol.com; Mary_Kedzior@fd.org; Diana_L_King@fd.org; Dianaking300@aol.com

 

**s/ Robert Kirchner**
Robert Kirchner Bar Number: 6182070
Attorney for Plaintiff
100 Trade Centre Drive, Suite 402
Champaign, IL 61820
Phone: 217-355-5660
Fax: 217-355-5675
E-mail: rgk-kirchnerlaw@sbcglobal.net